IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BELLWOOD CORP., et al.,

               Plaintiffs,

                                              Civil Action No. 5:21-cv-00320

v.                                     Honorable Frank W. Volk, Judge

CARTER BANK & TRUST, et al.,

               Defendants.

### DEFENDANTS' MOTION FOR BIFURCATED RULE 12 BRIEFING

As evidenced by the Stipulation dated June 17, 2021, ECF No. 39, and pursuant to Local Rule 12.1, undersigned counsel for the Defendants have agreed to accept service of the Complaint for all Defendants. ECF No. 39. Further, all parties have agreed to a common responsive-pleadings deadline of July 16, 2021, for all Defendants. *Id.*

The Defendants intend to move to dismiss this case on both procedural and substantive grounds. First, as for the procedural grounds, the Defendants intend to move to dismiss all claims for lack of venue under Rule 12(b)(3), or in the alternative, transfer venue to the United States District Court for the Western District of Virginia. As will be described in Defendants' forthcoming motion, the Plaintiffs have signed dozens and dozens of notes, guaranties, loan agreements, releases and other contracts over a multi-year period with forum-selection clauses. These clauses require that any and all claims between the parties be litigated in the Western District of Virginia, where both Carter Bank & Trust, most of the individual defendants and a number of the Justice Entities are based. Further, the individual Defendants are not subject to personal jurisdiction in West Virginia. These Defendants also intend to move to dismiss under Rule 12(b)(2). Second, the Defendants have a number of weighty and substantive Rule 12(b)(6) arguments, attacking the substance—or lack thereof—of the Plaintiffs' claims.

The Defendants respectfully submit that the procedural issues are threshold questions that should be answered before addressing the substantive issues in Plaintiffs' Complaint. Those issues should only be passed on by a court with proper jurisdiction and venue. Also, if those procedural questions are answered in Defendants' favor, that would obviate the need to raise the substantive issues here. Rather, those could be appropriately decided by the Court wherein there is valid jurisdiction and venue. Accordingly, the Defendants propose for the sake of economy of the parties and efficiency of the Court that the Court issue a bifurcated briefing order, setting the due date for Defendants' forthcoming Rule 12(b)(2) & (3) motions regarding venue and jurisdiction on July 16, 2021—the previously agreed-to responsive pleading deadline. Defendants also ask that its obligation to file Rule 12(b)(6) motions regarding the substance of Plaintiffs' claims be stayed until the Court's resolution of the procedural issues regarding jurisdiction and venue. Courts across the country have used this same method of bifurcated briefing when presented with both procedural and substantive Rule 12 grounds.[1] Defendants respectfully submit that this case would benefit from this same briefing schedule.

In a good-faith attempt to reach agreement and a joint submission on this issue, undersigned counsel spoke with Plaintiffs' counsel. Plaintiffs' counsel initially indicated they had no objection to proceeding in such a bifurcated fashion, but requested that their response time to the procedural

---

[1] *See, e.g.*, *Zapien v. Wash. Mut., Inc.*, No. 07cv385, 2008 U.S. Dist. LEXIS 67137, at *6–7 (S.D. Cal. June 17, 2008) ("[T]he Court issued an order setting forth a bifurcated motion to dismiss briefing schedule, whereby a first motion to dismiss would address 'procedural threshold issues including standing, the statute of limitations, and the class definition.' The second phase would include briefing on the substantive sufficiency of the [complaint], if needed." (cleaned up)); *Pilchman v. NLRB*, 14-cv-7083, 2017 U.S. Dist. LEXIS 67524, at *6 (E.D.N.Y. May 2, 2017) ("[T]he Court bifurcated briefing and ordered the first-stage motions to address only the issue of subject matter jurisdiction."); *Weintraub v. Empress Travel Trevose*, 17 Civ. 00552, 2018 U.S. Dist. LEXIS 239429, at *2 (S.D.N.Y. Mar. 6, 2018) ("[T]his Court granted Defendants' request to file bifurcated motions to dismiss, and set a briefing schedule for Defendants' motion to dismiss for lack of personal jurisdiction."); *In re F5 Networks, Inc.*, 2007 U.S. Dist. LEXIS 57464, at *6 (W.D. Wash. Aug. 6, 2007) ("[T]he Court set a bifurcated briefing schedule for motions to dismiss, requiring submission of motions to dismiss based on [a procedural issue] prior to the filing of other Fed. R. Civ. P. 12 dismissal motions.").

motion to dismiss be 45 days. The undersigned was hesitant to submit such a long briefing schedule to the Court, especially considering that the usual motion response time is only 14 days. *See* L.R. Civ. P. 7.1(a)(7). (Further, such a lengthy delay is less than appealing to the Defendants, as well, given the Plaintiffs' significant outstanding debts challenged in this litigation.) Without agreement regarding a response time of 45 days, Plaintiffs' counsel now indicate that they would instead oppose bifurcation altogether and would not join in a motion to that effect.

Accordingly, the Defendants now move for bifurcation in their own right. They respectfully request that the Court set a briefing schedule whereby any Rule 12(b)(2) and (3) motions be made by July 16, 2021, with response and reply due as the Court may determine from there respectively. Further, the Defendants respectfully request that its obligation to make any Rule 12(b)(6) motions and associated briefing be stayed until after the Court's resolution of the first stage of motions—that is, if this Court in fact has valid jurisdiction and venue. Given the impending deadlines, the Defendants respectfully request expedited consideration of this request. As always, the undersigned counsel is available for a status conference regarding this matter, if the Court would find such helpful.

Respectfully submitted,

**CARTER BANK & TRUST, et al.,**

By counsel,

/s/ R. Booth Goodwin II
R. Booth Goodwin II (W. Va. Bar No. 7165)
Carrie Goodwin Fenwick (W. Va. Bar No. 7164)
GOODWIN & GOODWIN LLP
300 Summers Street, Suite 1500
Charleston, West Virginia 24328
T: (304) 356-7000
F: (304) 344-9692
rbg@goodwingoodwin.com
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BELLWOOD CORP., et al.,

        Plaintiffs,

                                Civil Action No. 5:21-cv-00320

v.                                Honorable Frank W. Volk, Judge

CARTER BANK & TRUST, et al.,

        Defendants.

## <u>CERTIFICATE OF SERVICE</u>

    I, R. Booth Goodwin II, hereby certify that I served a true and correct copy of the foregoing **Defendants' Motion for Bifurcated Rule 12 Briefing** upon the following counsel of record on June 17, 2021, via the Court's CM/ECF system.

| | |
|---|---|
| Steven R. Ruby | H. Rodgin Cohen |
| David R. Pogue | James L. Bromley |
| Carey, Douglas, Kessler, & Ruby, PLLC | Benjamin S. Beller |
| 707 Virginia Street, East | Sullivan & Cromwell, LLP |
| 901 Chase Tower | 125 Broad Street |
| Charleston, WV 25301 | New York, NY 10004 |
| sruby@cdkrlaw.com | cohenhr@sullcrom.com |
| dpogue@cdkrlaw.com | bromleyj@sullcrom.com |
| *Counsel for Plaintiffs* | bellerb@sullcrom.com |
| | *Counsel for Plaintiffs* |

Christopher Schroeck
Bluestone Resources, Inc.
302 S. Jefferson Street
Roanoke, VA 24011
chris.schroek@bluestone-coal.com
*Counsel for Plaintiffs*

                      /s/ R. Booth Goodwin II
                      R. Booth Goodwin II (W. Va. Bar No. 7165)