# EXHIBIT 1.C

## FORBEARANCE AGREEMENT

This Forbearance Agreement (this "Agreement"), dated as of November 22, 2017 (the "Execution Date"), by and among each of the undersigned persons or entities (individually and collectively, the "Justice Entities") and Carter Bank & Trust ("Lender") recites and provides as follows:

## RECITALS

A.     Each of the Justice Entities has heretofore executed and/or delivered to Lender loan agreements, promissory notes, security agreements, pledge agreements, negative pledge agreements, deeds of trust, assignments, guaranties and/or other documents, instruments and/or agreements (collectively, the "Loan Documents") that evidence, guarantee, secure or otherwise were executed and/or delivered in connection with loans, financial accommodations and/or other extensions of credit by Lender to one or more of the Justice Entities (collectively, the "Loans").

B.     Certain of the Justice Entities, namely Bluestone Energy Sales Corporation (Loan No. ▉▉▉▉72-81), A & G Coal Corporation (Loan No. ▉0940), Alabama Carbon, LLC (▉0941), Bellwood Corporation (Loan No. ▉1234), Justice Low Seam Mining, Inc. (Loan Nos. ▉-78 and ▉▉), Kentucky Fuel Corporation (Loan No. ▉2083), Virginia Fuel Corporation (Loan Nos. ▉2082 and ▉2291), James C. Justice Companies, Inc. (Loan No. ▉▉▉7244), Justice Farms of North Carolina, LLC (Loan No. ▉▉▉▉▉49-73), Justice Coal of Alabama, LLC (Loan No.▉▉▉▉22-76), James C. Justice, II (as guarantor), Cathy L. Justice (as guarantor), James C. Justice, III (Loan No. ▉▉▉▉82-83 and as guarantor) are in default with respect to the above-described loans issued to each of them by Lender (collectively, the "Defaulted Loans").

C.     Because the Defaulted Loans are in default, Lender has the immediate right to exercise any and all of its rights and remedies against the Justice Entities and the collateral relating to the Defaulted Loans under the applicable Loan Documents, at law, in equity or otherwise. The Justice Entities that are not direct or indirect obligors with respect to the Defaulted Loans hereby acknowledge and agree that they have received good and valuable consideration deemed valuable at law as a direct result of the benefits that each will derive from this Agreement. The Justice Entities have requested that Lender forbear from exercising such rights and remedies as set forth below. Subject to the terms and conditions of this Agreement, Lender has agreed to such requests.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and in the other documents contemplated hereby, the receipt and sufficiency of which consideration is hereby mutually acknowledged, the parties hereto hereby agree as follows:

## AGREEMENTS

1.     Recitals. The foregoing recitals are confirmed by the parties as true and correct and are incorporated by this reference. The recitals are a substantive, contractual part of this Agreement.

1

2.     <u>Conditions Precedent; Settlement</u>.

(a)     <u>Conditions Precedent</u>.  Lender's obligations under this Agreement are subject to satisfaction of the following conditions:

(i)     Lender's receipt of an original of this Agreement, executed by or on behalf of the Justice Entities, with the notarial acknowledgements properly completed;

(ii)     The Justice Entities shall have paid Lender $1,090.456.75 representing interest payments due for the Defaulted Loans (except Bluestone Energy Sales Corporation (Loan No. ███████72-81) through September 30, 2017 and Bluestone Energy Sales Corporation (Loan No. ███████72-81) through October 31, 2017 (the "Initial Payment").

(b)     <u>Settlement</u>.     Settlement of the transactions contemplated by this Agreement ("Settlement") shall occur at the offices of Lender on or before Noon (local time) on or before the Execution Date.

3.     <u>Forbearance Period</u>.

(a)     <u>Forbearance Period</u>.  Subject to the conditions set forth herein and unless earlier terminated pursuant to Section 13 hereof, Lender agrees that it will forbear from exercising any of its rights or remedies, legal or equitable, against the Justice Entities pursuant to the Defaulted Loans from the Execution Date until 5:00 p.m. (local time) on December 31, 2017 (the "Forbearance Termination Date").  The period from the Execution Date to the Forbearance Termination Date shall be referred to as the "Forbearance Period."

(b)     <u>Accrual of Interest on the Defaulted Loans</u>.  Each of the Justice Entities agrees that interest shall continue to accrue at the prevailing contractual rate on the outstanding principal balance of the Defaulted Loans during the Forbearance Period.

(c)     <u>Payments on the Non-Defaulted Loans.</u>     Each of the Justice Entities shall make all regularly scheduled payments as and when due on all Loans that are not Defaulted Loans.

4.     <u>Deliveries at Settlement</u>.  At Settlement, the Justice Entities shall deliver to Lender or execute and deliver to Lender, as may be applicable, the following:

(a)     <u>Initial Payment</u>.  The Initial Payment.

(b)     <u>Financial Information</u>.  Such financial statements of the Justice Entities that have been prepared in accordance with generally accepted accounting principles applied on

a consistent basis, certified as true and correct by the Justice Entities as Lender may reasonably require, together with true and complete copies of the Justice Entities' 2016 Federal tax returns (and all statements and schedules filed therewith). In particular, the financial reports for all coal and farm companies through September 30, 2017 must be delivered prior to Settlement.

5.   **Covenants Relating to the Collateral.**  The Justice Entities agrees as follows:

    (a)   **Appraisals; Property Inspections.**

        (i)   **Appraisals.**  Each of the Justice Entities hereby acknowledges and agrees that Lender may obtain an appraisal or analysis of the collateral securing various loans to the Justice Entities ("Collateral") at such time or times that Lender deems such appraisal or analysis is necessary in its discretion, and the Justice Entities shall be obligated to reimburse Lender for the costs thereof upon demand.  The Justice Entities agree to provide access to the Collateral to Lender and its appraisers/analysts in connection with such appraisals and/or analyses and to cooperate fully, and cause their respective officers, employees and agents to cooperate fully, with all reasonable requests made by Lender or such appraisers/analysts in connection therewith.

        (i)   **Collateral Inspections.**  The Justice Entities hereby acknowledge and agree that Lender may obtain inspection reports with respect to the Collateral at such time or times that Lender deems such reports necessary in its discretion, and the Justice Entities shall be obligated to reimburse Lender for the costs thereof upon demand.  The Justice Entities agree to provide access to the Collateral to Lender and its inspectors in connection with such reports and to cooperate fully, and cause their respective officers, employees and agents to cooperate fully, with reasonable requests made by Lender or such inspectors in connection therewith.

6.   **Financial Statements and Information.**  Until the Loans indefeasibly paid in full (i) the Justice Entities shall provide Lender within 30 days after Lender's written request therefor current operating financial statements in form and substance acceptable to Lender, together with an executed copy of each of the Justice Entities' most recent filed federal tax return with all schedules and attachments thereto and worksheets with respect thereto, certified in writing by the Justice Entities to be true, correct and complete, and (ii) the Justice Entities shall provide Lender from time to time with such other and further financial information as reasonably required by Lender as soon as it is available, but, in no event, later than 30 days after such request by Lender, specifically including but not limited to status reports regarding any pending litigation.

7.   **Representations, Warranties, Acknowledgments, and Agreements.**  The Justice Entities hereby represent, warrant (which representations and warranties shall survive the execution and delivery of this Agreement), acknowledge, and agree, as may be applicable, as follows:

    (a)   **Status of Justice Entities.**  Each of the Justice Entities (other than each Justice Entity who is a natural person) is a limited liability company or a corporation duly organized, validly existing, and in good standing under the laws of the state in which it is

3

organized, and is qualified to transact business in each other state that, because of the nature of its business, it is required to be qualified to transact business. Each of the Justice Entities has taken all necessary action to authorize, execute, deliver and perform this Agreement and all other agreements between it and Lender.

(b)     Valid and Binding Obligations. This Agreement, the Loan Documents, as amended hereby, and any other documents executed in connection herewith or therewith, when executed and delivered, will constitute the legal, valid, and binding obligations of the Justice Entities, enforceable in accordance with their respective terms.

(c)     Renewal; Lien Continuation; No Novation; Reaffirmation. Each of the Justice Entities hereby expressly affirms, renews and reaffirms the Loan Documents to the extent it is a party thereto, and, except as expressly modified by this Agreement, each promises to pay and perform its respective obligations under each of the Loans and Loan Documents to the extent it is a party thereto. Nothing herein shall in any manner diminish, impair or extinguish any of the Loans or Loan Documents or the liens and security interests created pursuant to any of the foregoing. The liens and security interests of the Loan Documents are not waived or modified in any respect. The execution and delivery of this Agreement shall not constitute a novation of the debt evidenced by any of the Loan Documents. Without limiting the generality of the foregoing, each of the Justice Entities hereby acknowledges and agrees that, except as expressly modified by this Agreement, (i) the execution and delivery of this Agreement does not and shall not in any respect affect or impair any of its obligations, covenants or agreements under any of the Loan Documents and (ii) it hereby expressly affirms, confirms and reaffirms all of its obligations under the Loan Documents to the extent it is a party thereto.

(d)     Continuing Obligations. The Justice Entities hereby acknowledge and agree that Lender has no obligation to make any loans or advances to or for the benefit of any of the Justice Entities under any of the Loan Documents or this Agreement. Each of the Justice Entities hereby acknowledges and agrees that Lender has the present right to exercise any and all rights and remedies available to it under the Loan Documents, at law, in equity or otherwise, and all other rights and remedies available to Lender, all of which rights and remedies Lender hereby expressly reserves. Each of the Justice Entities hereby acknowledges and agrees that interest, late charges, attorneys' fees and costs, and all other costs and expenses described in the Loan Documents continue to accrue, and each of the Justice Entities hereby agrees, jointly and severally, to pay all such interest, late charges, attorneys' fees and costs, and all other costs and expenses in accordance with the Loan Documents, as modified by this Agreement.

(e)     No Waiver. The execution, delivery and performance of this Agreement by Lender and the acceptance by Lender of the performance of each of the Justice Entities hereunder (a) shall not constitute a waiver or release by Lender of any default or event of default that may now or hereafter exist under any of the Loan Documents and (b) except as expressly provided in Section 2 hereof, shall be without prejudice to, and is not a waiver or release of, Lender's rights at any time in the future to exercise any and all rights conferred upon Lender by the Loan Documents, at law, in equity or otherwise, including without limitation the right to institute foreclosure proceedings or to institute collection proceedings against any or all of the Justice Entities. Each of the Justice Entities hereby expressly waives any and all claims or rights

4

now or hereafter arising from or related to any delay by Lender in exercising any rights or remedies under the Loan Documents.

(f) <u>Good and Marketable Title</u>. Each of the Justice Entities has good and marketable title to all of its assets, including, but not limited to, the Collateral, in fee simple, subject to no mortgage, indenture, pledge, lien, conditional sale contract, security interest, encumbrance, claim, trust, or charge except as has been disclosed to Lender in writing.

(g) <u>No Consent or Filing</u>. No consent, license, approval, or authorization of, or registration, declaration, or filing with any court, governmental authority, or other person, entity or agency is required in connection with the valid execution, delivery, or performance of this Agreement or the other documents required by this Agreement or in connection with any of the transactions contemplated thereby.

(h) <u>No Violations</u>. The execution, delivery, and performance by each of the Justice Entities of its obligations hereunder and under the documents required hereby and the performance by each of the Justice Entities of its respective obligations under the other Loan Documents will not violate or cause a default under any mortgage, deed of trust, borrowing agreement, or any other instrument or agreement to which such Justice Entity is a party. None of the Justice Entities is in violation of any term of any indenture, instrument, or agreement to which it is a party or by which it or any of its properties may be bound, resulting, or which might reasonably be expected to result, in a material and adverse effect upon any of the property that comprises the Collateral or any of the Justice Entities' businesses or assets. The Justice Entities are not in violation of any order, writ, judgment, injunction or decree of any court of competent jurisdiction, any governmental authority or any arbitrator. The execution and delivery of this Agreement and the documents required in connection herewith and the performance of all of the same are and will be in compliance with the foregoing and will not result in any violation or result in the creation of any mortgage, deed of trust, lien, security interest, charge, or encumbrance upon any properties or assets of any of the Justice Entities except in favor of Lender unless otherwise required or permitted under the terms of the Loan Documents. There exists no fact or circumstance not disclosed in this Agreement or in the documents executed, delivered or otherwise furnished by any of Justice Entities in connection herewith which materially adversely affects or in the future may materially adversely affect the condition, businesses, or operations of any of the Justice Entities.

(i) <u>Accuracy and Completeness of Information</u>. All information, documents, reports, statements, financial statements, and data heretofore submitted by or on behalf of the Justice Entities are true, accurate and complete, and none contains any material misstatement of fact or omits to state any fact necessary to make the statement contained therein not misleading. All financial statements (including any notes or schedules which are a part of or pertain to the financial statements) submitted by the Justice Entities accurately reflect (i) the financial condition of the Justice Entities as of the dates thereof and for the periods referred to therein, and (ii) the results of the business operations of any of the Justice Entities for the periods covered thereby. All material information in the Justice Entities' possession which might bear on Lender's decision to enter into this Agreement has been supplied by or on behalf of Justice Entities prior to Settlement, and none of the Justice Entities has failed to disclose to Lender in

writing any facts or information that could reasonably be expected to result in a material adverse effect with respect to such Justice Entity. During the term of this Agreement, each of the Justice Entities agrees promptly to advise Lender in writing of (i) any and all new information, facts, or occurrences which would in any way supplement, contradict, or affect any financial statements or other information furnished to Lender, (ii) the occurrence of any default or event of default, or the occurrence of any event that with the giving of notice or the lapse of time, or both, would constitute a default or an event of default under this Agreement or any of the Loan Documents, or (iii) the occurrence of any event that would have a material adverse effect upon (A) the business, assets, properties, liabilities, condition (financial or otherwise), results of operations or business prospects of any of the Justice Entities, (B) the ability of any of the Justice Entities to perform any obligation under this Agreement or any of the Loan Documents, (C) the legality, validity, binding effect or enforceability of this Agreement or any of the Loan Documents, or (D) the ability of Lender to enforce any of its rights or remedies under or in connection with this Agreement or any of the Loan Documents.

(j)     No Cause of Default.  The Justice Entities' entering into this Agreement (or the documents required hereby) will not immediately, or with the passage of time, the giving of notice, or both, cause the Justice Entities to violate or be in default under any agreements or obligations.

(k)     No Violations of Law.  None of the Justice Entities is in violation of any applicable federal, state, or local law, rule, statute, regulation, or ordinance, nor will the execution and delivery of this Agreement (or any of the documents required hereby) by any of the Justice Entities cause any of the Justice Entities to be in such violation.

(l)     No Litigation.   There are no actions, suits, arbitrations or other proceedings pending or, to the knowledge of the Justice Entities, threatened against any of the Justice Entities, any of their respective assets, or any property that comprises the Collateral except as set forth on the attached Litigation Exhibit.

(m)     Tax Returns.  Each of the Justice Entities has duly filed all federal, state, local and other tax returns required to be filed and has duly paid all taxes required by such returns.  The Justice Entities have not received any assessments by the Internal Revenue Service or other taxing authority for unpaid taxes.

(n)     Environmental Matters.  To the best of the Justice Entities' knowledge, none of the Justice Entities is in violation of any environmental law, rule, or regulation, including, without limitation, any laws affecting wetlands, the Environmental Protection Act, the Chesapeake Bay Preservation Act, the Occupational Safety and Health Act, the Comprehensive Environmental Response, Compensation and Liability Act, or the Resource Conservation and Recovery Act.

(o)     Regarding the Collateral.   None of the Justice Entities has any knowledge of any material latent defect with respect to any of the Collateral that has not been disclosed to Lender in writing.

(p)      **Bankruptcy**.  The Justice Entities, recognizing that Lender has changed its position in reliance on the representations, acknowledgments, agreements, and warranties of Justice Entities set forth herein and in the documents required hereby, and they further agree that: (i) upon the occurrence of an Event of Default hereunder, the Justice Entities will not attempt to delay, frustrate, or raise any meritless defenses to Lender's exercising its rights and remedies against any of the Justice Entities and/or the Collateral under applicable documents, applicable law or otherwise; (ii) if there is filed by or against any of the Justice Entities within 24 months after the Execution Date a petition under the United States Bankruptcy Code, the Justice Entities irrevocably and absolutely admit and agree that Lender is entitled to the automatic, immediate and absolute lifting of any stay as to the enforcement of Lender's rights or remedies against the Collateral under applicable documents and applicable law, including, but not limited to, the stay imposed by 11 U.S.C. § 362, as may be amended from time to time (collectively, the "Stay"). The Justice Entities hereby absolutely and irrevocably consent to the immediate lifting of the Stay and will not contest, and will affirmative consent and cause its counsel to affirmatively consent, to any motion or other proceeding filed by Lender to lift the Stay.  Nothing in this Agreement shall be deemed in any way to restrict or limit Lender's right to seek in the United States Bankruptcy Court or any other court of competent jurisdiction any relief Lender may deem appropriate in the event that a voluntary or involuntary petition is filed by or against any of the Justice Entities under applicable provisions of the United States Bankruptcy Code.  The representations, acknowledgments, agreements, and warranties set forth in this Agreement have been made by the Justice Entities as a material inducement to Lender to enter into this Agreement.     Lender has reasonably relied upon the representations, acknowledgments, agreements, and warranties set forth in this Agreement, has changed and will continue to change its position in reliance thereon, and would not have entered into this Agreement without such representations, acknowledgments, agreements, and warranties.  Each of the Justice Entities hereby acknowledges and agrees that this Agreement is not being made or entered into with the intent to hinder, delay or defraud any entity or person.

(q)      **Further Assurances**.  Each of the Justice Entities hereby agrees to execute and deliver, from time to time, to Lender promptly upon request from Lender and at the sole expense of each of the Justice Entities, such additional certificates, papers, documents, instruments, opinions and agreements as may be necessary or appropriate, as determined in Lender's sole opinion, to consummate the transactions herein contemplated, to perform such acts as Lender may request to effect the purposes of this Agreement, and to secure to Lender the benefits of all rights and remedies conferred upon Lender by the terms of this Agreement and the Loan Documents.

8.      **No Novation**.  It is the express intention of all parties to this Agreement that nothing contained herein shall be construed to constitute a novation with respect to any of the Loans or Loan Documents.

9.      **Negotiations; Only Written Agreements.**  The Justice Entities acknowledge that they are about to commence negotiations with Lender concerning the payment and collateralization of the Defaulted Loans, and discuss payment options that the parties believe to be mutually beneficial.  A purpose of this Agreement is to clarify the nature and terms of such negotiations.  Except as expressly set forth herein, as of the Execution Date, Lender has not

7

agreed to modify any of the Obligations or to forbear from exercising any of its rights or remedies relating thereto and Borrowers acknowledge that. The discussions and negotiations among the parties may be time-consuming and complex. This Agreement will confirm that while there may be many matters that the parties hope to discuss, no agreement shall be enforceable unless in writing and duly authorized and executed by all parties. Lender's forbearance shall be governed solely by the terms of this Agreement. To avoid confusion or misunderstanding, the parties agree that this Agreement and the Loan Documents may be amended only in writing.

10.     <u>Applicable Law, Jurisdiction and Venue</u>.    The Loan Documents shall be construed in accordance with and governed by the laws of the Commonwealth of Virginia and shall bind the Justice Entities and Lender. Each of the Justice Entities hereby irrevocably agree that any legal action or proceeding arising out of or relating to this Agreement or any of the Loans or Loan Documents shall be instituted exclusively in either the Circuit Court of the City of Martinsville, Virginia or the United States District Court for the Western District of Virginia, assuming such latter court has jurisdiction. Each of the Justice Entities hereby consents to the jurisdiction of such courts and waives any objection relating to the basis for personal or in rem jurisdiction or to venue which the Justice Entities may now or hereafter have in any such legal action or proceedings.

11.     <u>WAIVER OF JURY TRIAL</u>.    UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, EACH OF THE JUSTICE ENTITIES HEREBY WAIVES THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING UNDER OR OUT OF THIS AGREEMENT, THE LOANS, THE LOAN DOCUMENTS OR OUT OF THE CONDUCT OF THE RELATIONSHIP AMONG THE JUSTICE ENTITIES, OR ANY OF THEM AND LENDER. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER TO ENTER INTO THIS AGREEMENT. FURTHER, EACH OF THE JUSTICE ENTITIES HEREBY CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF LENDER, NOR LENDER'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT LENDER WOULD NOT SEEK TO ENFORCE THIS WAIVER OF THE RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF LENDER OR LENDER'S COUNSEL HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

12.     <u>Joint and Several Liability</u>. Each and every obligation of any of the Justice Entities contained in this Agreement shall be the joint and several obligations of each of the Justice Entities.

13.     <u>Events of Default; Remedies</u>.

(a)     <u>Events of Default</u>. Each of the following shall constitute an Event of Default hereunder and under each of the Loan Documents: (i) the failure of any of the Justice Entities to perform or observe any monetary covenant or agreement contained herein or in any of the Loan Documents, as amended hereby; (ii) the failure of any of the Justice Entities to perform or observe any covenant or agreement contained herein or in any of the Loan Documents, as amended hereby, relating to insurance coverage on any of the property that comprises the

Collateral; (iii) the failure of any of the Justice Entities to perform or observe any covenant or agreement contained herein or in any of the other Loan Documents, as amended hereby; (iv) discovery by Lender that any representation or warranty made by any of the Justice Entities herein or in any report delivered by any of the Justice Entities to Lender was materially untrue, incorrect, misleading or is breached in any material respect; (v) if any of the Justice Entities does not permit Lender or its agents to inspect any of the property that comprises the Collateral or the business records of any of the Justice Entities, as applicable, with respect thereto during regular business hours with at least two business days' notice; (vi) any lien, claim or charge, including, without limitation, any abstract of judgment, is filed against or with respect to any of the Collateral, whether or not naming any of the Justice Entities as a defendant; (vii) Lender receives notice of any garnishment against any deposit or other account maintained by any of the Justice Entities at Lender or any other financial institution, or Lender receives notice of any tax lien or other lien in favor of any governmental authority or other creditor that has been assessed or filed against any of the Justice Entities or any of their respective properties or assets; or (viii) there is filed by or against any of the Justice Entities a petition in bankruptcy or a petition for the appointment of a receiver or trustee for any property or assets of the Justice Entities, or if any of the Justice Entities files a petition for reorganization under any of the provisions of the Federal Bankruptcy Code or of any similar federal or state law, or if any of the Justice Entities makes a general assignment for the benefit of creditors, or makes any insolvency assignment, or is adjudged insolvent by any court of competent jurisdiction, or the Justice Entities takes any action in furtherance of the foregoing.

     (b)   <u>Remedies</u>.  Upon the occurrence of any Event of Default hereunder, in addition to any other remedy provided herein or in the Loan Documents, (i) the Forbearance Period shall immediately terminate and the Defaulted Loans shall be immediately due and payable in full; (ii) Lender, at its option and without notice to any of the Justice Entities, may exercise all rights and remedies available to it hereunder and/or under all of the Loan Documents, under applicable law or otherwise against any or all of the Justice Entities and/or any Collateral, including, but not limited to, electing to instruct the trustees under the applicable deeds of trust to sell the Collateral by foreclosure, confessing judgment jointly and severally against any applicable Justice Entity and (iv) interest shall accrue on the outstanding balance of the indebtedness evidenced by the Loan Documents at the fixed annual rate of interest of eighteen percent (18%) until the indebtedness evidenced by the Loan Documents is paid in full.

     (c)   <u>Costs and Expenses</u>.  The Justice Entities shall pay or reimburse Lender for, as may be applicable, upon demand, all costs and expenses incurred by Lender in collecting the Loans, with or without litigation, or in preserving, perfecting, protecting, or disposing of any of the Collateral or the obligations evidenced by any of the Loan Documents, including, but not limited to, reasonable attorneys' fees and costs.

    14.   <u>Notices</u>.  Any notice required or permitted by or in connection with this Agreement or any of the other Loan Documents shall be in writing and shall be made by hand delivery, by Federal Express, UPS, or other similar overnight delivery service, or by certified mail, return receipt requested, postage prepaid, addressed to Lender or the Justice Entities at the appropriate address set forth below or to such other address as may be hereafter specified by written notice by Lender or the Justice Entities, and notice shall be considered given as of the

date of hand delivery, delivery to Federal Express, UPS, or other similar overnight delivery service, or two business days after the date of mailing, independent of the date of mail delivery or whether delivery is in fact made, as the case may be:

> If to Lender:
>
> Carter Bank & Trust
> Attn:  Phyllis Q. Karavatakis, President and Chief
> Banking Officer
> 1300 Kings Mountain Road
> Martinsville, VA 24112
>
> With a copy to:
>
> Jonathan L. Hauser, Esq.
> Troutman Sanders LLP
> 222 Central Park Avenue
> Suite 2000
> Virginia Beach, VA 23462

> If to Justice Entities:
>
> With a copy to:

15.  **Miscellaneous Provisions**.  The Loan Documents are hereby amended to reflect the terms of this Agreement.  Any election, determination, selection, or acceptance by Lender contemplated under this Agreement and/or any document contemplated hereby (individually, a "Modification Document" and collectively, the "Modification Documents") may be made in Lender's sole and absolute discretion.  This Agreement and all Modification Documents shall be deemed to be Loan Documents.  Any reference to the maturity of any Loan shall mean its maturity, whether its stated maturity, by acceleration or otherwise.  If any deadline in any Loan Document falls on a weekend or a holiday, the deadline shall be extended to the next business day.  All payments due under any Loan Document shall be paid to Lender in immediately available funds.  Each of the Justice Entities jointly and severally agrees to defend, indemnify, and hold Lender harmless from and against all claims, loss, liability, damage, and expense, including attorneys' fees and costs as provided herein, suffered or incurred by Lender, directly or indirectly, by reason of, or which results, arises out of or is based upon the failure of any of the Justice Entities to comply with any of the covenants made herein or in any of the Loan Documents or from a breach of any representation or warranty made herein or therein, or in connection with any of the property that comprises the Collateral or any action taken by Lender pursuant to the terms of this Agreement  or any of the Loan Documents (except actions by Lender determined by a court of competent jurisdiction to be willful or grossly negligent).  In any Modification Document, "so long as no Event of Default exists" shall mean "so long as no Event of Default exists hereunder and no event has occurred which, with the giving of notice or the lapse of time, or both, would constitute such a default."  Any amount added to the balance due on a Loan pursuant to the terms of a Modification Document or of any of the other Loan Documents shall accrue interest at the default rate set forth in such Loan Document, or, if no default rate is set forth therein, at the fixed annual rate of eighteen percent (18%), be secured by all the collateral then pledged to secure such Loan, and be due and payable in full on the earlier to occur of ten days after Lender's written demand therefor or upon the maturity of such Loan.

TIME IS OF THE ESSENCE with respect to the performance by Justice Entities of their obligations arising under the Modification Documents and under the other Loan Documents. No failure by Lender to exercise and no delay in exercising any right arising under any Modification Document or under the other Loan Documents shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right. The rights of Lender under the Modification Documents and under the other Loan Documents shall be in addition to all other rights provided by applicable law. This Agreement and the Modification Documents (unless such Modification Documents expressly state that they shall be governed by the law of another commonwealth or state) shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to the conflicts of law principles. The relationship between Lender, on the one hand, and the Justice Entities, on the other hand, is and shall at all times remain solely that of lender and borrower. In the event any payments made under the Modification Documents or under the other Loan Documents must be returned by Lender pursuant to bankruptcy or other creditors' rights laws, the amounts so returned shall again be added to the applicable Loan. THE JUSTICE ENTITIES (A) ACKNOWLEDGE THAT, PRIOR TO THE EXECUTION OF THE MODIFICATION DOCUMENTS, THEY SOUGHT AND RECEIVED THE ADVICE OF QUALIFIED COUNSEL ON THE RAMIFICATIONS AND EFFECT THEREOF (OR HAD THE OPPORTUNITY AND WAS ENCOURAGED BY LENDER TO DO SO), (B) WAIVE ALL KNOWN OR UNKNOWN DEFENSES OR RIGHTS OF SET-OFF TO PAYMENT OF THE LOANS EXISTING AS OF THE EXECUTION AND (C) HEREBY RE-ACKNOWLEDGE, RE-CONFIRM AND RE-AFFIRM THEIR AGREEMENTS AS IF MADE AS OF THE EXECUTION DATE AS SET FORTH IN THAT CERTAIN RELEASE AND REAFFIRMATION AGREEMENT DATED MAY 22, 2017, COPY OF WHICH IS ATTACHED HERETO AND INCORPORATED HEREIN AS IF FULLY SET FORTH. Paragraph headings in this Agreement are for convenience of reference only and shall in no way affect the interpretation thereof. A determination that any provision of any Modification Document or any other Loan Document is unenforceable shall not affect the enforceability of any other specific provision thereof or of the applicable Modification Document or Loan Document generally. This Agreement and the Modification Documents shall be binding upon and inure to the benefit of Lender, the Justice Entities, and their respective successors and assigns, heirs, and personal representatives, as may be applicable; provided, however, that Justice Entities may not assign any of their rights or delegate any of their duties hereunder or thereunder. The Justice Entities agree to execute and deliver, and to pay all costs, fees and other expenses associated with, such additional documents and instruments as Lender may request to implement the provisions of this Agreement, the Modification Documents and/or the other Loan Documents or to correct any errors or omissions with respect to this Agreement, the Modification Documents, any of the Loan Documents or any of the documents relating hereto or thereto. The Justice Entities hereby covenant and agree to cooperate fully with Lender in response to any reasonable request by Lender for action that furthers the purposes and intent of this Agreement and/or in connection with any title issue relating to any of the collateral pledged to secure either or both of the Loan. EACH OF THE PARTIES HERETO HAS REVISED, OR REQUESTED REVISIONS TO, THIS AGREEMENT, AND THE USUAL RULE OF CONSTRUCTION THAT ANY AMBIGUITIES ARE TO BE RESOLVED AGAINST THE DRAFTING PARTY SHALL BE INAPPLICABLE IN THE CONSTRUCTION AND INTERPRETATION OF THIS AGREEMENT. To facilitate execution, this Agreement and all

Modification Documents may be executed in counterparts as may be required. Each set of counterparts of this Agreement or any Modification Document shall collectively constitute a single agreement, as applicable. The Justice Entities covenant and agree that they will not hereafter assert that an oral modification hereto has been effectuated. In the event of a conflict between this Agreement and any of the Modification Documents or the Loan Documents, the terms of this Agreement shall control.

[Remainder of Page Intentionally Left Blank]

IN WITNESS WHEREOF, Lender and the Justice Entities have caused this Forbearance Agreement to be executed under seal by their respective duly authorized representatives as of the day and the year first written above.

LENDER:

Carter Bank & Trust

By: _____ (SEAL)
            Phyllis Q. Karvatakis
            Its President

COMMONWEALTH OF VIRGINIA
CITY OF ___HENRY_____ , to-wit:
COUNTY

The foregoing Forbearance Agreement was executed and acknowledged before me this
_1__ day of November 2017, by Phyllis Q. Karavatakis, in her capacity as President of Carter
Bank & Trust, who ___X___ is personally known to me or _____ has produced
_____ as identification.

_____
Notary Public
My commission expires: __May 31, 2019__
Notary Registration No.: __206191__

Janet S. Harrell
Notary Public
Commonwealth of Virginia
Reg # 206191
My Commission Expires _May 31, 2019_

**JUSTICE ENTITIES:**

**Greenbrier Hotel Corporation**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                              ) ss.
City/County of _Greenbrier_ )

I, _Kelley K. Henthorn_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Hotel Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29_ day of November 2017.

_____
Notary Public

My Commission expires: _10-29-22_
Notary Registration Number: _____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

14

Justice Family Group, LLC

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_)
                        ) ss.
City/County of _Greenbrier_)

I, _Kelley K. Henthorn_ a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Justice Family Group, LLC, a Delaware limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29_ day of November 2017.

_____
Notary Public

My Commission expires: _10-29-22_
Notary Registration Number:_____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

Players Club, LLC

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_)
                        ) ss.
City/County of _Greenbrier_)

I, _Kelley K. Henthorn_ a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Players Club, LLC, a Delaware limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29_ day of November 2017.

_____
Notary Public

My Commission expires: _10-29-22_
Notary Registration Number:_____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

15

**Greenbrier Golf and Tennis Club Corporation**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                              ) ss.
City/County of _Greenbrier_ )

I, _Kelley K. Henthorn_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Golf and Tennis Club Corporation, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29_ day of November 2017.

_____
Notary Public

My Commission expires: _10-29-22_
Notary Registration Number: _____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

**Greenbrier Medical Institute, LLC**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                              ) ss.
City/County of _Greenbrier_ )

I, _Kelley K. Henthorn_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Medical Institute, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29_ day of November 2017.

_____
Notary Public

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

16

My Commission expires: _10 - 29 - 22_
Notary Registration Number:_____

**Oakhurst Club, LLC**

By: _Jillean Justice_ (SEAL)
Name: Jillean L. Justice
Title: Member

State of _WEST VIRGINIA_ )
                                    ) ss.
City/County of _GREENBRIER_ )

I, _Kelley K. Henthorn_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is a Member of Oakhurst Club, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29_ day of November 2017.

_Kelley K Henthorn_
Notary Public

My Commission expires: _10 - 29 - 22_
Notary Registration Number:_____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

17

The Greenbrier Sporting Club, Inc.

By: _____ (SEAL)

Name: _____

Title: _____

State of _West VA_ )
                                          ) ss.
City/County of _Greenbrier_ )

I, _Connie G Vance_, a Notary Public of the City/County and State aforesaid, certify that _James T Miller_ who is _Treasurer_ of The Greenbrier Sporting Club, Inc. a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _30th_ day of November 2017.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 18, 2023

18

The Greenbrier Sporting Club Development
Company, Inc.

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _We_st_ _vi_R_g_i_n_i_A_ )
                              ) ss.
City/County of _G_R_e_e_n_b_R_i_e_R_ )

I, _K_e_ll_e_y_ _K_._ _H_e_n_t_h_o_r_n_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Greenbrier Sporting Club Development Company, Inc., a Delaware limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _2_9_ day of November 2017.

_____
Notary Public

My Commission expires: _1_0_ _-_ _2_9_ _-_ _2_2_
Notary Registration Number: _____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

19

Southern Coal Corporation

By _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                            ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Southern Coal Corporation, a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

A&G Coal Corporation

By _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                            ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of A&G Coal Corporation, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

20

Bardo Mining, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title:  President

State of _____Virginia_____ )
                                          ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bardo Mining, LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY
PUBLIC
REG. #7560729
MY COMMISSION
EXPIRES
5/31/2021
COMMONWEALTH OF VIRGINIA

21

Liggett Mining, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of ___Virginia___ )
                        ) ss.
City/County of ___Roanoke___ )

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Liggett Mining, LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _30th_ day of November 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY
PUBLIC
★ REG. #7560729 ★
MY COMMISSION
EXPIRES
5/31/20 21
COMMONWEALTH OF VIRGINIA

22

**Sequoia Energy, LLC**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of ___Virginia___ )
                        ) ss.
City/County of ___Roanoke___ )

I, ___Leslie Ann Wells___ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Sequoia Energy, LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

23

Infinity Energy, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of ___Virginia___ )
                        ) ss.
City/County of ___Roanoke___ )

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Infinity Energy, LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

24

Cane-Patch Mining Company, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
City/County of __Roanoke__ ) ss.

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Cane-Patch Mining Company, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

LESLIE ANN WELLS
NOTARY PUBLIC
REG. #7560729
MY COMMISSION EXPIRES 5/31/2021
COMMONWEALTH OF VIRGINIA

25

Meg-Lynn Land Company, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title:  President

State of _____Virginia_____ )
                             ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Meg-Lynn Land Company, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

26

Premium Coal Company, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of ___Virginia___ )
                                    ) ss.
City/County of ___Roanoke___ )

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Premium Coal Company, Inc., a Tennessee corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__

27

Baden Reclamation Company

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of ___Virginia___ )
                        ) ss.
City/County of ___Roanoke___ )

I, ___Leslie Ann Wells___ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Baden Reclamation Company, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _30th_ day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

28

Nine Mile Mining, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                              ) ss.
City/County of ___Roanoke___  )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Nine Mile Mining, Inc. a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this __30th__ day of November 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

29

**Bellwood Corporation**

By _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                            ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_____ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bellwood Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _30th_ day of November 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

30

**Bluestone Energy Sales Corporation**

By: _____ (SEAL)
Name: James C. Justice, III
Title:  President

State of ____Virginia____ )
                               ) ss.
City/County of __Roanoke__ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bluestone Energy Sales Corporation, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

31

**Justice Coal of Alabama, LLC,
formerly known as Alabama Carbon, LLC**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_ )
                           ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Justice Coal of Alabama, LLC, an Alabama limited liability company, formerly known as Alabama Carbon, LLC, an Alabama limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

32

**Virginia Fuel Corporation**

By: _____ (SEAL)
Name: James C. Justice, III
Title:  President

State of _____Virginia_____ )
                                    ) ss.
City/County of __Roanoke__ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Virginia Fuel Corporation, a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

33

Justice **Low** Seam **Mining Inc.**

By _____ (SEAL)
Name: ~~James~~ C. Justice, III
Title:  President

State of _Virginia_ )
                              ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Justice Low Seam Mining Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _30th_ day of November 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
★ REG. #7560729 ★
MY COMMISSION EXPIRES
5/31/20 21
COMMONWEALTH OF VIRGINIA

34

Kentucky **Fuel** Corporation

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of ___Virginia___ )
) ss.
City/County of ___Roanoke___ )

I, ___Leslie Ann Wells___ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Kentucky Fuel Corporation, a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

35

**Bluestone Resources Inc.**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of Roanoke Virginia
City/County of Roanoke ) ss.

I, Leslie Ann Wells _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bluestone Resources Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

36

National Resources **Inc.**

By: _____ (SEAL)
Name: James C. Justice, III
Title:  President

State of ___Virginia___ )
                        ) ss.
City/County of ___Roanoke___ )

    I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of National Resources Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

    Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
                Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__

**Tams Management, Inc.**

By: _____ (SEAL)

Name: James C. Justice, III

Title: President

State of _____Virginia_____ )

City/County of _Roanoke_ ) ss.

    I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Tams Management, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

    Witness my hand and official stamp or seal, this 30th day of November 2017.

_____

Notary Public

My Commission expires: 5-31-2021

Notary Registration Number: 7560729

LESLIE ANN WELLS
NOTARY PUBLIC
REG. #7560729
MY COMMISSION
EXPIRES
5/31/2021
COMMONWEALTH OF VIRGINIA

38

Justice Farms of North Carolina, LLC

By: _____ (SEAL)

Name:  James C. Justice, III

Title:  President

State of   Virginia   )

City/County of   Roanoke   ) ss.

I,   Leslie Ann Wells   , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Justice Farms of North Carolina, LLC, a Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____

Notary Public

My Commission expires: 5-31-2021

Notary Registration Number: 7560729

39

**James C. Justice Companies, Inc.**

By: _____ (SEAL)

Name: James C. Justice, II

Title: President

State of _____Virginia_____ )

City/County of _Roanoke._ ) ss.

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of James C. Justice Companies, Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____

Notary Public

My Commission expires: 5-31-2021

Notary Registration Number: 7560729

40

**Twin Fir Estates, LLC**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of ___Virginia___ )
City/County of ___Roanoke___ ) ss.

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Twin Fir Estates, LLC, a Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this ___30th___ day of November 2017.

_____
Notary Public

My Commission expires: ___5-31-2021___
Notary Registration Number: ___7566729___

41

Wilcox Industries, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                           ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Wilcox Industries, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

42

Triple J, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                            ) ss.
City/County of __Roanoke__ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Triple J, LLC, a Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

_____ (SEAL)
Name: James C. Justice, III

State of _____Virginia_____ )
                            ) ss.
City/County of __Roanoke__ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III personally appeared before me this day and acknowledged the due execution of this Agreement.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

_(signature)_ (SEAL)

Name: James C. Justice, II

State of _WEST VIRGINIA_ )
                                    ) ss.
City/County of _Greenbrier_ )

I, _Kelley K. Henthorn_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, II personally appeared before me this day and acknowledged the due execution of this Agreement.

Witness my hand and official stamp or seal, this _29_ day of November 2017.

_(signature)_
Notary Public

My Commission expires: _10-29-22_
Notary Registration Number:_____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

_(signature)_ (SEAL)

Name: Cathy L. Justice

State of _WEST VIRGINIA_ )
                                    ) ss.
City/County of _Greenbrier_ )

I, _Kelley K. Henthorn_, a Notary Public of the City/County and State aforesaid, certify that Cathy L. Justice personally appeared before me this day and acknowledged the due execution of this Agreement.

Witness my hand and official stamp or seal, this _29_ day of November 2017.

_(signature)_
Notary Public

My Commission expires: _10-29-22_
Notary Registration Number:_____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

44

Chesapeake and Ohio Traveler, Inc.

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of *West Virginia* )
                          ) ss.
City/County of *Greenbrier* )

I, *Kelley K. Henthorn*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Chesapeake and Ohio Traveler, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this *29* day of November 2017.

_____
Notary Public

My Commission expires: *10-29-22*
Notary Registration Number: _____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

45

The Greenbrier Resort and Club Management Company

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                              ) ss.
City/County of _Greenbrier_ )

I, _Kelley K. Henthorn_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Greenbrier Resort and Club Management Company, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29_ day of November 2017.

_____
Notary Public

My Commission expires: _10 - 29 - 22_
Notary Registration Number:_____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

46

Greenbrier IA, Inc.

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _WEST VIRGINIA_ )
                              ) ss.
City/County of _GREENBRIER_ )

I, _KELLEY K. HENTHORN_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier IA, Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29_ day of November 2017.

_____
Notary Public

My Commission expires: _10 - 29 - 22_
Notary Registration Number: _____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

47

**Old White Club Corporation**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of *West Virginia* )
                         ) ss.
City/County of *Greenbrier* )

I, *Kelley K. Henthorn*, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Old White Club Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29_ day of November 2017.

_____
Notary Public

My Commission expires: _10 - 29 - 22_
Notary Registration Number:_____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

48

**The Old White Development Company**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _WEST VIRGINIA_ )
                                        ) ss.
City/County of _GREENBRIER_ )

I, _KELLEY K. HENTHORN_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Old White Development Company, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29_ day of November 2017.

My Commission expires: _10 - 29 - 22_
Notary Registration Number: _____

OFFICIAL SEAL
Notary Public, State of West Virginia
KELLEY K HENTHORN
Greenbrier County Schools
202 Chestnut Street
Lewisburg, WV 24901
My commission expires October 29, 2022

Southeast Cotton, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____ )
                                ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Southeast Cotton, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _____ day of November 2017.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

49

**The Old White Development Company**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _____ )
　　　　　　　　　　　　 ) ss.
City/County of _____ )

    I, _____, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Old White Development Company, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

    Witness my hand and official stamp or seal, this _____ day of November 2017.

_____
　　　　　　　　　　　Notary Public

My Commission expires:_____
Notary Registration Number:_____

                      Southeast Cotton, Inc.

                      By: _____ (SEAL)
                      Name: James C. Justice, III
                      Title: President

State of Virginia )
　　　　　　　　　　 ) ss.
City/County of Roanoke )

    I, Leslie Ann Wells, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Southeast Cotton, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

    Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
　　　　　　　　　　　Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

LESLIE ANN WELLS
NOTARY PUBLIC
REG. #7560729
MY COMMISSION
EXPIRES
5/31/2021
COMMONWEALTH OF VIRGINIA

49

**American Turf Grass Corporation**

By: _____ (SEAL)

Name: James C. Justice, III

Title:  President

State of _____Virginia_____ )

City/County of ___Roanoke___ ) ss.

)

I, ___Leslie Ann Wells___ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of American Turf Grass Corporation, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____

Notary Public

My Commission expires: 5-31-2021

Notary Registration Number: 7560729

50

Rapidan, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title:  President

State of _____Virginia_____ )
                                        ) ss.
City/County of _Roanoke_ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Rapidan, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _30th_ day of November 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY
PUBLIC
REG. #7560729
MY COMMISSION
EXPIRES
5/31 20 21
COMMONWEALTH OF VIRGINIA

51

Blue Ridge Farm Center, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                              ) ss.
City/County of __Roanoke__ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Blue Ridge Farm Center, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

52

**Justice Family Farms, LLC**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____
City/County of ___Roanoke___ ) ss.

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that Justice Family Farms, LLC who is President of Justice Family Farms, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

LESLIE ANN WELLS
NOTARY PUBLIC
REG. #7560729
MY COMMISSION
EXPIRES
5·31·2021
COMMONWEALTH OF VIRGINIA

53

Black River Coal, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
City/County of __Roanoke__ ) ss.

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Black River Coal, LLC, a Delaware limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729
33264506

55

Greenthorn **LLC**

By: _____ (SEAL)

Name: James C. Justice, III

Title: President

State of ___Virginia___

City/County of ___Roanoke___ ) ss.

I, ___Leslie Ann Wells___ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Greenthorn LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 30th day of November 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

LESLIE ANN WELLS
NOTARY PUBLIC
REG. #7560729
MY COMMISSION EXPIRES
5/31/20
COMMONWEALTH OF VIRGINIA

54

## FIRST AMENDED AND RESTATED FORBEARANCE AGREEMENT

This First Amended and Restated Forbearance Agreement (this "Agreement"), dated as of December 26, 2017 (the "Execution Date"), by and among each of the undersigned persons or entities (individually and collectively, the "Justice Entities") and Carter Bank & Trust ("Lender") recites and provides as follows:

## RECITALS

A.      Each of the Justice Entities has heretofore executed and/or delivered to Lender loan agreements, promissory notes, security agreements, pledge agreements, negative pledge agreements, deeds of trust, assignments, guaranties and/or other documents, instruments and/or agreements (collectively, the "Loan Documents") that evidence, guarantee, secure or otherwise were executed and/or delivered in connection with loans, financial accommodations and/or other extensions of credit by Lender to one or more of the Justice Entities (collectively, the "Loans").

B.      Certain of the Justice Entities, namely Bluestone Energy Sales Corporation (Loan No. ████████72-81), A & G Coal Corporation (Loan No. ██0940), Alabama Carbon, LLC (██0941), Bellwood Corporation (Loan No. ██1234), Justice Low Seam Mining, Inc. (Loan Nos. ████████65-78 and ██1844), Kentucky Fuel Corporation (Loan No. ██2083), Virginia Fuel Corporation (Loan Nos. ██2082 and ██2291), James C. Justice Companies, Inc. (Loan No. ██████ ████7244), Justice Farms of North Carolina, LLC (Loans No. ████████49-73 and ██49-70), Justice Coal of Alabama, LLC (Loan No. ██████████22-76), James C. Justice, II (as guarantor), Cathy L. Justice (as guarantor), James C. Justice, III (Loan No. ████████82-83 and as guarantor) are in default with respect to the above-described loans issued to each of them by Lender (collectively, the "Defaulted Loans").

C.      By that certain Forbearance Agreement dated November 22, 2017 (the "Original Forbearance Agreement"), the Justice Entities and Lender agreed to certain indulgences as more fully set forth therein.

D.      Because without an extension of the Forbearance Agreement, the Defaulted Loans will be in default, Lender will have the immediate right to exercise any and all of its rights and remedies against the Justice Entities and the collateral relating to the Defaulted Loans under the applicable Loan Documents, at law, in equity or otherwise.  The Justice Entities that are not direct or indirect obligors with respect to the Defaulted Loans hereby acknowledge and agree that they have received good and valuable consideration deemed valuable at law as a direct result of the benefits that each will derive from this Agreement.  The Justice Entities have requested that Lender further forbear from exercising such rights and remedies as set forth below.  Subject to the terms and conditions of this Agreement, Lender has agreed to such request.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and in the other documents contemplated hereby, the receipt and sufficiency of which consideration is hereby mutually acknowledged, the parties hereto hereby agree as follows:

1

<u>**AGREEMENTS**</u>

1.  <u>**Recitals**</u>.  The foregoing recitals are confirmed by the parties as true and correct and are incorporated by this reference.  The recitals are a substantive, contractual part of this Agreement.

2.  <u>**Conditions Precedent; Settlement**</u>.

    (a)  <u>**Conditions Precedent**</u>.  Lender's obligations under this Agreement are subject to satisfaction of the following conditions:

        (i)  Lender's receipt of an original of this Agreement, executed by or on behalf of the Justice Entities, with the notarial acknowledgements properly completed;

        (ii)  The Justice Entities shall have paid Lender $2,288,360.04 representing interest payments due for the Defaulted Loans through the payment due on November 1, 2017; and

        (iii)  The Justice Entities shall have paid Lender all regularly scheduled payments due on December 1, 2017 for all Loans that are not Defaulted Loans (the payments required under (ii) and (iii) herein shall be referred to as the "Initial Payment").

    (b)  <u>**Settlement**</u>.  Settlement of the transactions contemplated by this Agreement ("Settlement") shall occur at the offices of Lender on or before Noon (local time) on or before the Execution Date.

3.  <u>**Forbearance Period**</u>.

    (a)  <u>**Forbearance Period**</u>.  Subject to the conditions set forth herein and unless earlier terminated pursuant to Section 13 hereof, Lender agrees that it will forbear from exercising any of its rights or remedies, legal or equitable, against the Justice Entities pursuant to the Defaulted Loans from the Execution Date until 5:00 p.m. (local time) on January 31, 2018 (the "Forbearance Termination Date").  The period from the Execution Date to the Forbearance Termination Date shall be referred to as the "Forbearance Period."

    (b)  <u>**Accrual of Interest on the Defaulted Loans**</u>.  Each of the Justice Entities agrees that interest shall continue to accrue at the prevailing contractual rate on the outstanding principal balance of the Defaulted Loans during the Forbearance Period.

    (c)  <u>**Payments on the Non-Defaulted Loans.**</u>  Each of the Justice Entities shall make all regularly scheduled payments as and when due on all Loans that are not Defaulted Loans.

2

4.     **Deliveries at Settlement**.  At Settlement, the Justice Entities shall deliver to Lender or execute and deliver to Lender, as may be applicable, the following:

(a)     **Initial Payment**.  The Initial Payment.

(b)     **Financial Information**.  Such financial statements of the Justice Entities that have been prepared in accordance with generally accepted accounting principles applied on a consistent basis, certified as true and correct by the Justice Entities as Lender may reasonably require, together with true and complete copies of the Justice Entities' 2016 Federal tax returns (and all statements and schedules filed therewith).  In particular, financial reports for all coal and farm companies through October 31, 2017 must be delivered prior to Settlement.

5.     **Covenants Relating to the Collateral**.  The Justice Entities agrees as follows:

(a)     **Appraisals; Property Inspections**.

(i)     **Appraisals**.  Each of the Justice Entities hereby acknowledges and agrees that Lender may obtain an appraisal or analysis of the collateral securing various loans to the Justice Entities ("Collateral") at such time or times that Lender deems such appraisal or analysis is necessary in its discretion, and the Justice Entities shall be obligated to reimburse Lender for the costs thereof upon demand.  The Justice Entities agree to provide access to the Collateral to Lender and its appraisers/analysts in connection with such appraisals and/or analyses and to cooperate fully, and cause their respective officers, employees and agents to cooperate fully, with all reasonable requests made by Lender or such appraisers/analysts in connection therewith.

(i)     **Collateral Inspections**.  The Justice Entities hereby acknowledge and agree that Lender may obtain inspection reports with respect to the Collateral at such time or times that Lender deems such reports necessary in its discretion, and the Justice Entities shall be obligated to reimburse Lender for the costs thereof upon demand.  The Justice Entities agree to provide access to the Collateral to Lender and its inspectors in connection with such reports and to cooperate fully, and cause their respective officers, employees and agents to cooperate fully, with reasonable requests made by Lender or such inspectors in connection therewith.

6.     **Financial Statements and Information**.  Until the Loans indefeasibly paid in full (i) the Justice Entities shall provide Lender within 30 days after Lender's written request therefor current operating financial statements in form and substance acceptable to Lender, together with an executed copy of each of the Justice Entities' most recent filed federal tax return with all schedules and attachments thereto and worksheets with respect thereto, certified in writing by the Justice Entities to be true, correct and complete, and (ii) the Justice Entities shall provide Lender from time to time with such other and further financial information as reasonably required by Lender as soon as it is available, but, in no event, later than 30 days after such request by Lender, specifically including but not limited to status reports regarding any pending litigation.

7.    **Representations, Warranties, Acknowledgments, and Agreements**.    The Justice Entities hereby represent, warrant (which representations and warranties shall survive the execution and delivery of this Agreement), acknowledge, and agree, as may be applicable, as follows:

(a)    **Status of Justice Entities**.  Each of the Justice Entities (other than each Justice Entity who is a natural person) is a limited liability company or a corporation duly organized, validly existing, and in good standing under the laws of the state in which it is organized, and is qualified to transact business in each other state that, because of the nature of its business, it is required to be qualified to transact business.  Each of the Justice Entities has taken all necessary action to authorize, execute, deliver and perform this Agreement and all other agreements between it and Lender.

(b)    **Valid and Binding Obligations**.  This Agreement, the Loan Documents, as amended hereby, and any other documents executed in connection herewith or therewith, when executed and delivered, will constitute the legal, valid, and binding obligations of the Justice Entities, enforceable in accordance with their respective terms.

(c)    **Renewal; Lien Continuation; No Novation; Reaffirmation**.  Each of the Justice Entities hereby expressly affirms, renews and reaffirms the Loan Documents to the extent it is a party thereto, and, except as expressly modified by this Agreement, each promises to pay and perform its respective obligations under each of the Loans and Loan Documents to the extent it is a party thereto.  Nothing herein shall in any manner diminish, impair or extinguish any of the Loans or Loan Documents or the liens and security interests created pursuant to any of the foregoing.  The liens and security interests of the Loan Documents are not waived or modified in any respect.  The execution and delivery of this Agreement shall not constitute a novation of the debt evidenced by any of the Loan Documents.  Without limiting the generality of the foregoing, each of the Justice Entities hereby acknowledges and agrees that, except as expressly modified by this Agreement, (i) the execution and delivery of this Agreement does not and shall not in any respect affect or impair any of its obligations, covenants or agreements under any of the Loan Documents and (ii) it hereby expressly affirms, confirms and reaffirms all of its obligations under the Loan Documents to the extent it is a party thereto.

(d)    **Continuing Obligations.**  The Justice Entities hereby acknowledge and agree that Lender has no obligation to make any loans or advances to or for the benefit of any of the Justice Entities under any of the Loan Documents or this Agreement.  Each of the Justice Entities hereby acknowledges and agrees that Lender has the present right to exercise any and all rights and remedies available to it under the Loan Documents, at law, in equity or otherwise, and all other rights and remedies available to Lender, all of which rights and remedies Lender hereby expressly reserves.  Each of the Justice Entities hereby acknowledges and agrees that interest, late charges, attorneys' fees and costs, and all other costs and expenses described in the Loan Documents continue to accrue, and each of the Justice Entities hereby agrees, jointly and severally, to pay all such interest, late charges, attorneys' fees and costs, and all other costs and expenses in accordance with the Loan Documents, as modified by this Agreement.

(e)    **No Waiver**.  The execution, delivery and performance of this Agreement

4

by Lender and the acceptance by Lender of the performance of each of the Justice Entities hereunder (a) shall not constitute a waiver or release by Lender of any default or event of default that may now or hereafter exist under any of the Loan Documents and (b) except as expressly provided in Section 2 hereof, shall be without prejudice to, and is not a waiver or release of, Lender's rights at any time in the future to exercise any and all rights conferred upon Lender by the Loan Documents, at law, in equity or otherwise, including without limitation the right to institute foreclosure proceedings or to institute collection proceedings against any or all of the Justice Entities. Each of the Justice Entities hereby expressly waives any and all claims or rights now or hereafter arising from or related to any delay by Lender in exercising any rights or remedies under the Loan Documents.

(f) **Good and Marketable Title**. Each of the Justice Entities has good and marketable title to all of its assets, including, but not limited to, the Collateral, in fee simple, subject to no mortgage, indenture, pledge, lien, conditional sale contract, security interest, encumbrance, claim, trust, or charge except as has been disclosed to Lender in writing.

(g) **No Consent or Filing**. No consent, license, approval, or authorization of, or registration, declaration, or filing with any court, governmental authority, or other person, entity or agency is required in connection with the valid execution, delivery, or performance of this Agreement or the other documents required by this Agreement or in connection with any of the transactions contemplated thereby.

(h) **No Violations**. The execution, delivery, and performance by each of the Justice Entities of its obligations hereunder and under the documents required hereby and the performance by each of the Justice Entities of its respective obligations under the other Loan Documents will not violate or cause a default under any mortgage, deed of trust, borrowing agreement, or any other instrument or agreement to which such Justice Entity is a party. None of the Justice Entities is in violation of any term of any indenture, instrument, or agreement to which it is a party or by which it or any of its properties may be bound, resulting, or which might reasonably be expected to result, in a material and adverse effect upon any of the property that comprises the Collateral or any of the Justice Entities' businesses or assets. The Justice Entities are not in violation of any order, writ, judgment, injunction or decree of any court of competent jurisdiction, any governmental authority or any arbitrator. The execution and delivery of this Agreement and the documents required in connection herewith and the performance of all of the same are and will be in compliance with the foregoing and will not result in any violation or result in the creation of any mortgage, deed of trust, lien, security interest, charge, or encumbrance upon any properties or assets of any of the Justice Entities except in favor of Lender unless otherwise required or permitted under the terms of the Loan Documents. There exists no fact or circumstance not disclosed in this Agreement or in the documents executed, delivered or otherwise furnished by any of Justice Entities in connection herewith which materially adversely affects or in the future may materially adversely affect the condition, businesses, or operations of any of the Justice Entities.

(i) **Accuracy and Completeness of Information**. All information, documents, reports, statements, financial statements, and data heretofore submitted by or on behalf of the Justice Entities are true, accurate and complete, and none contains any material

5

misstatement of fact or omits to state any fact necessary to make the statement contained therein not misleading. All financial statements (including any notes or schedules which are a part of or pertain to the financial statements) submitted by the Justice Entities accurately reflect (i) the financial condition of the Justice Entities as of the dates thereof and for the periods referred to therein, and (ii) the results of the business operations of any of the Justice Entities for the periods covered thereby. All material information in the Justice Entities' possession which might bear on Lender's decision to enter into this Agreement has been supplied by or on behalf of Justice Entities prior to Settlement, and none of the Justice Entities has failed to disclose to Lender in writing any facts or information that could reasonably be expected to result in a material adverse effect with respect to such Justice Entity. During the term of this Agreement, each of the Justice Entities agrees promptly to advise Lender in writing of (i) any and all new information, facts, or occurrences which would in any way supplement, contradict, or affect any financial statements or other information furnished to Lender, (ii) the occurrence of any default or event of default, or the occurrence of any event that with the giving of notice or the lapse of time, or both, would constitute a default or an event of default under this Agreement or any of the Loan Documents, or (iii) the occurrence of any event that would have a material adverse effect upon (A) the business, assets, properties, liabilities, condition (financial or otherwise), results of operations or business prospects of any of the Justice Entities, (B) the ability of any of the Justice Entities to perform any obligation under this Agreement or any of the Loan Documents, (C) the legality, validity, binding effect or enforceability of this Agreement or any of the Loan Documents, or (D) the ability of Lender to enforce any of its rights or remedies under or in connection with this Agreement or any of the Loan Documents.

        (j)    **No Cause of Default**. The Justice Entities' entering into this Agreement (or the documents required hereby) will not immediately, or with the passage of time, the giving of notice, or both, cause the Justice Entities to violate or be in default under any agreements or obligations.

        (k)    **No Violations of Law**. None of the Justice Entities is in violation of any applicable federal, state, or local law, rule, statute, regulation, or ordinance, nor will the execution and delivery of this Agreement (or any of the documents required hereby) by any of the Justice Entities cause any of the Justice Entities to be in such violation.

        (l)    **No Litigation**. There are no actions, suits, arbitrations or other proceedings pending or, to the knowledge of the Justice Entities, threatened against any of the Justice Entities, any of their respective assets, or any property that comprises the Collateral except as set forth on the attached Litigation Exhibit.

        (m)    **Tax Returns**. Each of the Justice Entities has duly filed all federal, state, local and other tax returns required to be filed and has duly paid all taxes required by such returns. The Justice Entities have not received any assessments by the Internal Revenue Service or other taxing authority for unpaid taxes.

        (n)    **Environmental Matters**. To the best of the Justice Entities' knowledge, none of the Justice Entities is in violation of any environmental law, rule, or regulation, including, without limitation, any laws affecting wetlands, the Environmental Protection Act, the

Chesapeake Bay Preservation Act, the Occupational Safety and Health Act, the Comprehensive Environmental Response, Compensation and Liability Act, or the Resource Conservation and Recovery Act.

        (o)   **Regarding the Collateral**.   None of the Justice Entities has any knowledge of any material latent defect with respect to any of the Collateral that has not been disclosed to Lender in writing.

        (p)   **Bankruptcy**.   The Justice Entities, recognizing that Lender has changed its position in reliance on the representations, acknowledgments, agreements, and warranties of Justice Entities set forth herein and in the documents required hereby, and they further agree that: (i) upon the occurrence of an Event of Default hereunder, the Justice Entities will not attempt to delay, frustrate, or raise any meritless defenses to Lender's exercising its rights and remedies against any of the Justice Entities and/or the Collateral under applicable documents, applicable law or otherwise; (ii) if there is filed by or against any of the Justice Entities within 24 months after the Execution Date a petition under the United States Bankruptcy Code, the Justice Entities irrevocably and absolutely admit and agree that Lender is entitled to the automatic, immediate and absolute lifting of any stay as to the enforcement of Lender's rights or remedies against the Collateral under applicable documents and applicable law, including, but not limited to, the stay imposed by 11 U.S.C. § 362, as may be amended from time to time (collectively, the "Stay"). The Justice Entities hereby absolutely and irrevocably consent to the immediate lifting of the Stay and will not contest, and will affirmative consent and cause its counsel to affirmatively consent, to any motion or other proceeding filed by Lender to lift the Stay. Nothing in this Agreement shall be deemed in any way to restrict or limit Lender's right to seek in the United States Bankruptcy Court or any other court of competent jurisdiction any relief Lender may deem appropriate in the event that a voluntary or involuntary petition is filed by or against any of the Justice Entities under applicable provisions of the United States Bankruptcy Code. The representations, acknowledgments, agreements, and warranties set forth in this Agreement have been made by the Justice Entities as a material inducement to Lender to enter into this Agreement.    Lender has reasonably relied upon the representations, acknowledgments, agreements, and warranties set forth in this Agreement, has changed and will continue to change its position in reliance thereon, and would not have entered into this Agreement without such representations, acknowledgments, agreements, and warranties. Each of the Justice Entities hereby acknowledges and agrees that this Agreement is not being made or entered into with the intent to hinder, delay or defraud any entity or person.

        (q)   **Further Assurances**.   Each of the Justice Entities hereby agrees to execute and deliver, from time to time, to Lender promptly upon request from Lender and at the sole expense of each of the Justice Entities, such additional certificates, papers, documents, instruments, opinions and agreements as may be necessary or appropriate, as determined in Lender's sole opinion, to consummate the transactions herein contemplated, to perform such acts as Lender may request to effect the purposes of this Agreement, and to secure to Lender the benefits of all rights and remedies conferred upon Lender by the terms of this Agreement and the Loan Documents.

        8.    **No Novation**.   It is the express intention of all parties to this Agreement that

nothing contained herein shall be construed to constitute a novation with respect to any of the Loans or Loan Documents.

9. **Negotiations; Only Written Agreements.** The Justice Entities acknowledge that they are about to commence negotiations with Lender concerning the payment and collateralization of the Defaulted Loans, and discuss payment options that the parties believe to be mutually beneficial. A purpose of this Agreement is to clarify the nature and terms of such negotiations. Except as expressly set forth herein, as of the Execution Date, Lender has not agreed to modify any of the Obligations or to forbear from exercising any of its rights or remedies relating thereto and Borrowers acknowledge that. The discussions and negotiations among the parties may be time-consuming and complex. This Agreement will confirm that while there may be many matters that the parties hope to discuss, no agreement shall be enforceable unless in writing and duly authorized and executed by all parties. Lender's forbearance shall be governed solely by the terms of this Agreement. To avoid confusion or misunderstanding, the parties agree that this Agreement and the Loan Documents may be amended only in writing.

10. **Applicable Law, Jurisdiction and Venue.** The Loan Documents shall be construed in accordance with and governed by the laws of the Commonwealth of Virginia and shall bind the Justice Entities and Lender. Each of the Justice Entities hereby irrevocably agree that any legal action or proceeding arising out of or relating to this Agreement or any of the Loans or Loan Documents shall be instituted exclusively in either the Circuit Court of the City of Martinsville, Virginia or the United States District Court for the Western District of Virginia, assuming such latter court has jurisdiction. Each of the Justice Entities hereby consents to the jurisdiction of such courts and waives any objection relating to the basis for personal or in rem jurisdiction or to venue which the Justice Entities may now or hereafter have in any such legal action or proceedings.

11. **WAIVER OF JURY TRIAL.** UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, EACH OF THE JUSTICE ENTITIES HEREBY WAIVES THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING UNDER OR OUT OF THIS AGREEMENT, THE LOANS, THE LOAN DOCUMENTS OR OUT OF THE CONDUCT OF THE RELATIONSHIP AMONG THE JUSTICE ENTITIES, OR ANY OF THEM AND LENDER. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER TO ENTER INTO THIS AGREEMENT. FURTHER, EACH OF THE JUSTICE ENTITIES HEREBY CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF LENDER, NOR LENDER'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT LENDER WOULD NOT SEEK TO ENFORCE THIS WAIVER OF THE RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF LENDER OR LENDER'S COUNSEL HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

12. **Joint and Several Liability.** Each and every obligation of any of the Justice Entities contained in this Agreement shall be the joint and several obligations of each of the Justice Entities.

13.   **Events of Default; Remedies.**

(a)   **Events of Default.**  Each of the following shall constitute an Event of Default hereunder and under each of the Loan Documents: (i) the failure of any of the Justice Entities to perform or observe any monetary covenant or agreement contained herein or in any of the Loan Documents, as amended hereby; (ii) the failure of any of the Justice Entities to perform or observe any covenant or agreement contained herein or in any of the Loan Documents, as amended hereby, relating to insurance coverage on any of the property that comprises the Collateral; (iii) the failure of any of the Justice Entities to perform or observe any covenant or agreement contained herein or in any of the other Loan Documents, as amended hereby; (iv) discovery by Lender that any representation or warranty made by any of the Justice Entities herein or in any report delivered by any of the Justice Entities to Lender was materially untrue, incorrect, misleading or is breached in any material respect; (v) if any of the Justice Entities does not permit Lender or its agents to inspect any of the property that comprises the Collateral or the business records of any of the Justice Entities, as applicable, with respect thereto during regular business hours with at least two business days' notice; (vi) any lien, claim or charge, including, without limitation, any abstract of judgment, is filed against or with respect to any of the Collateral, whether or not naming any of the Justice Entities as a defendant; (vii) Lender receives notice of any garnishment against any deposit or other account maintained by any of the Justice Entities at Lender or any other financial institution, or Lender receives notice of any tax lien or other lien in favor of any governmental authority or other creditor that has been assessed or filed against any of the Justice Entities or any of their respective properties or assets; or (viii) there is filed by or against any of the Justice Entities a petition in bankruptcy or a petition for the appointment of a receiver or trustee for any property or assets of the Justice Entities, or if any of the Justice Entities files a petition for reorganization under any of the provisions of the Federal Bankruptcy Code or of any similar federal or state law, or if any of the Justice Entities makes a general assignment for the benefit of creditors, or makes any insolvency assignment, or is adjudged insolvent by any court of competent jurisdiction, or the Justice Entities takes any action in furtherance of the foregoing.

(b)   **Remedies.**  Upon the occurrence of any Event of Default hereunder, in addition to any other remedy provided herein or in the Loan Documents, (i) the Forbearance Period shall immediately terminate and the Defaulted Loans shall be immediately due and payable in full; (ii) Lender, at its option and without notice to any of the Justice Entities, may exercise all rights and remedies available to it hereunder and/or under all of the Loan Documents, under applicable law or otherwise against any or all of the Justice Entities and/or any Collateral, including, but not limited to, electing to instruct the trustees under the applicable deeds of trust to sell the Collateral by foreclosure, confessing judgment jointly and severally against any applicable Justice Entity and (iv) interest shall accrue on the outstanding balance of the indebtedness evidenced by the Loan Documents at the fixed annual rate of interest of eighteen percent (18%) until the indebtedness evidenced by the Loan Documents is paid in full.

(c)   **Costs and Expenses.**  The Justice Entities shall pay or reimburse Lender for, as may be applicable, upon demand, all costs and expenses incurred by Lender in collecting the Loans, with or without litigation, or in preserving, perfecting, protecting, or disposing of any of the Collateral or the obligations evidenced by any of the Loan Documents, including, but not

9

limited to, reasonable attorneys' fees and costs.

14.     **Notices**.     Any notice required or permitted by or in connection with this Agreement or any of the other Loan Documents shall be in writing and shall be made by hand delivery, by Federal Express, UPS, or other similar overnight delivery service, or by certified mail, return receipt requested, postage prepaid, addressed to Lender or the Justice Entities at the appropriate address set forth below or to such other address as may be hereafter specified by written notice by Lender or the Justice Entities, and notice shall be considered given as of the date of hand delivery, delivery to Federal Express, UPS, or other similar overnight delivery service, or two business days after the date of mailing, independent of the date of mail delivery or whether delivery is in fact made, as the case may be:

| | |
|---|---|
| If to Lender: | Carter Bank & Trust<br>Attn: Phyllis Q. Karavatakis, President and Chief<br>Banking Officer<br>1300 Kings Mountain Road<br>Martinsville, VA 24112 |
| With a copy to: | Jonathan L. Hauser, Esq.<br>Troutman Sanders LLP<br>222 Central Park Avenue<br>Suite 2000<br>Virginia Beach, VA 23462 |
| If to Justice Entities: | |
| With a copy to: | |

15.     **Miscellaneous Provisions**.     The Loan Documents are hereby amended to reflect the terms of this Agreement.  Any election, determination, selection, or acceptance by Lender contemplated under this Agreement and/or any document contemplated hereby (individually, a "Modification Document" and collectively, the "Modification Documents") may be made in Lender's sole and absolute discretion.  This Agreement and all Modification Documents shall be deemed to be Loan Documents.  Any reference to the maturity of any Loan shall mean its maturity, whether its stated maturity, by acceleration or otherwise.  If any deadline in any Loan Document falls on a weekend or a holiday, the deadline shall be extended to the next business day.  All payments due under any Loan Document shall be paid to Lender in immediately available funds.  Each of the Justice Entities jointly and severally agrees to defend, indemnify, and hold Lender harmless from and against all claims, loss, liability, damage, and expense, including attorneys' fees and costs as provided herein, suffered or incurred by Lender, directly or indirectly, by reason of, or which results, arises out of or is based upon the failure of any of the Justice Entities to comply with any of the covenants made herein or in any of the Loan Documents or from a breach of any representation or warranty made herein or therein, or in connection with any of the property that comprises the Collateral or any action taken by Lender pursuant to the terms of this Agreement  or any of the Loan Documents (except actions by Lender determined by a court of competent jurisdiction to be willful or grossly negligent).  In

any Modification Document, "so long as no Event of Default exists" shall mean "so long as no Event of Default exists hereunder and no event has occurred which, with the giving of notice or the lapse of time, or both, would constitute such a default." Any amount added to the balance due on a Loan pursuant to the terms of a Modification Document or of any of the other Loan Documents shall accrue interest at the default rate set forth in such Loan Document, or, if no default rate is set forth therein, at the fixed annual rate of eighteen percent (18%), be secured by all the collateral then pledged to secure such Loan, and be due and payable in full on the earlier to occur of ten days after Lender's written demand therefor or upon the maturity of such Loan. TIME IS OF THE ESSENCE with respect to the performance by Justice Entities of their obligations arising under the Modification Documents and under the other Loan Documents. No failure by Lender to exercise and no delay in exercising any right arising under any Modification Document or under the other Loan Documents shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right. The rights of Lender under the Modification Documents and under the other Loan Documents shall be in addition to all other rights provided by applicable law. This Agreement and the Modification Documents (unless such Modification Documents expressly state that they shall be governed by the law of another commonwealth or state) shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to the conflicts of law principles. The relationship between Lender, on the one hand, and the Justice Entities, on the other hand, is and shall at all times remain solely that of lender and borrower. In the event any payments made under the Modification Documents or under the other Loan Documents must be returned by Lender pursuant to bankruptcy or other creditors' rights laws, the amounts so returned shall again be added to the applicable Loan. THE JUSTICE ENTITIES (A) ACKNOWLEDGE THAT, PRIOR TO THE EXECUTION OF THE MODIFICATION DOCUMENTS, THEY SOUGHT AND RECEIVED THE ADVICE OF QUALIFIED COUNSEL ON THE RAMIFICATIONS AND EFFECT THEREOF (OR HAD THE OPPORTUNITY AND WAS ENCOURAGED BY LENDER TO DO SO), (B) WAIVE ALL KNOWN OR UNKNOWN DEFENSES OR RIGHTS OF SET-OFF TO PAYMENT OF THE LOANS EXISTING AS OF THE EXECUTION AND (C) HEREBY RE-ACKNOWLEDGE, RE-CONFIRM AND RE-AFFIRM THEIR AGREEMENTS AS IF MADE AS OF THE EXECUTION DATE AS SET FORTH IN THAT CERTAIN RELEASE AND REAFFIRMATION AGREEMENT DATED MAY 22, 2017, COPY OF WHICH IS ATTACHED HERETO AND INCORPORATED HEREIN AS IF FULLY SET FORTH. Paragraph headings in this Agreement are for convenience of reference only and shall in no way affect the interpretation thereof. A determination that any provision of any Modification Document or any other Loan Document is unenforceable shall not affect the enforceability of any other specific provision thereof or of the applicable Modification Document or Loan Document generally. This Agreement and the Modification Documents shall be binding upon and inure to the benefit of Lender, the Justice Entities, and their respective successors and assigns, heirs, and personal representatives, as may be applicable; provided, however, that Justice Entities may not assign any of their rights or delegate any of their duties hereunder or thereunder. The Justice Entities agree to execute and deliver, and to pay all costs, fees and other expenses associated with, such additional documents and instruments as Lender may request to implement the provisions of this Agreement, the Modification Documents and/or the other Loan Documents or to correct any errors or omissions with respect to this Agreement, the Modification Documents, any of the Loan Documents or any of the documents relating hereto or

11

thereto.   The Justice Entities hereby covenant and agree to cooperate fully with Lender in response to any reasonable request by Lender for action that furthers the purposes and intent of this Agreement and/or in connection with any title issue relating to any of the collateral pledged to secure either or both of the Loan.   EACH OF THE PARTIES HERETO HAS REVISED, OR REQUESTED REVISIONS TO, THIS AGREEMENT, AND THE USUAL RULE OF CONSTRUCTION THAT ANY AMBIGUITIES ARE TO BE RESOLVED AGAINST THE DRAFTING PARTY SHALL BE INAPPLICABLE IN THE CONSTRUCTION AND INTERPRETATION OF THIS AGREEMENT.   To facilitate execution, this Agreement and all Modification Documents may be executed in counterparts as may be required.   Each set of counterparts of this Agreement or any Modification Document shall collectively constitute a single agreement, as applicable.   The Justice Entities covenant and agree that they will not hereafter assert that an oral modification hereto has been effectuated.   In the event of a conflict between this Agreement and any of the Modification Documents or the Loan Documents, the terms of this Agreement shall control.

[Remainder of Page Intentionally Left Blank]

12

**IN WITNESS WHEREOF,** Lender and the Justice Entities have caused this Forbearance Agreement to be executed under seal by their respective duly authorized representatives as of the day and the year first written above.

LENDER:

                                    **Carter Bank & Trust**

                                    By: _Phyllis Q. Karavatakis_ (SEAL)
                                        Phyllis Q. Karavatakis
                                        Its President

COMMONWEALTH OF VIRGINIA
CITY OF _MARTINSVILLE_ , to-wit:

   The foregoing Forbearance Agreement was executed and acknowledged before me this _29_ day of December 2017, by Phyllis Q. Karavatakis, in her capacity as President of Carter Bank & Trust, who ___✓___ is personally known to me or _____ has produced _____ as identification.

_Janet S. Harrell_
Notary Public
My commission expires: _MAY 31, 2019_
Notary Registration No.: _206191_

                        Janet S. Harrell
                        Notary Public
                        Commonwealth of Virginia
                        Reg # 206191
                        My Commission Expires MAY 31, 2019

13

**JUSTICE ENTITIES:**

**Greenbrier Hotel Corporation**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ ) ss.
City/County of _Greenbrier_ )

I, _Connie J Vance_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Hotel Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_____
Notary Public

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
158 Wayne Mountain Rd
White Sulphur Springs WV 24986

My Commission expires _February 16, 2023_
Notary Registration Number: _____

14

**Justice Family Group, LLC**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                          ) ss.
City/County of _Greenbrier_ )

I, _Connie G Vance_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Justice Family Group, LLC, a Delaware limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_____
Notary Public

My Commission expires: _9-7-2023_
Notary Registration Number: _____

---

**Players Club, LLC**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                          ) ss.
City/County of _Greenbrier_ )

I, _Connie G Vance_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Players Club, LLC, a Delaware limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

**Greenbrier Golf and Tennis Club Corporation**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_
City/County of _Greenbrier_ } ss.

I, _Connie Vance_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Golf and Tennis Club Corporation, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
100 Wayney Mountain Rd
White Sulphur Springs WV 24986

_____
Notary Public

My Commission expires _February 16, 2023_
Notary Registration Number: _____

**Greenbrier Medical Institute, LLC**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_
City/County of _Greenbrier_ } ss.

I, _Connie Vance_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Medical Institute, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
100 Wayney Mountain Rd
White Sulphur Springs WV 24986

_____
Notary Public

16

My Commission expires: _February 14, 2023_
Notary Registration Number: _____

**Oakhurst Club, LLC**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: Member

State of _West Virginia_
City/County of _Greenbrier_   ss.

I, _Connie G. Vance_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is a Member of Oakhurst Club, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
158 Wayne Mountain Rd
White Sulphur Spgs WV 24986

_____
Notary Public

My Commission expires: _____, 2023
Notary Registration Number: _____

17

The Greenbrier Sporting Club, Inc.

By: _____ (SEAL)
Name: Terri Miller
Title: Treasurer

State of West Virginia
} ss.
City/County of Greenbrier

I, Connie G Vance, a Notary Public of the City/County and State aforesaid, certify that Terri Miller who is Treasurer of The Greenbrier Sporting Club, Inc. a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of December 2017.

_____
Notary Public

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 18, 2023

My Commission expires February 18, 2023
Notary Registration Number: _____

18

The Greenbrier Sporting Club Development
Company, Inc.

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                         ) ss.
City/County of _Greenbrier_ )

I, _Connie G Vance_ , a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Greenbrier Sporting Club Development Company, Inc., a Delaware limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of December, 2017.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
120 Wayman Mountain Rd
White Sulphur Springs WV 24986

_____
Notary Public

My Commission expires: _February 16 2023_
Notary Registration Number: _____

19

**Southern Coal Corporation**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                                              ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Southern Coal Corporation, a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

**A&G Coal Corporation**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                                              ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of A&G Coal Corporation, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

20

Bardo Mining, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of **Virginia**

City/County of **Roanoke** ) ss.

I, **Leslie Ann Wells**, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bardo Mining, LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this **29th** day of December 2017.

_____
Notary Public

My Commission expires: **5-31-2021**
Notary Registration Number: **7560729**

21

Liggett Mining, LLC

By: _(signature)_ (SEAL)
Name: James C. Justice, III
Title: President

State of ___Virginia___ )
                                          ) ss.
City/County of ___Roanoke___ )

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Liggett Mining, LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this __29th__ day of December 2017.

_(signature)_
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__

(Notary Seal)
LESLIE ANN WELLS
NOTARY PUBLIC
REG. #7560729
MY COMMISSION EXPIRES
5.31.20 21
COMMONWEALTH OF VIRGINIA

22

Sequoia Energy, LLC

By: _____ (SEAL)

Name: James C. Justice, III

Title: President

State of _____Virginia_____ )

City/County of _____Roanoke_____ ) ss.

I, _____Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Sequoia Energy, LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_____
Notary Public

My Commission expires: _5-31-2021_

Notary Registration Number: _7560729_

23

Infinity Energy, LLC

By: _____ (SEAL)

Name: James C. Justice, III

Title: President

State of _Virginia_ )

City/County of _Roanoke_ ) ss.

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Infinity Energy, LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_____

Notary Public

My Commission expires: _5-31-2021_

Notary Registration Number: _7560729_

24

**Cane-Patch Mining Company, Inc.**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of     Virginia            )
                                 ) ss.
City/County of  Roanoke          )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Cane-Patch Mining Company, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this __29th__ day of December 2017.

_____
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__



25

Meg-Lynn Land Company, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of __Virginia__ )
                                              ) ss.
City/County of __Roanoke__ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Meg-Lynn Land Company, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this __24th__ day of December 2017.

_____
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__

26

Premium Coal Company, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_ )
City/County of _Roanoke_ ) ss.

I, _Leslie Ann Wells_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Premium Coal Company, Inc., a Tennessee corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

27

**Baden Reclamation Company**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                                              ) ss.
City/County of __Roanoke__ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Baden Reclamation Company, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this **29th** day of December 2017.

_____
Notary Public

My Commission expires: **5-31-2021**
Notary Registration Number: **7560729**

28

Nine Mile Mining, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of ___Virginia___ )
                        ) ss.
City/County of __Roanoke__ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Nine Mile Mining, Inc. a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this __29th__ day of December 2017.

_____
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__

29

**Bellwood Corporation**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____
                                              ) ss.
City/County of _____Roanoke_____ )

I, _____Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bellwood Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of December 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

30

Bluestone Energy Sales Corporation

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                            ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bluestone Energy Sales Corporation, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY
PUBLIC
★ REG. #7560729 ★
MY COMMISSION
EXPIRES
5-31-2021
COMMONWEALTH OF VIRGINIA

31

Justice Coal of Alabama, LLC,
formerly known as Alabama Carbon, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of **Virginia** )
                       ) ss.
City/County of **Roanoke** )

I, **Leslie Ann Wells**, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Justice Coal of Alabama, LLC, an Alabama limited liability company, formerly known as Alabama Carbon, LLC, an Alabama limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this **29th** day of December 2017.

_____
Notary Public

My Commission expires: **5-31-2021**
Notary Registration Number: **7560729**

LESLIE ANN WELLS
NOTARY PUBLIC
REG. #7560729
MY COMMISSION
EXPIRES
5 31 20 21
COMMONWEALTH OF VIRGINIA

32

**Virginia Fuel Corporation**

By: _____ (SEAL)

Name: James C. Justice, III

Title: President

State of ___Virginia___ )

City/County of ___Roanoke___ ) ss.

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Virginia Fuel Corporation, a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this __29th__ day of December 2017.

_____
Notary Public

My Commission expires: __5-31-2021__

Notary Registration Number: __7560729__

LESLIE ANN WELLS
NOTARY PUBLIC
REG. #7560729
MY COMMISSION EXPIRES
5/31/2021
COMMONWEALTH OF VIRGINIA

33

Justice Low Seam Mining Inc.

By: _____ (SEAL)
Name:  James C. Justice, III
Title:  President

State of ___Virginia___ )
                                        ) ss.
City/County of ___Roanoke___ )

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Justice Low Seam Mining Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this __29th__ day of December 2017.

_____
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__

**Kentucky Fuel Corporation**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_ )
City/County of _Roanoke_ ) ss.

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Kentucky Fuel Corporation, a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of December 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
REG. #7560729
MY COMMISSION EXPIRES
5.31.2021
COMMONWEALTH OF VIRGINIA

Bluestone Resources Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_

City/County of _Roanoke_ } ss.

I, _Leslie Ann Wells_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bluestone Resources Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

National Resources Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                            ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of National Resources Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of December 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

Tams Management, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of   Virginia   )
                      ) ss.
City/County of   Roanoke   )

I, Leslie Ann Wells , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Tams Management, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of December 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

LESLIE ANN WELLS
NOTARY PUBLIC
REG. #7560729
MY COMMISSION EXPIRES
5/31/2021
COMMONWEALTH OF VIRGINIA

38

Justice Farms of North Carolina, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of __Virginia__ )
                              ) ss.
City/County of __Roanoke__ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Justice Farms of North Carolina, LLC, a Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this __29th__ day of December 2017.

_____
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__

LESLIE ANN WELLS
NOTARY
PUBLIC
REG. #7560729
MY COMMISSION
EXPIRES
5-31-2021
COMMONWEALTH OF VIRGINIA

39

James C. Justice Companies, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_ )
City/County of _Roanoke_ ) ss.

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of James C. Justice Companies, Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

Twin Fir Estates, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of Virginia )
City/County of Roanoke ) ss.

I, Leslie Ann Wells _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Twin Fir Estates, LLC, a Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 29ᵗʰ day of December 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

41

Wilcox Industries, Inc.

By: _____ (SEAL)
Name: ~~James~~ C. Justice, III
Title: President

State of _Virginia_ )
City/County of _Roanoke_ ) ss.

   I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Wilcox Industries, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

   Witness my hand and official stamp or seal, this 29th day of December 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

42

Triple J, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of  Virginia  )
                              ) ss.
City/County of  Roanoke  )

I, Leslie Ann Wells , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Triple J, LLC, a Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 29th day of December 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

_____ (SEAL)
Name: James C. Justice, III

State of  Virginia  )
                              ) ss.
City/County of  Roanoke  )

I, Leslie Ann Wells , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III personally appeared before me this day and acknowledged the due execution of this Agreement.

Witness my hand and official stamp or seal, this 29th day of December 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

43

_____ (SEAL)
Name: James C. Justice, II

State of _West Virginia_
City/County of _Greenbrier_

I, _Connie G Vance_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, II personally appeared before me this day and acknowledged the due execution of this Agreement.

Witness my hand and official stamp or seal, this 29th day of December 2017.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 18, 2023
188 Waynes Mountain Rd
White Sulphur Springs, WV 24986

_____
Notary Public

My Commission expires: _February 18, 2023_
Notary Registration Number: _____

_____ (SEAL)
Name: Cathy L. Justice

State of _West Virginia_
City/County of _Greenbrier_

I, _Connie G Vance_, a Notary Public of the City/County and State aforesaid, certify that Cathy L. Justice personally appeared before me this day and acknowledged the due execution of this Agreement.

Witness my hand and official stamp or seal, this 29th day of December 2017.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 18, 2023
188 Waynes Mountain Rd
White Sulphur Springs, WV 24986

_____
Notary Public

My Commission expires: _February 18, 2023_
Notary Registration Number: _____

44

Chesapeake and Ohio Traveler, Inc.

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                         ) ss.
City/County of _Greenbrier_ )

I, _Connie G Vance_ , a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Chesapeake and Ohio Traveler, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
100 Virginia Mountain Rd
White Sulphur Springs WV 24986

_____
Notary Public

My Commission expires: _Feb 16, 2023_
Notary Registration Number: _____

45

The Greenbrier Resort and Club Management Company

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                         ) ss.
City/County of _Greenbrier_ )

I, _Connie G Vance_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Greenbrier Resort and Club Management Company, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of December 2017.

_____
Notary Public

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 18, 2023
100 Virginia Mountain Rd
White Sulphur Springs WV 24986

My Commission expires _Saturday 18, 2023_
Notary Registration Number: _____

46

Greenbrier IA, Inc.

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of West Virginia )
                                        ) ss.
City/County of Greenbrier )

I, Connie H Vance , a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier IA, Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of December 2017.

_____
Notary Public

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 18, 2023
159 Wayne Mountain Rd
White Sulphur Springs WV 24986

My Commission expires: _____, 2023
Notary Registration Number: _____

47

**Old White Club Corporation**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                         ) ss.
City/County of _Greenbrier_ )

I, _Connie Vance_ , a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Old White Club Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE S VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
159 Waynes Mountain Rd
White Sulphur Springs WV 24986

_____
Notary Public

My Commission expires: _February 16, 2023_
Notary Registration Number: _____

48

**The Old White Development Company**

By: _~~Jillean Justice~~_ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                                        ) ss.
City/County of _Greenbrier_ )

    I, _Connie G Vance_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Old White Development Company, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

    Witness my hand and official stamp or seal, this _29th_ day of December 2017.



NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
160 Virginia Mountain Rd
White Sulphur Springs WV 24986

_~~Connie G Vance~~_
Notary Public

My Commission expires: _February 16, 2023_
Notary Registration Number: _____

**Southeast Cotton, Inc.**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____ )
                                        ) ss.
City/County of _____ )

    I, _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Southeast Cotton, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

    Witness my hand and official stamp or seal, this _____ day of December 2017.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

49

**The Old White Development Company**

By: _____ (SEAL)
Name:  Jillean L. Justice
Title:  President

State of _____ )
                            ) ss.
City/County of _____ )

    I, _____, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Old White Development Company, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

    Witness my hand and official stamp or seal, this _____ day of December 2017.

_____
Notary Public

My Commission expires:_____
Notary Registration Number:_____

**Southeast Cotton, Inc.**

By: _____ (SEAL)
Name:  James C. Justice, III
Title:  President

State of Virginia )
                  ) ss.
City/County of Roanoke )

    I, Leslie Ann Wells, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Southeast Cotton, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

    Witness my hand and official stamp or seal, this 29th day of December 2017.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

49

**American Turf Grass Corporation**

By: _[signature]_ (SEAL)

Name: James C. Justice, III

Title: President

State of _Virginia_ )

City/County of _Roanoke_ ) ss.
)

I, _Leslie Ann Wells_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of American Turf Grass Corporation, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_[signature]_ Leslie Ann Wells
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

50

Rapidan, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_ )
City/County of _Roanoke_ ) ss.

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Rapidan, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _24th_ day of December 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY
PUBLIC
REG. #7560729
MY COMMISSION
EXPIRES
5.31.2021
COMMONWEALTH OF VIRGINIA

51

**Blue Ridge Farm Center, Inc.**

By: _Xxxxxxxxxxxxx_ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_ )
) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Blue Ridge Farm Center, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_Leslie Ann Wells_
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY
PUBLIC
REG. #7560729
MY COMMISSION
EXPIRES
5/31/2021
COMMONWEALTH OF VIRGINIA

52

**Justice Family Farms, LLC**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_ )
City/County of _Roanoke_ ) ss.
)

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that Justice Family Farms, LLC who is President of Justice Family Farms, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29th_ day of December 2017.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

53

Greenthorn LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of ___Virginia___ )
City/County of ___Roanoke___ ) ss.

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Greenthorn LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this __29th__ day of December 2017.

_____
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__

LESLIE ANN WELLS
NOTARY
PUBLIC
★ REG. #7560729 ★
MY COMMISSION
EXPIRES
5/31/20 21
COMMONWEALTH OF VIRGINIA

54

**Black River Coal, LLC**

By: _[signature]_ (SEAL)
Name: James C. Justice, III
Title: President

State of ___Virginia___ )
City/County of ___Roanoke___ ) ss.

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Black River Coal, LLC, a Delaware limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this ___29th___ day of December 2017.

_[signature]_
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__
33264506

_[Notary seal: LESLIE ANN WELLS, NOTARY PUBLIC, REG. #7560729, MY COMMISSION EXPIRES 5/31/2021, COMMONWEALTH OF VIRGINIA]_

## FIRST AMENDED AND RESTATED FORBEARANCE AGREEMENT

This First Amended and Restated Forbearance Agreement (this "Agreement"), dated as of January 26, 2018 (the "Execution Date"), by and among each of the undersigned persons or entities (individually and collectively, the "Justice Entities") and Carter Bank & Trust ("Lender") recites and provides as follows:

### RECITALS

A.      Each of the Justice Entities has heretofore executed and/or delivered to Lender loan agreements, promissory notes, security agreements, pledge agreements, negative pledge agreements, deeds of trust, assignments, guaranties and/or other documents, instruments and/or agreements (collectively, the "Loan Documents") that evidence, guarantee, secure or otherwise were executed and/or delivered in connection with loans, financial accommodations and/or other extensions of credit by Lender to one or more of the Justice Entities (collectively, the "Loans").

B.      Certain of the Justice Entities, namely Bluestone Energy Sales Corporation (Loan No. ███████72-81), A & G Coal Corporation (Loan No. █0940), Alabama Carbon, LLC (█0941), Bellwood Corporation (Loan No. █1234), Justice Low Seam Mining, Inc. (Loan Nos. ██65-78 and █1844), Kentucky Fuel Corporation (Loan No. █2083), Virginia Fuel Corporation (Loan Nos. █2082 and █2291), James C. Justice Companies, Inc. (Loan No. ██7244), Justice Farms of North Carolina, LLC (Loans No. ██████49-73 and ████49-70), Justice Coal of Alabama, LLC (Loan No. ███████22-76), James C. Justice, II (as guarantor), Cathy L. Justice (as guarantor), James C. Justice, III (Loan No. ██████82-83 and as guarantor) are in default with respect to the above-described loans issued to each of them by Lender (collectively, the "Defaulted Loans").

C.      By that certain (a) Forbearance Agreement dated November 22, 2017 (the "Original Forbearance Agreement") and (b) First Amended and Restated Forbearance Agreement dated December 26, 2017 ("Amended Forbearance Agreement")(together "Forbearance Agreement"), the Justice Entities and Lender agreed to certain indulgences as more fully set forth therein.

D.      Because without an extension of the Forbearance Agreement, the Defaulted Loans will be in default, Lender will have the immediate right to exercise any and all of its rights and remedies against the Justice Entities and the collateral relating to the Defaulted Loans under the applicable Loan Documents, at law, in equity or otherwise. The Justice Entities that are not direct or indirect obligors with respect to the Defaulted Loans hereby acknowledge and agree that they have received good and valuable consideration deemed valuable at law as a direct result of the benefits that each will derive from this Agreement. The Justice Entities have requested that Lender further forbear from exercising such rights and remedies as set forth below. Subject to the terms and conditions of this Agreement, Lender has agreed to such request.

**NOW, THEREFORE**, in consideration of the mutual covenants set forth herein and in the other documents contemplated hereby, the receipt and sufficiency of which consideration is hereby mutually acknowledged, the parties hereto hereby agree as follows:

1

**AGREEMENTS**

1.     **Recitals.** The foregoing recitals are confirmed by the parties as true and correct and are incorporated by this reference. The recitals are a substantive, contractual part of this Agreement.

2.     **Conditions Precedent; Settlement.**

    (a)     **Conditions Precedent.** Lender's obligations under this Agreement are subject to satisfaction of the following conditions:

        (i)     Lender's receipt of an original of this Agreement, executed by or on behalf of the Justice Entities, with the notarial acknowledgements properly completed;

        (ii)     The Justice Entities shall have paid Lender $2,131,219.06 representing interest payments due for the Defaulted Loans through the payment due on December 1, 2018; and

        (iii)     The Justice Entities shall have paid Lender all regularly scheduled payments due on January 1, 2018 for all Loans that are not Defaulted Loans except for the regularly scheduled payments due on Loan Nos. ▮1542, ▮▮▮▮▮4582 and ▮▮▮▮▮7871 which shall not be due and payable until February 15, 2018 (the payments required under (ii) and (iii) herein shall be referred to as the "Initial Payment").

    (b)     **Settlement.** Settlement of the transactions contemplated by this Agreement ("Settlement") shall occur at the offices of Lender on or before Noon (local time) on or before the Execution Date.

3.     **Forbearance Period.**

    (a)     **Forbearance Period.** Subject to the conditions set forth herein and unless earlier terminated pursuant to Section 13 hereof, Lender agrees that it will forbear from exercising any of its rights or remedies, legal or equitable, against the Justice Entities pursuant to the Defaulted Loans from the Execution Date until 5:00 p.m. (local time) on February 28, 2018 (the "Forbearance Termination Date"). The period from the Execution Date to the Forbearance Termination Date shall be referred to as the "Forbearance Period."

    (b)     **Accrual of Interest on the Defaulted Loans.** Each of the Justice Entities agrees that interest shall continue to accrue at the prevailing contractual rate on the outstanding

2

principal balance of the Defaulted Loans during the Forbearance Period.

(c) **Payments on the Non-Defaulted Loans.** Each of the Justice Entities shall make all regularly scheduled payments as and when due on all Loans that are not Defaulted Loans except for the regularly scheduled payments due on Loan Nos. █1542, █████4582 and ████7871 which shall not be due and payable until February 15, 2018.

4. **Deliveries at Settlement.** At Settlement, the Justice Entities shall deliver to Lender or execute and deliver to Lender, as may be applicable, the following:

(a) **Initial Payment.** The Initial Payment.

(b) **Financial Information.** Such financial statements of the Justice Entities that have been prepared in accordance with generally accepted accounting principles applied on a consistent basis, certified as true and correct by the Justice Entities as Lender may reasonably require, together with true and complete copies of the Justice Entities' 2016 Federal tax returns (and all statements and schedules filed therewith). In particular, financial reports for all coal and farm companies through November 30, 2018 must be delivered prior to Settlement.

5. **Covenants Relating to the Collateral.** The Justice Entities agrees as follows:

(a) **Appraisals; Property Inspections.**

(i) **Appraisals.** Each of the Justice Entities hereby acknowledges and agrees that Lender may obtain an appraisal or analysis of the collateral securing various loans to the Justice Entities ("Collateral") at such time or times that Lender deems such appraisal or analysis is necessary in its discretion, and the Justice Entities shall be obligated to reimburse Lender for the costs thereof upon demand. The Justice Entities agree to provide access to the Collateral to Lender and its appraisers/analysts in connection with such appraisals and/or analyses and to cooperate fully, and cause their respective officers, employees and agents to cooperate fully, with all reasonable requests made by Lender or such appraisers/analysts in connection therewith.

(i) **Collateral Inspections.** The Justice Entities hereby acknowledge and agree that Lender may obtain inspection reports with respect to the Collateral at such time or times that Lender deems such reports necessary in its discretion, and the Justice Entities shall be obligated to reimburse Lender for the costs thereof upon demand. The Justice Entities agree to provide access to the Collateral to Lender and its inspectors in connection with such reports and to cooperate fully, and cause their respective officers, employees and agents to cooperate fully, with reasonable requests made by Lender or such inspectors in connection therewith.

6. **Financial Statements and Information.** Until the Loans indefeasibly paid in full (i) the Justice Entities shall provide Lender within 30 days after Lender's written request therefor current operating financial statements in form and substance acceptable to Lender, together with an executed copy of each of the Justice Entities' most recent filed federal tax return with all schedules and attachments thereto and worksheets with respect thereto, certified in

writing by the Justice Entities to be true, correct and complete, and (ii) the Justice Entities shall provide Lender from time to time with such other and further financial information as reasonably required by Lender as soon as it is available, but, in no event, later than 30 days after such request by Lender, specifically including but not limited to status reports regarding any pending litigation.

7.   **Representations, Warranties, Acknowledgments, and Agreements**.   The Justice Entities hereby represent, warrant (which representations and warranties shall survive the execution and delivery of this Agreement), acknowledge, and agree, as may be applicable, as follows:

(a)   **Status of Justice Entities**.  Each of the Justice Entities (other than each Justice Entity who is a natural person) is a limited liability company or a corporation duly organized, validly existing, and in good standing under the laws of the state in which it is organized, and is qualified to transact business in each other state that, because of the nature of its business, it is required to be qualified to transact business.  Each of the Justice Entities has taken all necessary action to authorize, execute, deliver and perform this Agreement and all other agreements between it and Lender.

(b)   **Valid and Binding Obligations**.  This Agreement, the Loan Documents, as amended hereby, and any other documents executed in connection herewith or therewith, when executed and delivered, will constitute the legal, valid, and binding obligations of the Justice Entities, enforceable in accordance with their respective terms.

(c)   **Renewal; Lien Continuation; No Novation; Reaffirmation**.  Each of the Justice Entities hereby expressly affirms, renews and reaffirms the Loan Documents to the extent it is a party thereto, and, except as expressly modified by this Agreement, each promises to pay and perform its respective obligations under each of the Loans and Loan Documents to the extent it is a party thereto.  Nothing herein shall in any manner diminish, impair or extinguish any of the Loans or Loan Documents or the liens and security interests created pursuant to any of the foregoing.  The liens and security interests of the Loan Documents are not waived or modified in any respect.  The execution and delivery of this Agreement shall not constitute a novation of the debt evidenced by any of the Loan Documents.  Without limiting the generality of the foregoing, each of the Justice Entities hereby acknowledges and agrees that, except as expressly modified by this Agreement, (i) the execution and delivery of this Agreement does not and shall not in any respect affect or impair any of its obligations, covenants or agreements under any of the Loan Documents and (ii) it hereby expressly affirms, confirms and reaffirms all of its obligations under the Loan Documents to the extent it is a party thereto.

(d)   **Continuing Obligations.**  The Justice Entities hereby acknowledge and agree that Lender has no obligation to make any loans or advances to or for the benefit of any of the Justice Entities under any of the Loan Documents or this Agreement.  Each of the Justice Entities hereby acknowledges and agrees that Lender has the present right to exercise any and all rights and remedies available to it under the Loan Documents, at law, in equity or otherwise, and all other rights and remedies available to Lender, all of which rights and remedies Lender hereby expressly reserves.  Each of the Justice Entities hereby acknowledges and agrees that interest,

4

late charges, attorneys' fees and costs, and all other costs and expenses described in the Loan Documents continue to accrue, and each of the Justice Entities hereby agrees, jointly and severally, to pay all such interest, late charges, attorneys' fees and costs, and all other costs and expenses in accordance with the Loan Documents, as modified by this Agreement.

(e)     **No Waiver**.  The execution, delivery and performance of this Agreement by Lender and the acceptance by Lender of the performance of each of the Justice Entities hereunder (a) shall not constitute a waiver or release by Lender of any default or event of default that may now or hereafter exist under any of the Loan Documents and (b) except as expressly provided in Section 2 hereof, shall be without prejudice to, and is not a waiver or release of, Lender's rights at any time in the future to exercise any and all rights conferred upon Lender by the Loan Documents, at law, in equity or otherwise, including without limitation the right to institute foreclosure proceedings or to institute collection proceedings against any or all of the Justice Entities. Each of the Justice Entities hereby expressly waives any and all claims or rights now or hereafter arising from or related to any delay by Lender in exercising any rights or remedies under the Loan Documents.

(f)     **Good and Marketable Title**.  Each of the Justice Entities has good and marketable title to all of its assets, including, but not limited to, the Collateral, in fee simple, subject to no mortgage, indenture, pledge, lien, conditional sale contract, security interest, encumbrance, claim, trust, or charge except as has been disclosed to Lender in writing.

(g)     **No Consent or Filing**.  No consent, license, approval, or authorization of, or registration, declaration, or filing with any court, governmental authority, or other person, entity or agency is required in connection with the valid execution, delivery, or performance of this Agreement or the other documents required by this Agreement or in connection with any of the transactions contemplated thereby.

(h)     **No Violations**.  The execution, delivery, and performance by each of the Justice Entities of its obligations hereunder and under the documents required hereby and the performance by each of the Justice Entities of its respective obligations under the other Loan Documents will not violate or cause a default under any mortgage, deed of trust, borrowing agreement, or any other instrument or agreement to which such Justice Entity is a party.  None of the Justice Entities is in violation of any term of any indenture, instrument, or agreement to which it is a party or by which it or any of its properties may be bound, resulting, or which might reasonably be expected to result, in a material and adverse effect upon any of the property that comprises the Collateral or any of the Justice Entities' businesses or assets.  The Justice Entities are not in violation of any order, writ, judgment, injunction or decree of any court of competent jurisdiction, any governmental authority or any arbitrator.  The execution and delivery of this Agreement and the documents required in connection herewith and the performance of all of the same are and will be in compliance with the foregoing and will not result in any violation or result in the creation of any mortgage, deed of trust, lien, security interest, charge, or encumbrance upon any properties or assets of any of the Justice Entities except in favor of Lender unless otherwise required or permitted under the terms of the Loan Documents.  There exists no fact or circumstance not disclosed in this Agreement or in the documents executed, delivered or otherwise furnished by any of Justice Entities in connection herewith which

materially adversely affects or in the future may materially adversely affect the condition, businesses, or operations of any of the Justice Entities.

(i)   <u>**Accuracy and Completeness of Information**</u>.   All information, documents, reports, statements, financial statements, and data heretofore submitted by or on behalf of the Justice Entities are true, accurate and complete, and none contains any material misstatement of fact or omits to state any fact necessary to make the statement contained therein not misleading. All financial statements (including any notes or schedules which are a part of or pertain to the financial statements) submitted by the Justice Entities accurately reflect (i) the financial condition of the Justice Entities as of the dates thereof and for the periods referred to therein, and (ii) the results of the business operations of any of the Justice Entities for the periods covered thereby. All material information in the Justice Entities' possession which might bear on Lender's decision to enter into this Agreement has been supplied by or on behalf of Justice Entities prior to Settlement, and none of the Justice Entities has failed to disclose to Lender in writing any facts or information that could reasonably be expected to result in a material adverse effect with respect to such Justice Entity. During the term of this Agreement, each of the Justice Entities agrees promptly to advise Lender in writing of (i) any and all new information, facts, or occurrences which would in any way supplement, contradict, or affect any financial statements or other information furnished to Lender, (ii) the occurrence of any default or event of default, or the occurrence of any event that with the giving of notice or the lapse of time, or both, would constitute a default or an event of default under this Agreement or any of the Loan Documents, or (iii) the occurrence of any event that would have a material adverse effect upon (A) the business, assets, properties, liabilities, condition (financial or otherwise), results of operations or business prospects of any of the Justice Entities, (B) the ability of any of the Justice Entities to perform any obligation under this Agreement or any of the Loan Documents, (C) the legality, validity, binding effect or enforceability of this Agreement or any of the Loan Documents, or (D) the ability of Lender to enforce any of its rights or remedies under or in connection with this Agreement or any of the Loan Documents.

(j)   <u>**No Cause of Default**</u>.   The Justice Entities' entering into this Agreement (or the documents required hereby) will not immediately, or with the passage of time, the giving of notice, or both, cause the Justice Entities to violate or be in default under any agreements or obligations.

(k)   <u>**No Violations of Law**</u>.   None of the Justice Entities is in violation of any applicable federal, state, or local law, rule, statute, regulation, or ordinance, nor will the execution and delivery of this Agreement (or any of the documents required hereby) by any of the Justice Entities cause any of the Justice Entities to be in such violation.

(l)   <u>**No Litigation**</u>.   There are no actions, suits, arbitrations or other proceedings pending or, to the knowledge of the Justice Entities, threatened against any of the Justice Entities, any of their respective assets, or any property that comprises the Collateral except as set forth on the attached Litigation Exhibit.

(m)   <u>**Tax Returns**</u>.   Each of the Justice Entities has duly filed all federal, state, local and other tax returns required to be filed and has duly paid all taxes required by such

returns. The Justice Entities have not received any assessments by the Internal Revenue Service or other taxing authority for unpaid taxes.

(n)   **Environmental Matters**.  To the best of the Justice Entities' knowledge, none of the Justice Entities is in violation of any environmental law, rule, or regulation, including, without limitation, any laws affecting wetlands, the Environmental Protection Act, the Chesapeake Bay Preservation Act, the Occupational Safety and Health Act, the Comprehensive Environmental Response, Compensation and Liability Act, or the Resource Conservation and Recovery Act.

(o)   **Regarding the Collateral**.  None of the Justice Entities has any knowledge of any material latent defect with respect to any of the Collateral that has not been disclosed to Lender in writing.

(p)   **Bankruptcy**.  The Justice Entities, recognizing that Lender has changed its position in reliance on the representations, acknowledgments, agreements, and warranties of Justice Entities set forth herein and in the documents required hereby, and they further agree that: (i) upon the occurrence of an Event of Default hereunder, the Justice Entities will not attempt to delay, frustrate, or raise any meritless defenses to Lender's exercising its rights and remedies against any of the Justice Entities and/or the Collateral under applicable documents, applicable law or otherwise; (ii) if there is filed by or against any of the Justice Entities within 24 months after the Execution Date a petition under the United States Bankruptcy Code, the Justice Entities irrevocably and absolutely admit and agree that Lender is entitled to the automatic, immediate and absolute lifting of any stay as to the enforcement of Lender's rights or remedies against the Collateral under applicable documents and applicable law, including, but not limited to, the stay imposed by 11 U.S.C. § 362, as may be amended from time to time (collectively, the "Stay"). The Justice Entities hereby absolutely and irrevocably consent to the immediate lifting of the Stay and will not contest, and will affirmative consent and cause its counsel to affirmatively consent, to any motion or other proceeding filed by Lender to lift the Stay.  Nothing in this Agreement shall be deemed in any way to restrict or limit Lender's right to seek in the United States Bankruptcy Court or any other court of competent jurisdiction any relief Lender may deem appropriate in the event that a voluntary or involuntary petition is filed by or against any of the Justice Entities under applicable provisions of the United States Bankruptcy Code.  The representations, acknowledgments, agreements, and warranties set forth in this Agreement have been made by the Justice Entities as a material inducement to Lender to enter into this Agreement.   Lender has reasonably relied upon the representations, acknowledgments, agreements, and warranties set forth in this Agreement, has changed and will continue to change its position in reliance thereon, and would not have entered into this Agreement without such representations, acknowledgments, agreements, and warranties.  Each of the Justice Entities hereby acknowledges and agrees that this Agreement is not being made or entered into with the intent to hinder, delay or defraud any entity or person.

(q)   **Further Assurances**.  Each of the Justice Entities hereby agrees to execute and deliver, from time to time, to Lender promptly upon request from Lender and at the sole expense of each of the Justice Entities, such additional certificates, papers, documents, instruments, opinions and agreements as may be necessary or appropriate, as determined in

Lender's sole opinion, to consummate the transactions herein contemplated, to perform such acts as Lender may request to effect the purposes of this Agreement, and to secure to Lender the benefits of all rights and remedies conferred upon Lender by the terms of this Agreement and the Loan Documents.

8.      **No Novation.**  It is the express intention of all parties to this Agreement that nothing contained herein shall be construed to constitute a novation with respect to any of the Loans or Loan Documents.

9.      **Negotiations; Only Written Agreements.**  The Justice Entities acknowledge that they are about to commence negotiations with Lender concerning the payment and collateralization of the Defaulted Loans, and discuss payment options that the parties believe to be mutually beneficial.  A purpose of this Agreement is to clarify the nature and terms of such negotiations.  Except as expressly set forth herein, as of the Execution Date, Lender has not agreed to modify any of the Obligations or to forbear from exercising any of its rights or remedies relating thereto and Borrowers acknowledge that. The discussions and negotiations among the parties may be time-consuming and complex.  This Agreement will confirm that while there may be many matters that the parties hope to discuss, no agreement shall be enforceable unless in writing and duly authorized and executed by all parties.  Lender's forbearance shall be governed solely by the terms of this Agreement.  To avoid confusion or misunderstanding, the parties agree that this Agreement and the Loan Documents may be amended only in writing.

10.     **Applicable Law, Jurisdiction and Venue.**  The Loan Documents shall be construed in accordance with and governed by the laws of the Commonwealth of Virginia and shall bind the Justice Entities and Lender.  Each of the Justice Entities hereby irrevocably agree that any legal action or proceeding arising out of or relating to this Agreement or any of the Loans or Loan Documents shall be instituted exclusively in either the Circuit Court of the City of Martinsville, Virginia or the United States District Court for the Western District of Virginia, assuming such latter court has jurisdiction.  Each of the Justice Entities hereby consents to the jurisdiction of such courts and waives any objection relating to the basis for personal or in rem jurisdiction or to venue which the Justice Entities may now or hereafter have in any such legal action or proceedings.

11.     **WAIVER OF JURY TRIAL.  UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, EACH OF THE JUSTICE ENTITIES HEREBY WAIVES THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING UNDER OR OUT OF THIS AGREEMENT, THE LOANS, THE LOAN DOCUMENTS OR OUT OF THE CONDUCT OF THE RELATIONSHIP AMONG THE JUSTICE ENTITIES, OR ANY OF THEM AND LENDER.  THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER TO ENTER INTO THIS AGREEMENT.  FURTHER, EACH OF THE JUSTICE ENTITIES HEREBY CERTIFIES THAT NO REPRESENTATIVE OR AGENT OF LENDER, NOR LENDER'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT LENDER WOULD NOT SEEK TO ENFORCE THIS WAIVER OF THE RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION.  NO REPRESENTATIVE OR AGENT OF LENDER OR LENDER'S**

**COUNSEL HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.**

12. <u>Joint and Several Liability</u>. Each and every obligation of any of the Justice Entities contained in this Agreement shall be the joint and several obligations of each of the Justice Entities.

13. <u>Events of Default; Remedies</u>.

(a) <u>Events of Default</u>. Each of the following shall constitute an Event of Default hereunder and under each of the Loan Documents: (i) the failure of any of the Justice Entities to perform or observe any monetary covenant or agreement contained herein or in any of the Loan Documents, as amended hereby; (ii) the failure of any of the Justice Entities to perform or observe any covenant or agreement contained herein or in any of the Loan Documents, as amended hereby, relating to insurance coverage on any of the property that comprises the Collateral; (iii) the failure of any of the Justice Entities to perform or observe any covenant or agreement contained herein or in any of the other Loan Documents, as amended hereby; (iv) discovery by Lender that any representation or warranty made by any of the Justice Entities herein or in any report delivered by any of the Justice Entities to Lender was materially untrue, incorrect, misleading or is breached in any material respect; (v) if any of the Justice Entities does not permit Lender or its agents to inspect any of the property that comprises the Collateral or the business records of any of the Justice Entities, as applicable, with respect thereto during regular business hours with at least two business days' notice; (vi) any lien, claim or charge, including, without limitation, any abstract of judgment, is filed against or with respect to any of the Collateral, whether or not naming any of the Justice Entities as a defendant; (vii) Lender receives notice of any garnishment against any deposit or other account maintained by any of the Justice Entities at Lender or any other financial institution, or Lender receives notice of any tax lien or other lien in favor of any governmental authority or other creditor that has been assessed or filed against any of the Justice Entities or any of their respective properties or assets; or (viii) there is filed by or against any of the Justice Entities a petition in bankruptcy or a petition for the appointment of a receiver or trustee for any property or assets of the Justice Entities, or if any of the Justice Entities files a petition for reorganization under any of the provisions of the Federal Bankruptcy Code or of any similar federal or state law, or if any of the Justice Entities makes a general assignment for the benefit of creditors, or makes any insolvency assignment, or is adjudged insolvent by any court of competent jurisdiction, or the Justice Entities takes any action in furtherance of the foregoing.

(b) <u>Remedies</u>. Upon the occurrence of any Event of Default hereunder, in addition to any other remedy provided herein or in the Loan Documents, (i) the Forbearance Period shall immediately terminate and the Defaulted Loans shall be immediately due and payable in full; (ii) Lender, at its option and without notice to any of the Justice Entities, may exercise all rights and remedies available to it hereunder and/or under all of the Loan Documents, under applicable law or otherwise against any or all of the Justice Entities and/or any Collateral, including, but not limited to, electing to instruct the trustees under the applicable deeds of trust to sell the Collateral by foreclosure, confessing judgment jointly and severally against any applicable Justice Entity and (iv) interest shall accrue on the outstanding balance of the indebtedness evidenced by the Loan Documents at the fixed annual rate of interest of

eighteen percent (18%) until the indebtedness evidenced by the Loan Documents is paid in full.

(c) **Costs and Expenses**. The Justice Entities shall pay or reimburse Lender for, as may be applicable, upon demand, all costs and expenses incurred by Lender in collecting the Loans, with or without litigation, or in preserving, perfecting, protecting, or disposing of any of the Collateral or the obligations evidenced by any of the Loan Documents, including, but not limited to, reasonable attorneys' fees and costs.

14. **Notices**. Any notice required or permitted by or in connection with this Agreement or any of the other Loan Documents shall be in writing and shall be made by hand delivery, by Federal Express, UPS, or other similar overnight delivery service, or by certified mail, return receipt requested, postage prepaid, addressed to Lender or the Justice Entities at the appropriate address set forth below or to such other address as may be hereafter specified by written notice by Lender or the Justice Entities, and notice shall be considered given as of the date of hand delivery, delivery to Federal Express, UPS, or other similar overnight delivery service, or two business days after the date of mailing, independent of the date of mail delivery or whether delivery is in fact made, as the case may be:

> If to Lender:          Carter Bank & Trust
>                         Attn:  Phyllis Q. Karavatakis, President and Chief
>                         Banking Officer
>                         1300 Kings Mountain Road
>                         Martinsville, VA 24112
>
> With a copy to:        Jonathan L. Hauser, Esq.
>                         Troutman Sanders LLP
>                         222 Central Park Avenue
>                         Suite 2000
>                         Virginia Beach, VA 23462
>
> If to Justice Entities:
>
> With a copy to:

15. **Miscellaneous Provisions**. The Loan Documents are hereby amended to reflect the terms of this Agreement.  Any election, determination, selection, or acceptance by Lender contemplated under this Agreement and/or any document contemplated hereby (individually, a "Modification Document" and collectively, the "Modification Documents") may be made in Lender's sole and absolute discretion. This Agreement and all Modification Documents shall be deemed to be Loan Documents.  Any reference to the maturity of any Loan shall mean its maturity, whether its stated maturity, by acceleration or otherwise.  If any deadline in any Loan Document falls on a weekend or a holiday, the deadline shall be extended to the next business day.  All payments due under any Loan Document shall be paid to Lender in immediately available funds.  Each of the Justice Entities jointly and severally agrees to defend, indemnify, and hold Lender harmless from and against all claims, loss, liability, damage, and expense, including attorneys' fees and costs as provided herein, suffered or incurred by Lender, directly or

indirectly, by reason of, or which results, arises out of or is based upon the failure of any of the Justice Entities to comply with any of the covenants made herein or in any of the Loan Documents or from a breach of any representation or warranty made herein or therein, or in connection with any of the property that comprises the Collateral or any action taken by Lender pursuant to the terms of this Agreement or any of the Loan Documents (except actions by Lender determined by a court of competent jurisdiction to be willful or grossly negligent). In any Modification Document, "so long as no Event of Default exists" shall mean "so long as no Event of Default exists hereunder and no event has occurred which, with the giving of notice or the lapse of time, or both, would constitute such a default." Any amount added to the balance due on a Loan pursuant to the terms of a Modification Document or of any of the other Loan Documents shall accrue interest at the default rate set forth in such Loan Document, or, if no default rate is set forth therein, at the fixed annual rate of eighteen percent (18%), be secured by all the collateral then pledged to secure such Loan, and be due and payable in full on the earlier to occur of ten days after Lender's written demand therefor or upon the maturity of such Loan. TIME IS OF THE ESSENCE with respect to the performance by Justice Entities of their obligations arising under the Modification Documents and under the other Loan Documents. No failure by Lender to exercise and no delay in exercising any right arising under any Modification Document or under the other Loan Documents shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right. The rights of Lender under the Modification Documents and under the other Loan Documents shall be in addition to all other rights provided by applicable law. This Agreement and the Modification Documents (unless such Modification Documents expressly state that they shall be governed by the law of another commonwealth or state) shall be governed by and construed in accordance with the internal laws of the Commonwealth of Virginia without regard to the conflicts of law principles. The relationship between Lender, on the one hand, and the Justice Entities, on the other hand, is and shall at all times remain solely that of lender and borrower. In the event any payments made under the Modification Documents or under the other Loan Documents must be returned by Lender pursuant to bankruptcy or other creditors' rights laws, the amounts so returned shall again be added to the applicable Loan. THE JUSTICE ENTITIES (A) ACKNOWLEDGE THAT, PRIOR TO THE EXECUTION OF THE MODIFICATION DOCUMENTS, THEY SOUGHT AND RECEIVED THE ADVICE OF QUALIFIED COUNSEL ON THE RAMIFICATIONS AND EFFECT THEREOF (OR HAD THE OPPORTUNITY AND WAS ENCOURAGED BY LENDER TO DO SO), (B) WAIVE ALL KNOWN OR UNKNOWN DEFENSES OR RIGHTS OF SET-OFF TO PAYMENT OF THE LOANS EXISTING AS OF THE EXECUTION AND (C) HEREBY RE-ACKNOWLEDGE, RE-CONFIRM AND RE-AFFIRM THEIR AGREEMENTS AS IF MADE AS OF THE EXECUTION DATE AS SET FORTH IN THAT CERTAIN RELEASE AND REAFFIRMATION AGREEMENT DATED MAY 22, 2017, COPY OF WHICH IS ATTACHED HERETO AND INCORPORATED HEREIN AS IF FULLY SET FORTH. Paragraph headings in this Agreement are for convenience of reference only and shall in no way affect the interpretation thereof. A determination that any provision of any Modification Document or any other Loan Document is unenforceable shall not affect the enforceability of any other specific provision thereof or of the applicable Modification Document or Loan Document generally. This Agreement and the Modification Documents shall be binding upon and inure to the benefit of Lender, the Justice Entities, and their respective successors and assigns, heirs, and personal representatives, as may be applicable; provided, however, that

Justice Entities may not assign any of their rights or delegate any of their duties hereunder or thereunder. The Justice Entities agree to execute and deliver, and to pay all costs, fees and other expenses associated with, such additional documents and instruments as Lender may request to implement the provisions of this Agreement, the Modification Documents and/or the other Loan Documents or to correct any errors or omissions with respect to this Agreement, the Modification Documents, any of the Loan Documents or any of the documents relating hereto or thereto. The Justice Entities hereby covenant and agree to cooperate fully with Lender in response to any reasonable request by Lender for action that furthers the purposes and intent of this Agreement and/or in connection with any title issue relating to any of the collateral pledged to secure either or both of the Loan. EACH OF THE PARTIES HERETO HAS REVISED, OR REQUESTED REVISIONS TO, THIS AGREEMENT, AND THE USUAL RULE OF CONSTRUCTION THAT ANY AMBIGUITIES ARE TO BE RESOLVED AGAINST THE DRAFTING PARTY SHALL BE INAPPLICABLE IN THE CONSTRUCTION AND INTERPRETATION OF THIS AGREEMENT. To facilitate execution, this Agreement and all Modification Documents may be executed in counterparts as may be required. Each set of counterparts of this Agreement or any Modification Document shall collectively constitute a single agreement, as applicable. The Justice Entities covenant and agree that they will not hereafter assert that an oral modification hereto has been effectuated. In the event of a conflict between this Agreement and any of the Modification Documents or the Loan Documents, the terms of this Agreement shall control.

[Remainder of Page Intentionally Left Blank]

IN WITNESS WHEREOF, Lender and the Justice Entities have caused this Forbearance Agreement to be executed under seal by their respective duly authorized representatives as of the day and the year first written above.

LENDER:

Carter Bank & Trust

By: _Phyllis Q. Karvatakis_ (SEAL)

Phyllis Q. Karvatakis
Its President

COMMONWEALTH OF VIRGINIA
~~CITY OF~~ COUNTY OF ____HENRY____, to-wit:

The foregoing Forbearance Agreement was executed and acknowledged before me this 30 day of January 2018, by Phyllis Q. Karavatakis, in her capacity as President of Carter Bank & Trust, who __X__ is personally known to me or _____ has produced _____ as identification.

_____
Notary Public
My commission expires: May 31, 2019
Notary Registration No.: 206191

| Janet S. Harrell |
| Notary Public |
| Commonwealth of Virginia |
| Reg # 206191 |
| My Commission Expires MAY 31, 2019 |

13

**JUSTICE ENTITIES:**

**Greenbrier Hotel Corporation**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

**State of** _West Virginia_
**City/County of** _Gea_          )ss.

I, _Connie G. Vance_ _____ , a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Hotel Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my **hand** and official stamp or seal, **this** 30th day of January 2018.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 18, 2023
159 Waynes Mountain Rd

14

Justice Family Group, **LLC**

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _____ )
                          ) ss.
City/County of _____ )

I, _____, a **Notary** Public of the City/County and State aforesaid, certify that Jillean L. Justice who **is** President of Justice Family Group, LLC, a Delaware limited liability company, personally appeared before me this day **and** acknowledged the due execution **of** this **Agreement** on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 30th day of January 2018.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm Expires Feb 16, 2023
159 Waynes Mountain Rd
Wyte Sulpher Springs WV 24986

_____
Notary Public

My Commission expires: February 16, 2023
Notary Registration Number: _____


Players **Club**, LLC

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _____ )
                          ) ss.
City/County **of** _____ )

I, _____, a Notary Public of **the** City/County and State aforesaid, certify that Jillean L. Justice who **is** President of Players Club, LLC, a Delaware limited liability company, personally appeared before me **this day** and acknowledged **the** due execution of this Agreement **on** behalf of the limited liability company.

Witness my hand and official stamp or seal, this 30th day of **January** 2018.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm Expires Feb 16, 2023
159 Waynes Mountain Rd
Wyte Sulpher Springs WV 24986

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

Greenbrier Golf and Tennis Club Corporation

By: _Jillean Justice_ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
) ss.
City/County of _Greenbrier_ )

I, _Connie G Vance_ , a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Golf and Tennis Club Corporation, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand under seal stamp or seal, this 30th day of January 2018.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
199 Waynes Mountain Rd
White Sulphur Springs A, 24986

_Connie G Vance_
Notary Public

My Commission expires: _February 16, 2023_
Notary Registration Number: _____

Greenbrier Medical Institute, LLC

By: _Jillean Justice_ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
) ss.
City/County of _Greenbrier_ )

I, _Connie G Vance_ , a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier Medical Institute, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 30th day of January 2018.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
199 Waynes Mountain Rd
White Sulphur Springs WV 24986

_Connie G Vance_
Notary Public

My Commission expires: _Yhuuauy 16, 2023_
Notary Registration Number: _____

Oakhurst Club, LLC

By: _____ (SEAL)
Name: Jillean L. Justice
Title: Member

State of _West Virginia_ )
                         ) ss.
City/County of _Greenbrier_ )

I, _Connie G Vance_ _____, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is a Member of Oakhurst Club, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _30th_ day of January 2018.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm Expires Feb 16, 2023
155 Waynes Mountain Rd
White Sulpher Springs WV 24986

_____
Notary Public

My Commission expires: _February 16, 2023_
Notary Registration Number: _____

17

The Greenbrier Sporting Club, Inc.

By: _____ (SEAL)
Name: _Stephen W. Ball_
Title: _Vice President_

State of _Virginia_ )
                                      ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_, a Notary Public of the City/County and State aforesaid, certify that _Stephen W. Ball_ who is _Vice President_ of The Greenbrier Sporting Club, Inc. a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _____ day of January 2018.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021

18

The Greenbrier Sporting Club Development Company, Inc.

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _____West Va.____ )
                           ) ss.
City/County of _Greenbrier_ )

I, __Connie G. Vance__ , a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Greenbrier Sporting Club Development Company, Inc., a Delaware limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of January 2018.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
Comm. Expires Feb 16, 2023
100 Wayfes Mountain Rd
White Sulphur Springs WV 24986

_____
Notary Public

My Commission expires: _February 16, 2023_
Notary Registration Number: _____

19

Southern **Coal Corporation**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of    Virginia          )
                              ) ss.
City/County of    Roanoke     )

I, Leslie Ann Wells _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Southern Coal Corporation, a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of January 2018.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

| LESLIE ANN WELLS |
| NOTARY PUBLIC |
| Commonwealth of Virginia |
| Registration No. 7560729 |
| My Commission Expires May 31, 2021 |

A&G Coal Corporation

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of    Virginia          )
                              ) ss.
City/County of    Roanoke     )

I, Leslie Ann Wells _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of A&G Coal Corporation, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of January 2018.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

| LESLIE ANN WELLS |
| NOTARY PUBLIC |
| Commonwealth of Virginia |
| Registration No. 7560729 |
| My Commission Expires May 31, 2021 |

20

Bardo Mining, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
City/County of __Roanoke__ ) ss. )

    I, _Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bardo Mining, LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

    Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021
```

Liggett Mining, LLC

By: _____ (SEAL)
Name:  James C. Justice, III
Title:  President

State of _Virginia_ )
                                    ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Liggett Mining, LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20 21

22

Sequoia Energy, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                                 ) ss.
City/County of ____Roanoke____ )

    I, ____Leslie Ann Wells____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Sequoia Energy, LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

    Witness my hand and official stamp or seal, this ___29th___ day of January 2018.

_____
Notary Public

My Commission expires: ___5-31-2021___
Notary Registration Number: ___7560729___

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021

23

Infinity Energy, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_ )
                    ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Infinity Energy, LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20 21

24

**Cane-Patch Mining Company, Inc.**

By: _____ (SEAL)

Name: James C. Justice, III

Title: President

State of ~~Virginia~~ )

                    ) ss.

City/County of ~~Roanoke~~ )

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Cane-Patch Mining Company, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of January 2018.

_____

Notary Public

My Commission expires: 5-31-2021

Notary Registration Number: 7560729

```
┌─────────────────────────────────────┐
│        LESLIE ANN WELLS              │
│        NOTARY PUBLIC                 │
│     Commonwealth of Virginia         │
│      Registration No. 7560729        │
│  My Commission Expires May 31, 2021  │
└─────────────────────────────────────┘
```

Meg-Lynn Land Company, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                             ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Meg-Lynn Land Company, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021

26

Premium Coal Company, Inc.

By: _____ (SEAL)
Name:  James C. Justice, III
Title:  President

State of _____Virginia_____ )
                                          ) ss.
City/County of __Roanoke__ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Premium Coal Company, Inc., a Tennessee corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of January 2018.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20 21

27

Baden Reclamation Company

By: _____ (SEAL)
Name: James C. Justice, III
Title:  President

State of _____Virginia_____ )
                                              ) ss.
City/County of __Roanoke__ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Baden Reclamation Company, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of January 2018.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20 21

28

Nine Mile Mining, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_ )
                    ) ss.
City/County of _Roanoke_ )

I, _Leslie ANN Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Nine Mile Mining, Inc. a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20 21
```

29

Bellwood Corporation

By: _____ (SEAL)
Name: James C. Justice, III
Title:  President

State of _____Virginia_____ )
                                 ) ss.
City/County of ____Roanoke____ )

I, _____Leslie Ann Wells_____ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bellwood Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this ___29th___ day of January 2018.

_____
Notary Public

My Commission expires: ___5-31-2021___
Notary Registration Number: ___7560729___

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021
```

Bluestone **Energy Sales Corporation**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_ )
                        ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bluestone Energy Sales Corporation, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021

Justice Coal of Alabama, LLC,
formerly known as Alabama Carbon, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                              ) ss.
City/County of __Roanoke__ )

I, _Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Justice Coal of Alabama, LLC, an Alabama limited liability company, formerly known as Alabama Carbon, LLC, an Alabama limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20 21

32

**Virginia Fuel Corporation**

By: _____ (SEAL)

Name: James C. Justice, III

Title: President

State of _Virginia_ )

_) ss._

City/County of _Roanoke_ )

I, _Leslie Ann Wells_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Virginia Fuel Corporation, a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____

Notary Public

My Commission expires: _5-31-2021_

Notary Registration Number: _7560729_

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20 21
```

**Justice Low Seam Mining Inc.**

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                                  ) ss.
City/County of ____Roanoke____ )

I, _Leslie Ann Wells_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Justice Low Seam Mining Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of January 2018.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021
```

Kentucky Fuel Corporation

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
                            ) ss.
City/County of __Roanok.__ )

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Kentucky Fuel Corporation, a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of January 2018.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021

Bluestone Resources Inc.

By: _____ (SEAL)

Name:  James C. Justice, III

Title:  President

State of ___Virginia___ )

City/County of ___Roanoke___ ) ss.

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Bluestone Resources Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this ___29th___ day of January 2018.

_____

Notary Public

My Commission expires: __5-31-2021__

Notary Registration Number: __7560729__

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021
```

National Resources Inc.

By: _____ (SEAL)
Name:  James C. Justice, III
Title:  President

State of        Virginia        )
                                ) ss.
City/County of  Roanoke         )

I, Leslie Ann Wells        , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of National Resources Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of January 2018.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20 21

37

Tams Management, Inc.

By: _____ (SEAL)

Name: James C. Justice, III

Title: President

State of _Virginia_ )

) ss.

City/County of _Roanoke_ )

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Tams Management, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____

Notary Public

My Commission expires: _5-31-2021_

Notary Registration Number: _7560729_

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20 21
```

38

Justice Farms of North Carolina, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title:  President

State of ___Virginia___ )
                                          ) ss.
City/County of ___Roanoke___ )

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Justice Farms of North Carolina, LLC, a Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 29th day of January 2018.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021
```

39

**James C. Justice Companies, Inc.**

By: _____ (SEAL)
Name: James C. Justice, III
Title:  President

State of _Virginia_ )
                                      ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of James C. Justice Companies, Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20 21

40

Twin Fir Estates, LLC

By: _____ (SEAL)
Name:  James C. Justice, III
Title:  President

State of _____Virginia_____ )
                              ) ss.
City/County of ___Roanoke___ )

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Twin Fir Estates, LLC, a Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this __29th__ day of January 2018.

_____
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021

41

Wilcox Industries, Inc.

By: _____ (SEAL)
Name:  James C. Justice, III
Title:  President

State of _____Virginia_____ )
                                              ) ss.
City/County of _____Roanoke_____ )

I, _____Leslie Ann Wells_____ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Wilcox Industries, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021
```

42

Triple J, LLC

By: _____ (SEAL)
Name:  James C. Justice, III
Title:  President

State of _____Virginia_____ )
                                            ) ss.
City/County of __Roanoke__ )

    I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Triple J, LLC, a Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

    Witness my hand and official stamp or seal, this __29th__ day of January 2018.

_____
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021
```

_____ (SEAL)
Name:  James C. Justice, III

State of _____Virginia_____ )
                                            ) ss.
City/County of __Roanoke__ )

    I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III personally appeared before me this day and acknowledged the due execution of this Agreement.

    Witness my hand and official stamp or seal, this __29th__ day of January 2018.

_____
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021
```

43

_____ (SEAL)
Name: James C. Justice, II

State of _West Virginia_ )
                        ) ss.
City/County of _Raleigh_ )

I, _Cynthia L. White_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, II personally appeared before me this day and acknowledged the due execution of this Agreement.

Witness my hand and official stamp or seal, this _30th_ day of January 2018

OFFICIAL SEAL
Notary Public, State of West Virginia
CYNTHIA L WHITE
James C Justice Companies Inc
108 Lockheed Drive
Beaver, WV 25813
My commission expires April 13, 2022

_Cynthia L. White_
Notary Public

My Commission expires: _April 13, 2022_
Notary Registration Number: _199 30307.012_

_____ (SEAL)
Name: Cathy L. Justice

State of _____ )
                           ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that Cathy L. Justice personally appeared before me this day and acknowledged the due execution of this Agreement.

Witness my hand and official stamp or seal, this _____ day of January 2018.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

44

_____ (SEAL)
Name:  James C. Justice, II

State of _____ )
                                 ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, II personally appeared before me this day and acknowledged the due execution of this Agreement.

Witness my hand and official stamp or seal, this _____ day of January 2018.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

_____ (SEAL)
Name:  Cathy L. Justice

State of _West Virginia_ )
                         ) ss.
City/County of _Greenbrier_ )

I, _Connie G Vance_____, a Notary Public of the City/County and State aforesaid, certify that Cathy L. Justice personally appeared before me this day and acknowledged the due execution of this Agreement.

Witness my hand and official stamp or seal, this _30th_ day of January 2018.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
159 Wayne Mountain Rd
White Sulphur Springs WV 24986

_____
Notary Public

My Commission _____ 16, 2023
Notary Registration Number: _____

44

Chesapeake **and** Ohio Traveler, Inc.

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_
} ss.
City/County of _Greenbrier_ )

I, _Connie C. Vance_ , a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Chesapeake and Ohio Traveler, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _30th_ day of January 2018.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
188 Waynes Mountain Rd
White Sulphur Springs WV 24986

_____
Notary Public

My Commission expires: _Februar 16, 2023_
Notary Registration Number: _____

45

The Greenbrier Resort and Club Management Company

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                         ) ss.
City/County of _Greenbrier_ )

I, _Connie G. Vance_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Greenbrier Resort and Club Management Company, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30th day of January 2018.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
100 Virginia Alexander Rd
White Sulphur Springs WV 24986

_____
Notary Public

My Commission expires: _February 16, 2023_
Notary Registration Number: _____

46

Greenbrier IA, Inc.

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
City/County of _Greenbrier_ ) ss.

I, _Connie C Vance_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Greenbrier IA, Inc., a Delaware corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 30ᵗʰ day of January 2018.

_____
Notary Public

NOTARY PUBLIC OFFICIAL SEAL
CONNIE O VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
199 Waynes Mountain Rd
White Sulphur Springs, WV 24986

My Commission expires: _February 16, 2023_
Notary Registration Number: _____

47

Old White Club Corporation

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                         ) ss.
City/County of _Greenbrier_ )

I, _Connie G Vance_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of Old White Club Corporation, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _30th_ day of January 2018.

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
169 Waynesfirevale Rd
White Sulphur Springs, WV 24986

_____
Notary Public

My Commission expires _February 16, 2023_
Notary Registration Number: _____

48

The Old White Development Company

By: _Jillean Justice_ (SEAL)
Name: Jillean L. Justice
Title: President

State of _West Virginia_ )
                              ) ss.
City/County of _Greenbrier_ )

I, _Connie G. Vance_, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Old White Development Company, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _30th_ day of January 2018.

_Connie G. Vance_
Notary Public

NOTARY PUBLIC OFFICIAL SEAL
CONNIE G VANCE
State of West Virginia
My Comm. Expires Feb 16, 2023
105 Wayne Mountain Rd

Notary Registration Number:_____

Southeast Cotton, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____ )
                              ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Southeast Cotton, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _____ day of January 2018.

_____
Notary Public

My Commission expires:_____
Notary Registration Number:_____

49

The Old White Development Company

By: _____ (SEAL)
Name: Jillean L. Justice
Title: President

State of _____ )
                              ) ss.
City/County of _____ )

I, _____, a Notary Public of the City/County and State aforesaid, certify that Jillean L. Justice who is President of The Old White Development Company, a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _____ day of January 2018.

_____
Notary Public

My Commission expires: _____
Notary Registration Number: _____

Southeast Cotton, Inc.

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _Virginia_ )
                       ) ss.
City/County of _Roanoke_ )

I, _Leslie Ann Wells_, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Southeast Cotton, Inc., a West Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20 21

49

American Turf Grass Corporation

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of     Virginia            )
                                 ) ss.
City/County of   Roanoke         )

I, _Leslie Ann Wells_____, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of American Turf Grass Corporation, a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of January 2018.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

```
┌─────────────────────────────────┐
│        LESLIE ANN WELLS          │
│         NOTARY PUBLIC            │
│    Commonwealth of Virginia      │
│      Registration No. 7560729    │
│  My Commission Expires May 31, 2021 │
└─────────────────────────────────┘
```

Rapidan, LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of _____Virginia_____ )
City/County of ___Roanoke___ ) ss.

I, __Leslie Ann Wells__, a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Rapidan, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this __29th__ day of January 2018.

_____
Notary Public

My Commission expires: __5-31-2021__
Notary Registration Number: __7560729__

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021

51

Blue Ridge Farm Center, Inc.

By: _____ (SEAL)
Name:  James C. Justice, III
Title:  President

State of  Virginia )
                              ) ss.
City/County of  Roanoke )

I, Leslie Ann Wells , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Blue Ridge Farm Center, Inc., a Virginia corporation, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the corporation.

Witness my hand and official stamp or seal, this 29th day of January 2018.

_____
Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021
```

52

Justice Family Farms, LLC

By: _____ (SEAL)
Name:  James C. Justice III
Title:  President

State of ___Virginia_____ )
                                          ) ss.
City/County of ___Roanoke___ )

I, ___Leslie Ann Wells___, a Notary Public of the City/County and State aforesaid, certify that Justice Family Farms, LLC who is President of Justice Family Farms, LLC, a West Virginia limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

Witness my hand and official stamp or seal, this 29th day of January 2018.

_____
Notary Public

My Commission expires: ___5-31-2021___
Notary Registration Number: ___7560729___

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021

53

Greenthorn LLC

By: _____ (SEAL)
Name: James C. Justice, III
Title: President

State of    Virginia    )
                      ) ss.
City/County of   Roanoke   )

     I,   Leslie Ann Wells  , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Greenthorn LLC, a Kentucky limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

     Witness my hand and official stamp or seal, this 29th day of January 2018.

_____
                       Notary Public

My Commission expires: 5-31-2021
Notary Registration Number: 7560729

```
LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 20 21
```

54

Black River **Coal, LLC**

By: _____ (SEAL)
Name:  James C. Justice, III
Title:  President

State of _Virginia_ )
City/County of _Roanoke_ ) ss.
)

    I, _Leslie Ann Wells_ , a Notary Public of the City/County and State aforesaid, certify that James C. Justice, III who is President of Black River Coal, LLC, a Delaware limited liability company, personally appeared before me this day and acknowledged the due execution of this Agreement on behalf of the limited liability company.

    Witness my hand and official stamp or seal, this _29th_ day of January 2018.

_____
Notary Public

My Commission expires: _5-31-2021_
Notary Registration Number: _7560729_
33264506

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021

| JUSTICE AND BLUESTONE MASTER LITIGATION SPREADSHEET AS OF JANUARY 30, 2018 | | |
| --- | --- | --- |
| **AMOUNT IN CONTROVERSY CLAIMED AGAINST EXCEEDS $500,000** | | |
| | | |
| **CASE STYLE** | **COURT** | **CASE NUMBER** |
| DHL Express v. James C. Justice Companies, Inc. | Roanoke City Circuit Court | CL14001250 |
| CAT Finance et al. v Southern Coal Corporation et al. | Roanoke City Circuit Court | CL17-813 |
| AGCO Finance, LLC v. Justice Family Farms, LLC | Roanoke City Circuit Court | CL17001703-00 |
| Pinnacle Bank v. Bluestone Energy Sales Corporation et al. | W.D. of VA Federal Court | 7:17-cv-00395 |
| RockTenn, LLP v. Southern Coal Sales Corporation | E.D. of KY Federal Court | 6:15-cv-00018 |
| Infinity Energy, Inc. v. Billy Henson | Kentucky Court of Appeals | 2016-CA-000518 |
| Michael Branham v. Bluestone Coal Corporation et al. | Harlan Circuit Court | 12-CI-00432 |
| James D. Stollings v. Bluestone Coal Corporation et al. | Harlan Circuit Court | 11-CI-00767 |
| Dixie Fuel Company, LLC v. Harlan Development Corp. et al. | Harlan Circuit Court | 11-CI-00661 |
| Big Sandy Company, L.P. v. Greenthorn, LLC et al. | Fayette County, KY Circuit Court | 13-CI-4649 |
| New London Tobacco Market et al v. Kentucky Fuel Corporation et al. | E.D. of KY Federal Court | 6:12-cv-00091 |
| New London Tobacco Market et al v. Justice Farms of North Carolina, LLC et al. | E.D. of KY Federal Court | 6:17-cv-00245 |
| Knott County, KY et al. v Kentucky Fuel Corporation | Knott County Circuit Court | 17-CI-00171 |
| Commonwealth of Kentucky Energy and Environment Cabinet v. A & G Coal Corp | Frankin County, KY Circuit Court | 15-CI-01125 |
| The Elk Horn Coal Company, LLC v. Kentucky Fuel Corporation | Floyd County, KY Circuit Court | 17-CI-00695 |
| Southern Coal Sales et al. v Xcoal Energy & Resources et al. | U.S.D.C. Delaware Dist. | 14-cv-459 |
| Citizens Asset Finance, Inc. v. Justice Aviation, LLC | S.D. of NY Federal Court | 1:17-cv-07115 |
| National Union Fire Ins v. Southern Coal Corporation | S.D. of NY Federal Court | 1:17-cv-1329 |
| Essar Steel Algoma v. Southern Coal Sales Corporation | S.D. of NY Federal Court | 1:17-mc-360 |
| Jennifer Chambers et al. v. Dynamic Energy et al. | Wyoming County Circuit Court | 17-C-57 |
| Clifford Belcher et al v. Dynamic Energy et al. | Wyoming County Circuit Court | WV Supreme Court No. 17-0168 |
| Carl Harper v. Pay Car Mining et al | Wyoming County Circuit Court | 15-C-9 |
| Gary Hatfield et al v. Dynamic Energy et al. | Wyoming County Circuit Court | 16-C-110 |
| James River Equipment v. Justice Energy | S.D. of WV Federal Court | 5:13-cv-28160 |
| AK Steel et al v. Mechel Bluestone Inc., et al | N.D. of IL Federal Court | 1:14-cv-03286 |
| Frank G. Treadway et al v. Bluestone Coal Corp, et al. | S.D. of WV Federal Court | 5:16-cv-12149 |
| Dougie Lester et al v. Pay Car Mining, Inc. et al | S.D. of WV Federal Court | 5:17-cv-00740 |
| Gary Huff et al v. Dynamic Energy Inc. et al | Wyoming County Circuit Court | 13-C-206 |
| Angela Matthews v. Justice Low Seam Mining, Inc. et al | McDowell County Circuit Court | 17-C-99 |

| Southern Coal Corp et al v. Dummond Coal Sales, Inc. | N.D. of GA Federal Court | 1:17-cv-01104 |
|---|---|---|
| WestRock CP, LLC v. Southern Coal Corp. et al. | N.D. of GA Federal Court | 1:17-cv-04497 |
| Middletown Valley Bank v. Justice Farms of North Carolina, LLC et al | Frederick County, MD Circuit Court | 10-C-17002187 |
| J&L Bit Service et al v. Sequoia Energy et al. | Harlan County Circuit Court | 17-CI-00489 |
| Southern States Cooperative, Inc. v. Justice Farms of North Carolina, LLC | Wake County, NC Circuit Court | 17-cv-014081 |
| CLAAS Financial Services, LLC v Justice Farms of North Carolina, LLC | W.D. of VA Federal Court | 7:17-cv-00486 |
| City National Bank v. Kentucky Fuel Corporation and James C. Justice Companies, | Kanawha County Circuit Court | 7-C-1733 |

**AMOUNT IN CONTROVERSY CLAIMED AGAINST IS LESS THAN $500,000**

| CASE STYLE | COURT | CASE NUMBER |
|---|---|---|
| Justice Low Seam Mining et al. v Tazewell County, VA et al. | Tazewell County Circuit Court | CL17-326 |
| Virginia Fuel Corporation v. Lee County, VA et al. | Lee County Circuit Court | CL17030056 |
| Deere Credit, Inc. v. A & G Coal Corporation | Wise County Circuit Court | 16-C-547-B |
| Brandon Resources, Inc. v. A & G Coal Corporation | Wise County Circuit Court | CL16-580 |
| Loadout, LLC v. Harlan Development Corp et al. | Wise County General District Court | |
| A & G Coal Corporation et al. v. Wise County, VA et al. | Wise County Circuit Court | CL17-147 |
| A & G Coal Corporation et al. v. Dickenson County, VA et al. | Dickenson County Circuit Court | CL17-61 |
| American Lambrecht v. Southern Coal Corporation | Roanoke City Circuit Court | CL16-1360 |
| A&A Supplies v. A & G Coal Corporation | Roanoke City Circuit Court | CL17-1043 |
| Modular Space Corporation v. Southern Coal Corporation | Roanoke City General District Court | GV1601854-00 |
| Modular Space Corporation v. Bluestone Industries, Inc. | Roanoke City Circuit Court | CL16-2359 |
| James C. Justice Compnaies, Inc. et al. v. Lykins Oil et al. | Roanoke City Circuit Court | CL160588-00 |
| Southern Coal Corp. v IEG PTY, LTD et al. | E.D. of VA Federal Court | 2:14-cv-00617 |
| Kentucky Fuel Corporation v. Allen Luttrell et al. | Pike County Circuit Court | 17-CI-00836 |
| Kentucky Power Company v. Kentucky Fuel Corporation et al. | Knott County Circuit Court | 12-CI-316, 13 CI-314, 13-CI-315 |
| Carl and Betty Casey v. Kentucky Fuel Corporation | Pike County Circuit Court | 17-CI-147 |
| Betty Short v. Kentucky Fuel Corporation | Pike County Circuit Court | 17-CI-0445 |
| Wendell Keith Hall et al v. Kentucky Fuel Corporation | Pike County Circuit Court | 16-CI-00938 |
| J&S Coal Consulting Co., LLC v. Kentucky Fuel Corporation | Pike County Circuit Court | 14-CI-00979 |
| Mellisa Miller et al. v. Kentucky Fuel Corporation et al. | Knott County Circuit Court | 15-CI-00068 |
| USA v. Four Star Resources, LLC | E.D. of KY Federal Court | 6:17-cv-00267 |
| Kentucky Fuel Corporation v. William G. Brownlow et al. | Breathitt County Circuit Court | 14-CI-00187 |

| Case Name | Court | Case Number |
|---|---|---|
| Donnie Bradley et al. v. Kentucky Fuel Corporation | Magoffin County Circuit Court | 14-CI-00289 |
| Shawn Estep v. Beech Creek Coal Company, LLC | Pike County Circuit Court | 13-CI-01264 |
| Evans and Laviers Real Estate Trust et al. v Kentucky Fuel Corporation | Magoffin County Circuit Court | 15-CI-00044 |
| Security Engineers, Inc. v Bluestone Industries, Inc. et al | Magoffin County Circuit Court | 17-CI-00181 |
| William Gambill et al v. Kentucky Fuel Corporation | Bourbon County Circuit Court | 15-CI-00235 |
| Princie Casey et al v. Kentucky Fuel Corporation | Pike County Circuit Court | 16-CI-657 |
| Sequoia Energy, LLC et al v. Double Branch Energy, LLC | Knox County Circuit Court | 16-CI-00317 |
| Howard R. Crews et al v. Kentucky Fuel Corporation et al. | Logan County, WV Circuit Court | 15C145 |
| AEP West Virginia Transmission Company, Inc. et al v. Justice Low Seam Mining, | McDowell County Circuit Court | 16C88 |
| Resurrection Coal Company, Inc. v. James C. Justice Companies, Inc. et al | McDowell County Circuit Court | 17C32M |
| Corky Wells Electric, Inc. v Orchard Coal Company et al. | Raleigh County, WV Circuit Court | 16-C-453-K |
| Vaughn Marlow v. Justice Coal of Alabama, LLC et al | Jackson County, AL Circuit Court | 39-CV-2016-900036 |
| Justice Coal of Alabama, LLC v. Kentucky Oil and Refining, et al. | Etowah County, AL Circuit Court | CV-2016-900205 |
| Brandon Fricke v. National Coal, LLC et al. | Claiborne County Circuit Court | CV1689 |
| Rockwood Casualty Ins. Co. v. National Coal, LLC | Knox County, TN Chancery Court | 188756-1 |
| Bluestone Coal Corporation et al v. Pinnacle Mining Company, LLC et al. | S.D. of WV Federal Court | 2:16-cv-06098 |
| David Jordan et al v. Dynamic Energy, Inc. et al | S.D. of WV Federal Court | 5:16-cv-04413 |
| Lloyd Moore, Jr. v Kentucky Fuel Corporation | Raleigh County, WV Circuit Court | 14-C-73 |
| Coalfield Lumber Company v. Double Bonus Coal CO. | Raleigh County, WV Circuit Court | 16-C-105-B |
| W.W. McDonald Land Company et al v. Greenthorn LLC et al. | Logan County, WV Circuit Court | 15-C-152 |
| Apogee Environmental and Archeological, Inc. v. Mechel Bluestone, Inc. | Raleigh County, WV Circuit Court | 17-C-319 |
| C&J Well Services, Inc. v. Southern Heavy Equipment, LLC | Raleigh County, WV Circuit Court | 15-C-866-K |
| Cramer Investigations and Security, Inc. v James C. Justice Companies, Inc. et al | Raleigh County, WV Circuit Court | 17-C-556 |
| Virginia Drilling Company, LLC v. Bluestone Industries, Inc. | Kanawha County Circuit Court | 17-C-1129 |
| GE-Fairchild, LLC v. Bluestone Coal Corporation | Raleigh County, WV Circuit Court | 17-C-550 |
| Trinity Turf, LLC v. Saddlebred, LLC | Rockingham County, VA GD Court | |