# EXHIBIT 1.L

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| ████44-82 | JAMES C. JUSTICE COMPANIES, INC. | | 12/12/2019 | |
| NOTE AMOUNT | INDEX (w/Margin) | RATE | MATURITY DATE | LOAN PURPOSE |
| $56,587,431.10 | Not Applicable | Wall Street Journal Prime Rate as in effect from time to time | 01/15/2020 | Commercial |
| | | Creditor Use Only | | |

## AMENDED AND RESTATED PROMISSORY NOTE

(Commercial - Single Advance)

**DATE AND PARTIES.** The date of this Amended and Restated Promissory Note (Note) is **DECEMBER 12, 2019.** The parties and their addresses are:

LENDER:
**CARTER BANK & TRUST**
4 East Commonwealth Boulevard
Martinsville, VA 24112-1920
Telephone: (276) 632-2901

BORROWER (jointly and severally):
**JAMES C. JUSTICE COMPANIES, INC.,**
A DELAWARE CORPORATION
302 SOUTH JEFFERSON STREET, SUITE 600
ROANOKE, VIRGINIA 24011-1711

**TWIN FIR ESTATES, LLC**
A VIRGINIA LIMITED LIABILITY COMPANY
302 SOUTH JEFFERSON STREET, SUITE 600
ROANOKE, VIRGINIA 24011-1711

**WILCOX INDUSTRIES, INC.**
A WEST VIRGINIA CORPORATION
302 SOUTH JEFFERSON STREET, SUITE 600
ROANOKE, VIRGINIA 24011-1711

**CONFESSION OF JUDGMENT.** I appoint and authorize John L. Gregory, III, James W. Haskins and Scott C. Wall, any of whom may act individually, of Young, Haskins, Mann, Gregory, McGarry & Wall, P.C., 400 Starling Avenue, Martinsville, VA 24112, attorneys-in -fact, to appear in the office of the Martinsville City Circuit Court, 55 West Church Street, Martinsville, VA 24112, to confess judgment against me, in favor of Lender, if I default on this agreement. The confession of judgment may be without process and for any amount of **PRINCIPAL and INTEREST and LATE CHARGES and FEES** due on this Note, including collection costs and reasonable attorneys' fees. This is in addition to other remedies. A substitute attorney-in-fact may be appointed by Lender.

**For the purposes of this notice, "you" means the Borrower. IMPORTANT NOTICE: THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

1. **DEFINITIONS.** As used in this Note, the terms have the following meanings:
   A. **Pronouns.** The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note. "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.
   B. **Note.** Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.
   C. **Loan.** Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.
   D. **Loan Documents.** Loan Documents refer to all the documents executed as a part of or in connection with the Loan.
   E. **Property.** Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.
   F. **Percent.** Rates and rate change limitations are expressed as annualized percentages.
   G. **Dollar Amounts.** All dollar amounts will be payable in lawful money of the United States of America.
2. **REFINANCING.** This Note will renew and extend the following described note(s):
Note ████4482 dated December 1, 2018 with an original principal balance of $57,940,539.89 (the "Prior Note").

**3. PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of $56,587,431.10, plus interest from December 1, 2019 on the unpaid Principal balance until this Note matures or this obligation is accelerated, whichever occurs first, plus all accrued but unpaid interest outstanding under the Prior Note for the period November 1, 2019 to and including November 30, 2019, together with any applicable late charge (collectively, the "Prior Note Amounts").

**4. INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of Wall Street Journal Prime Rate as in effect from time to time (Interest Rate).

    **A. Post-Maturity Interest.** After maturity or acceleration, interest will accrue on the unpaid Principal balance of this Note at the Interest Rate plus 3% per annum, until paid in full.

    **B. Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by applicable law. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

    **C. Statutory Authority.** The amount assessed or collected on this Note is authorized by the Virginia usury laws under Va. Code §§ 6.2 et. seq.

    **D. Accrual.** Interest accrues using an Actual/360 days counting method.

**5. REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

    **A. Late Charge.** If a payment is more than 10 days late, I will be charged 5.000 percent of the Amount of Payment. I will pay this late charge promptly but only once for each late payment.

**6. PAYMENT.** I agree to pay this Note as follows:

    (1) On December 30, 2019, an amount equal to the Prior Note Amounts.

    (2) On January 1, 2020, an amount equal to the interest that has accrued on the principal balance outstanding on this Note.

    (3) On January 15, 2020, all unpaid Principal and accrued interest shall be due and payable in full without notice or demand.

Payments will be rounded up to the nearest $.01. With the final payment I also agree to pay additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

For the purposes of this Note, "net proceeds" with respect to the Net Tax Credit Proceeds shall mean the gross proceeds resulting from the syndication, sale, assignment or other disposition of the Virginia tax credits associated with the Presidential Estates property owned by JCJC located in Albemarle County, Virginia and encumbered by the Albemarle County, Culpeper County and Prince George County Deed of Trust minus (1) any fee owed to a tax creditor syndicator or broker (which fee must be approved by you in your sole and absolute discretion), (2) a fee equal to two percent (2%) of the gross amount of the tax credit proceeds paid to Matthew Gerber by the tax credit syndicator or broker and (3) any other amount approved by you, in your sole and absolute discretion, to pay lawyers, appraisers, title companies and other persons or entities that have performed services directly associated with obtaining of the tax credit proceeds and/or the Net Tax Credit Proceeds.

For the purposes of this Note, "net proceeds" with respect to the Net Asset Proceeds shall mean the gross proceeds resulting from the sale, assignment or other disposition of any other collateral for this JCJC Note minus usual and customary charges associated with the sale, assignment or other disposition of the asset approved by you, in your sole and absolute discretion, such as grantor's tax, prorated real estate taxes, and legal fees and expenses.

Each payment I make on this Note will be applied first to pay interest that is due on this Note, then to escrow that is due on this Note, then to late charges that are due on this Note, then to any charges that I owe on this Note other than principal and interest, and finally to the principal that is due on this Note. If you and I agree to a different application of payments, we will describe our agreement on this Note. You may change how payments are applied in your sole discretion without notice to me. The actual amount of my final payment will depend on my payment record.

**7. PREPAYMENT.** I may prepay this Loan in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**8. LOAN PURPOSE.** The purpose of this Loan is to renew loan ██████4482.

**9. GUARANTY.** A Guaranty, dated December 1, 2019 from JAMES C JUSTICE, II and CATHY L. JUSTICE (individually and collectively, Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from VIRGINIA FUEL CORPORATION (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from SOUTHEAST COTTON, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from AMERICAN TURF GRASS CORPORATION (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from BLACK RIVER FARMS, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from RAPIDAN, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from EVERGREEN TURF CORPORATION (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from BLUE RIDGE FARM CENTER, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from STONEY BROOK PLANTATION, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from JUSTICE FARM SUPPLY, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from TEN MILE BAY, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from JUSTICE FAMILY FARMS, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from GREENTHORN, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty; and

A Guaranty, dated December 1, 2018 from JUSTICE LOW SEAM MINING, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

**10. DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

**A. Payments.** I fail to make a payment in full when due.

**B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

**C. Business Termination.** I merge, dissolve, reorganize, end my business or existence, or a partner or majority owner dies or is declared legally incompetent.

**D. New Organizations.** Without your written consent, I organize, merge into, or consolidate with an entity; acquire all or substantially all of the assets of another; materially change the legal structure, management, ownership or financial condition; or effect or enter into a domestication, conversion or interest exchange.

**E. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note.

**F. Other Documents.** A default occurs under the terms of any other Loan Document.

**G. Other Agreements.** I am in default on any other debt or agreement I have with you.

**H. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**I. Judgment.** I fail to satisfy or appeal any judgment against me.

**J. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**K. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**L. Property Transfer.** I transfer all or a substantial part of my money or property.

**11. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

(1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property securing this Note.

(4) You, or any institution participating in this Note, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**12. REMEDIES.** After I default, you may at your option do any one or more of the following.

**A. Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due and payable.

**B. Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

**C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

**D. Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and payable and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate.

**E. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**F. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**13. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note or any other Loan Document. I agree and stipulate for all purposes that an attorney's fee of 10% of the outstanding principal due on this Note at the time of default shall constitute a reasonable attorney's fee.

'Expenses' include (unless prohibited by law) reasonable attorneys' fees, court costs, and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for in the terms of this Note. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**14. COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**15. WARRANTIES AND REPRESENTATIONS.** I make to you the following warranties and representations which will continue as long as this Note is in effect:

**A. Power.** I am duly organized, and validly existing and in good standing in all jurisdictions in which I operate. I have the power and authority to enter into this transaction and to carry on my business or activity as it is now being conducted and, as applicable, am qualified to do so in each jurisdiction in which I operate.

**B. Authority.** The execution, delivery and performance of this Note and the obligation evidenced by this Note are within my powers, have been duly authorized, have received all necessary governmental approval, will not violate any provision of law, or order of court or governmental agency, and will not violate any agreement to which I am a party or to which I am or any of my Property is subject.

**C. Name and Place of Business.** Other than previously disclosed in writing to you I have not changed my name or principal place of business within the last 10 years and have not used any other trade or fictitious name. Without your prior written consent, I do not and will not use any other name and will preserve my existing name, trade names and franchises.

**16. APPLICABLE LAW.** This Note is governed by the laws of Virginia, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Virginia, unless otherwise required by law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in the Circuit Court of the City of Martinsville, Virginia or the United States District Court for the Western District of Virginia, if such court has jurisdiction, unless otherwise required by law.

**17. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**18. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

**19. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

**20. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

**21. CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**22. ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

**23. WAIVER OF JURY TRIAL.** All of the parties to this Note knowingly and intentionally, irrevocably and unconditionally, waive any and all right to a trial by jury in any litigation arising out of or concerning this Note or any other Loan Document or related obligation. All of these parties acknowledge that this section has either been brought to the attention of each party's legal counsel or that each party had the opportunity to do so.

**24. SIGNATURES.** By signing under seal, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.

**BORROWER:**

**JAMES C. JUSTICE COMPANIES, INC.,**
a Delaware corporation

By: _____ (Seal)
JAMES C. JUSTICE, III, PRESIDENT

ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):

STATE OF _West Virginia_____, COUNTY (OR CITY) OF _Raleigh_____, ss.

This instrument was acknowledged before me this ___13th___ day of __December___ by JAMES C. JUSTICE, III, PRESIDENT OF JAMES C. JUSTICE COMPANIES, INC., a Delaware corporation, on behalf of the corporation.  He [check one] ☒ is personally known to me or ☐ has produced _____ as identification.

My commission expires: _April 13, 2022_
Notary Registration Number: _____

_____
(Notary Public)

**BORROWER:**

**TWIN FIR ESTATES, LLC,**
a Virginia limited liability company

By: _____ (Seal)
JAMES C. JUSTICE, III, PRESIDENT

OFFICIAL SEAL
Notary Public, State of West Virginia
CYNTHIA L WHITE
James C Justice Companies Inc
P.O. Box 2178
Beaver, WV 25813
My commission expires April 13, 2022

ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):

STATE OF _West Virginia_____, COUNTY (OR CITY) OF _Raleigh_____, ss.

This instrument was acknowledged before me this ___13th___ day of __December___ by JAMES C. JUSTICE, III, PRESIDENT OF TWIN FIR ESTATES, LLC, A VIRGINIA LIMITED LIABILITY COMPANY, on behalf of the company.  He [check one] ☒ is personally known to me or ☐ has produced _____ as identification.

My commission expires: _April 13, 2022_
Notary Registration Number: _____

_____

[SIGNATURES AND ACKNOWLEDGEMENTS CONTINUE ON FOLLOWING PAGE]



OFFICIAL SEAL
Notary Public, State of West Virginia
CYNTHIA L WHITE
James C Justice Companies Inc
P.O. Box 2178
Beaver, WV 25813
My commission expires April 13, 2022

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| ▓▓44-82 | JAMES C. JUSTICE COMPANIES, INC. | | 1/15/2020 | |
| **NOTE AMOUNT** | **INDEX (w/Margin)** | **RATE** | **MATURITY DATE** | **LOAN PURPOSE** |
| $52,965,799.89 | Not Applicable | Wall Street Journal Prime Rate as in effect from time to time | 01/31/2020 | Commercial |
| | | Creditor Use Only | | |

## AMENDED AND RESTATED PROMISSORY NOTE

### (Commercial - Single Advance)

**DATE AND PARTIES.** The date of this Amended and Restated Promissory Note (Note) is JANUARY 15, 2020. The parties and their addresses are:

**LENDER:**
CARTER BANK & TRUST
4 East Commonwealth Boulevard
Martinsville, VA 24112-1920
Telephone: (276) 632-2901

**BORROWER** (jointly and severally):
JAMES C. JUSTICE COMPANIES, INC.,
A DELAWARE CORPORATION
302 SOUTH JEFFERSON STREET, SUITE 600
ROANOKE, VIRGINIA 24011-1711

TWIN FIR ESTATES, LLC
A VIRGINIA LIMITED LIABILITY COMPANY
302 SOUTH JEFFERSON STREET, SUITE 600
ROANOKE, VIRGINIA 24011-1711

WILCOX INDUSTRIES, INC.
A WEST VIRGINIA CORPORATION
302 SOUTH JEFFERSON STREET, SUITE 600
ROANOKE, VIRGINIA 24011-1711

**CONFESSION OF JUDGMENT.** I appoint and authorize John L. Gregory, III, James W. Haskins and Scott C. Wall, any of whom may act individually, of Young, Haskins, Mann, Gregory, McGarry & Wall, P.C., 400 Starling Avenue, Martinsville, VA 24112, attorneys-in -fact, to appear in the office of the Martinsville City Circuit Court, 55 West Church Street, Martinsville, VA 24112, to confess judgment against me, in favor of Lender, if I default on this agreement. The confession of judgment may be without process and for any amount of PRINCIPAL and INTEREST and LATE CHARGES and FEES due on this Note, including collection costs and reasonable attorneys' fees. This is in addition to other remedies. A substitute attorney-in-fact may be appointed by Lender.

For the purposes of this notice, "you" means the Borrower.  IMPORTANT NOTICE: THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

1. **DEFINITIONS.** As used in this Note, the terms have the following meanings:
   A. **Pronouns.** The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note. "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.
   B. **Note.** Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.
   C. **Loan.** Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.
   D. **Loan Documents.** Loan Documents refer to all the documents executed as a part of or in connection with the Loan.
   E. **Property.** Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.
   F. **Percent.** Rates and rate change limitations are expressed as annualized percentages.
   G. **Dollar Amounts.** All dollar amounts will be payable in lawful money of the United States of America.
2. **REFINANCING.** This Note will renew and extend the following described note(s):
Note ▓▓▓▓4482 dated December 12, 2019 with an original principal balance of $56,587,431.10 (the "Prior Note").

**3. PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of $52,965,799.89, plus interest from January 1, 2020 on the unpaid Principal balance until this Note matures or this obligation is accelerated, whichever occurs first, plus all accrued but unpaid interest outstanding under the Prior Note for the period December 1, 2019 to and including December 31, 2019, together with any applicable late charge (collectively, the "Prior Note Amounts").

**4. INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of Wall Street Journal Prime Rate as in effect from time to time (Interest Rate).

**A. Post-Maturity Interest.** After maturity or acceleration, interest will accrue on the unpaid Principal balance of this Note at the Interest Rate plus 3% per annum, until paid in full.

**B. Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by applicable law. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

**C. Statutory Authority.** The amount assessed or collected on this Note is authorized by the Virginia usury laws under Va. Code §§ 6.2 et. seq.

**D. Accrual.** Interest accrues using an Actual/360 days counting method.

**5. REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

**A. Late Charge.** If a payment is more than 10 days late, I will be charged 5.000 percent of the Amount of Payment. I will pay this late charge promptly but only once for each late payment.

**6. PAYMENT.** I agree to pay this Note as follows:

(1) On January 15, 2020, an amount equal to the Prior Note Amounts.

(2) On January 31, 2020, all unpaid Principal and accrued interest shall be due and payable in full without notice or demand.

Payments will be rounded up to the nearest $.01. With the final payment I also agree to pay additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

For the purposes of this Note, "net proceeds" with respect to the Net Tax Credit Proceeds shall mean the gross proceeds resulting from the syndication, sale, assignment or other disposition of the Virginia tax credits associated with the Presidential Estates property owned by James C. Justice Companies, Inc. located in Albemarle County, Virginia and encumbered by the Albemarle County, Culpeper County and Prince George County Deed of Trust minus (1) any fee owed to a tax creditor syndicator or broker (which fee must be approved by you in your sole and absolute discretion), (2) a fee equal to two percent (2%) of the gross amount of the tax credit proceeds paid to Matthew Gerber by the tax credit syndicator or broker and (3) any other amount approved by you, in your sole and absolute discretion, to pay lawyers, appraisers, title companies and other persons or entities that have performed services directly associated with obtaining of the tax credit proceeds and/or the Net Tax Credit Proceeds.

For the purposes of this Note, "net proceeds" with respect to the Net Asset Proceeds shall mean the gross proceeds resulting from the sale, assignment or other disposition of any other collateral for this Note minus usual and customary charges associated with the sale, assignment or other disposition of the asset approved by you, in your sole and absolute discretion, such as grantor's tax, prorated real estate taxes, and legal fees and expenses.

Each payment I make on this Note will be applied first to pay interest that is due on this Note, then to escrow that is due on this Note, then to late charges that are due on this Note, then to any charges that I owe on this Note other than principal and interest, and finally to the principal that is due on this Note. If you and I agree to a different application of payments, we will describe our agreement on this Note. You may change how payments are applied in your sole discretion without notice to me. The actual amount of my final payment will depend on my payment record.

**7. PREPAYMENT.** I may prepay this Loan in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**8. LOAN PURPOSE.** The purpose of this Loan is to renew loan ▮▮▮▮▮▮▮482.

**9. GUARANTY.** A Guaranty, dated December 1, 2019 from JAMES C JUSTICE, II and CATHY L. JUSTICE (individually and collectively, Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from VIRGINIA FUEL CORPORATION (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from SOUTHEAST COTTON, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from AMERICAN TURF GRASS CORPORATION (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from BLACK RIVER FARMS, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from RAPIDAN, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from EVERGREEN TURF CORPORATION (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from BLUE RIDGE FARM CENTER, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from STONEY BROOK PLANTATION, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from JUSTICE FARM SUPPLY, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from TEN MILE BAY, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from JUSTICE FAMILY FARMS, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from GREENTHORN, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty; and

A Guaranty, dated December 1, 2018 from JUSTICE LOW SEAM MINING, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

10. **DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

**A. Payments.** I fail to make a payment in full when due.

**B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

**C. Business Termination.** I merge, dissolve, reorganize, end my business or existence, or a partner or majority owner dies or is declared legally incompetent.

**D. New Organizations.** Without your written consent, I organize, merge into, or consolidate with an entity; acquire all or substantially all of the assets of another; materially change the legal structure, management, ownership or financial condition; or effect or enter into a domestication, conversion or interest exchange.

**E. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note.

**F. Other Documents.** A default occurs under the terms of any other Loan Document.

**G. Other Agreements.** I am in default on any other debt or agreement I have with you.

**H. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**I. Judgment.** I fail to satisfy or appeal any judgment against me.

**J. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**K. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**L. Property Transfer.** I transfer all or a substantial part of my money or property.

11. **WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

(1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property securing this Note.

(4) You, or any institution participating in this Note, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

12. **REMEDIES.** After I default, you may at your option do any one or more of the following.

**A. Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due and payable.

**B. Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

**C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

**D. Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and payable and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate.

**E. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**F. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

13. **COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note or any other Loan Document. I agree and stipulate for all purposes that an attorney's fee of 10% of the outstanding principal due on this Note at the time of default shall constitute a reasonable attorney's fee.

Expenses include (unless prohibited by law) reasonable attorneys' fees, court costs, and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for in the terms of this Note. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

14. **COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

15. **WARRANTIES AND REPRESENTATIONS.** I make to you the following warranties and representations which will continue as long as this Note is in effect:

   **A. Power.** I am duly organized, and validly existing and in good standing in all jurisdictions in which I operate. I have the power and authority to enter into this transaction and to carry on my business or activity as it is now being conducted and, as applicable, am qualified to do so in each jurisdiction in which I operate.

   **B. Authority.** The execution, delivery and performance of this Note and the obligation evidenced by this Note are within my powers, have been duly authorized, have received all necessary governmental approval, will not violate any provision of law, or order of court or governmental agency, and will not violate any agreement to which I am a party or to which I am or any of my Property is subject.

   **C. Name and Place of Business.** Other than previously disclosed in writing to you I have not changed my name or principal place of business within the last 10 years and have not used any other trade or fictitious name. Without your prior written consent, I do not and will not use any other name and will preserve my existing name, trade names and franchises.

16. **APPLICABLE LAW.** This Note is governed by the laws of Virginia, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Virginia, unless otherwise required by law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in the Circuit Court of the City of Martinsville, Virginia or the United States District Court for the Western District of Virginia, if such court has jurisdiction, unless otherwise required by law.

17. **JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

18. **AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

19. **INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

20. **NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

21. **CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

22. **ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

23. **WAIVER OF JURY TRIAL.** All of the parties to this Note knowingly and intentionally, irrevocably and unconditionally, waive any and all right to a trial by jury in any litigation arising out of or concerning this Note or any other Loan Document or related obligation. All of these parties acknowledge that this section has either been brought to the attention of each party's legal counsel or that each party had the opportunity to do so.

24. **SIGNATURES.** By signing under seal, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.

**BORROWER:**

JAMES C. JUSTICE COMPANIES, INC.,
a Delaware corporation

By: _____ (Seal)
JAMES C. JUSTICE, III, PRESIDENT

ACKNOWLEDGMENT (REQUIRED FOR **CONFESSION OF** JUDGMENT):

STATE OF ___Virginia___, COUNTY (OR CITY) OF ___Roanoke___ ss.

This instrument was acknowledged before me this ___15th___ day of ___January___ by JAMES C. JUSTICE, III, PRESIDENT OF JAMES C. JUSTICE COMPANIES, INC., a Delaware corporation, on behalf of the corporation.  He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

My commission expires: ___5-31-2021___
Notary Registration Number: ___7560729___

_____
(Notary Public)

**BORROWER:**

TWIN FIR ESTATES, LLC,
a Virginia limited liability company

By: _____ (Seal)
JAMES C. JUSTICE, III, PRESIDENT

> LESLIE ANN WELLS
> NOTARY PUBLIC
> Commonwealth of Virginia
> Registration No. 7560729
> My Commission Expires May 31, 2021

ACKNOWLEDGMENT (REQUIRED FOR **CONFESSION OF JUDGMENT**):

STATE OF ___Virginia___, COUNTY (OR CITY) OF ___Roanoke___ ss.

This instrument was acknowledged before me this ___15th___ day of ___January___ by JAMES C. JUSTICE, III, PRESIDENT OF TWIN FIR ESTATES, LLC, A VIRGINIA LIMITED LIABILITY COMPANY, on behalf of the company.  He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

My commission expires: ___5-31-2021___
Notary Registration Number: ___7560729___

_____

[SIGNATURES AND ACKNOWLEDGEMENTS CONTINUE ON FOLLOWING PAGE]

> LESLIE ANN WELLS
> NOTARY PUBLIC
> Commonwealth of Virginia
> Registration No. 7560729
> My Commission Expires May 31, 2021

BORROWER:

WILCOX INDUSTRIES, INC.,
a West Virginia corporation

By: _____ (Seal)
   JAMES C. JUSTICE, III, PRESIDENT

ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):

STATE OF __Virginia_____, COUNTY (OR CITY) OF __Roanoke_____ ss.

This instrument was acknowledged before me this __15th__ day of __January__ by JAMES C. JUSTICE, III, PRESIDENT OF WILCOX INDUSTRIES, INC., A WEST VIRGINIA CORPORATION, on behalf of the corporation.   He [check one] ☑ is personally known to me or ☐ has produced _____ as identification.

My commission expires: __5-31-2021__
Notary Registration Number: __7560729__

_____
(Notary Public)

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| ████44-82 | JAMES C. JUSTICE COMPANIES, INC. | | 01/29/2020 | |
| **NOTE AMOUNT** | **INDEX (w/Margin)** | **RATE** | **MATURITY DATE** | **LOAN PURPOSE** |
| $52,965,799.89 | Not Applicable | Wall Street Journal Prime Rate as in effect from time to time | 02/28/2020 | Commercial |
| | | Creditor Use Only | | |

## AMENDED AND RESTATED PROMISSORY NOTE

(Commercial - Single Advance)

**DATE AND PARTIES.** The date of this Amended and Restated Promissory Note (Note) is **JANUARY 29, 2020**. The parties and their addresses are:

**LENDER:**
**CARTER BANK & TRUST**
4 East Commonwealth Boulevard
Martinsville, VA  24112-1920
Telephone: (276) 632-2901

**BORROWER (jointly and severally):**
**JAMES C. JUSTICE COMPANIES, INC.,**
A DELAWARE CORPORATION
302 SOUTH JEFFERSON STREET, SUITE 600
ROANOKE, VIRGINIA 24011-1711

**TWIN FIR ESTATES, LLC**
A VIRGINIA LIMITED LIABILITY COMPANY
302 SOUTH JEFFERSON STREET, SUITE 600
ROANOKE, VIRGINIA 24011-1711

**WILCOX INDUSTRIES, INC.**
A WEST VIRGINIA CORPORATION
302 SOUTH JEFFERSON STREET, SUITE 600
ROANOKE, VIRGINIA 24011-1711

---

**CONFESSION OF JUDGMENT.** I appoint and authorize John L. Gregory, III, James W. Haskins and Scott C. Wall, any of whom may act individually, of Young, Haskins, Mann, Gregory, McGarry & Wall, P.C., 400 Starling Avenue, Martinsville, VA 24112, attorneys-in -fact, to appear in the office of the Martinsville City Circuit Court, 55 West Church Street, Martinsville, VA 24112, to confess judgment against me, in favor of Lender, if I default on this agreement. The confession of judgment may be without process and for any amount of **PRINCIPAL** and **INTEREST** and **LATE CHARGES** and **FEES** due on this Note, including collection costs and reasonable attorneys' fees. This is in addition to other remedies. A substitute attorney-in-fact may be appointed by Lender.

For the purposes of this notice, "you" means the Borrower. IMPORTANT NOTICE: THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

---

1. **DEFINITIONS.** As used in this Note, the terms have the following meanings:
   A. **Pronouns.** The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note. "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.
   B. **Note.** Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.
   C. **Loan.** Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.
   D. **Loan Documents.** Loan Documents refer to all the documents executed as a part of or in connection with the Loan.
   E. **Property.** Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.
   F. **Percent.** Rates and rate change limitations are expressed as annualized percentages.
   G. **Dollar Amounts.** All dollar amounts will be payable in lawful money of the United States of America.
2. **REFINANCING.** This Note will renew and extend the following described note(s):
Note ████4482 dated January 15, 2020 with an original principal balance of **$52,965,799.89** (the "Prior Note").

**3. PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of $52,965,799.89, plus interest from January 29, 2020 on the unpaid Principal balance until this Note matures or this obligation is accelerated, whichever occurs first, plus all accrued but unpaid interest outstanding under the Prior Note for the period January 1, 2020 to and including January 28, 2020, together with any applicable late charge (collectively, the "Prior Note Amounts").

**4. INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of **Wall Street Journal Prime Rate as in effect from time to time** (Interest Rate).

    **A. Post-Maturity Interest.** After maturity or acceleration, interest will accrue on the unpaid Principal balance of this Note at the Interest Rate plus 3% per annum, until paid in full.

    **B. Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by applicable law. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

    **C. Statutory Authority.** The amount assessed or collected on this Note is authorized by the Virginia usury laws under Va. Code §§ 6.2 et. seq.

    **D. Accrual.** Interest accrues using an Actual/360 days counting method.

**5. REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

    **A. Late Charge.** If a payment is more than **10** days late, I will be charged **5.000** percent of the Amount of Payment. I will pay this late charge promptly but only once for each late payment.

**6. PAYMENT.** I agree to pay this Note as follows:

    (1) On January 31, 2020, an amount equal to $1,250,000.00, which amount shall be applied to unpaid Principal.

    (2) On February 1, 2020, an amount equal to the Prior Note Amounts plus all accrued interest on the Principal.

    (3) On February 15, 2020, an amount equal to $1,250,000, which amount shall be applied to unpaid Principal.

    (4) On February 28, 2020, all unpaid Principal and accrued interest shall be due and payable in full without notice or demand.

    Payments will be rounded up to the nearest $.01. With the final payment I also agree to pay additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

Each payment I make on this Note will be applied first to pay interest that is due on this Note, then to escrow that is due on this Note, then to late charges that are due on this Note, then to any charges that I owe on this Note other than principal and interest, and finally to the principal that is due on this Note. If you and I agree to a different application of payments, we will describe our agreement in this Note. You may change how payments are applied in your sole discretion without notice to me. The actual amount of my final payment will depend on my payment record.

**7. PREPAYMENT.** I may prepay this Loan in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**8. LOAN PURPOSE.** The purpose of this Loan is to renew loan ▓▓▓▓▓4482.

**9. GUARANTY.** A Guaranty, dated January 29, 2020 from JAMES C JUSTICE, II and CATHY L. JUSTICE (individually and collectively, Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from VIRGINIA FUEL CORPORATION (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from SOUTHEAST COTTON, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from AMERICAN TURF GRASS CORPORATION (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from BLACK RIVER FARMS, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from RAPIDAN, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from EVERGREEN TURF CORPORATION (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from BLUE RIDGE FARM CENTER, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from STONEY BROOK PLANTATION, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from JUSTICE FARM SUPPLY, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from TEN MILE BAY, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from JUSTICE FAMILY FARMS, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from GREENTHORN, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty; and

A Guaranty, dated December 1, 2018 from JUSTICE LOW SEAM MINING, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty.

**10. DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

    **A. Payments.** I fail to make a payment in full when due.

    **B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

**C. Business Termination.** I merge, dissolve, reorganize, end my business or existence, or a partner or majority owner dies or is declared legally incompetent.

**D. New Organizations.** Without your written consent, I organize, merge into, or consolidate with an entity; acquire all or substantially all of the assets of another; materially change the legal structure, management, ownership or financial condition; or effect or enter into a domestication, conversion or interest exchange.

**E. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note.

**F. Other Documents.** A default occurs under the terms of any other Loan Document.

**G. Other Agreements.** I am in default on any other debt or agreement I have with you.

**H. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**I. Judgment.** I fail to satisfy or appeal any judgment against me.

**J. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**K. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**L. Property Transfer.** I transfer all or a substantial part of my money or property.

**11. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

(1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property securing this Note.

(4) You, or any institution participating in this Note, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**12. REMEDIES.** After I default, you may at your option do any one or more of the following.

**A. Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due and payable.

**B. Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

**C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

**D. Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and payable and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate.

**E. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**F. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**13. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note or any other Loan Document. I agree and stipulate for all purposes that an attorney's fee of 10% of the outstanding principal due on this Note at the time of default shall constitute a reasonable attorney's fee. Expenses include (unless prohibited by law) reasonable attorneys' fees, court costs, and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for in the terms of this Note. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**14. COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**15. WARRANTIES AND REPRESENTATIONS.** I make to you the following warranties and representations which will continue as long as this Note is in effect:

**A. Power.** I am duly organized, and validly existing and in good standing in all jurisdictions in which I operate. I have the power and authority to enter into this transaction and to carry on my business or activity as it is now being conducted and, as applicable, am qualified to do so in each jurisdiction in which I operate.

**B. Authority.** The execution, delivery and performance of this Note and the obligation evidenced by this Note are within my powers, have been duly authorized, have received all necessary governmental approval, will not violate any provision of law, or order of court or governmental agency, and will not violate any agreement to which I am a party or to which I am or any of my Property is subject.

**C. Name and Place of Business.** Other than previously disclosed in writing to you I have not changed my name or principal place of business within the last 10 years and have not used any other trade or fictitious name. Without your prior written consent, I do not and will not use any other name and will preserve my existing name, trade names and franchises.

**16. APPLICABLE LAW.** This Note is governed by the laws of Virginia, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Virginia, unless otherwise required by law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in the Circuit Court of the City of Martinsville, Virginia or the United States District Court for the Western District of Virginia, if such court has jurisdiction, unless otherwise required by law.

**17. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**18. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

**19. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

**20. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.** Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

**21. CREDIT INFORMATION.** I agree to supply you with whatever information you reasonably request. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**22. ERRORS AND OMISSIONS.** I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

**23. WAIVER OF JURY TRIAL.** All of the parties to this Note knowingly and intentionally, irrevocably and unconditionally, waive any and all right to a trial by jury in any litigation arising out of or concerning this Note or any other Loan Document or related obligation. All of these parties acknowledge that this section has either been brought to the attention of each party's legal counsel or that each party had the opportunity to do so.

**24. SIGNATURES.** By signing under seal, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.

**BORROWER:**

JAMES C. JUSTICE COMPANIES, INC.,
a Delaware corporation

By: _____ (Seal)
JAMES C. JUSTICE, III, PRESIDENT

**ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):**

STATE OF _Virginia_____, COUNTY (OR CITY) OF _Roanoke_____ ss.

This instrument was acknowledged before me this _30th_ day of _January 2020_ by JAMES C. JUSTICE, III, PRESIDENT OF JAMES C. JUSTICE COMPANIES, INC., a Delaware corporation, on behalf of the corporation.  He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

My commission expires: _5-31-2021_
Notary Registration Number: _7560729_

_____
(Notary Public)

**BORROWER:**

TWIN FIR ESTATES, LLC,
a Virginia limited liability company

By: _____ (Seal)
JAMES C. JUSTICE, III, PRESIDENT

> LESLIE ANN WELLS
> NOTARY PUBLIC
> Commonwealth of Virginia
> Registration No. 7560729
> My Commission Expires May 31, 2021

**ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):**

STATE OF _Virginia_____, COUNTY (OR CITY) OF _Roanoke_____ ss.

This instrument was acknowledged before me this _30th_ day of _January 2020_ by JAMES C. JUSTICE, III, PRESIDENT OF TWIN FIR ESTATES, LLC, A VIRGINIA LIMITED LIABILITY COMPANY, on behalf of the company.  He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

My commission expires: _5-31-2021_
Notary Registration Number: _7560729_

[SIGNATURES AND ACKNOWLEDGEMENTS CONTINUE ON FOLLOWING PAGE]

> LESLIE ANN WELLS
> NOTARY PUBLIC
> Commonwealth of Virginia
> Registration No. 7560729
> My Commission Expires May 31, 2021

**BORROWER:**

WILCOX INDUSTRIES, INC.,
a West Virginia corporation

By: _____ (Seal)
    JAMES C. JUSTICE, III, PRESIDENT

**ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):**

STATE OF _Virginia_____, COUNTY (OR CITY) OF _Roanoke_____ ss.

    This instrument was acknowledged before me this __30th__ day of __January__ _2020_ by JAMES C. JUSTICE, III, PRESIDENT OF WILCOX INDUSTRIES, INC., A WEST VIRGINIA CORPORATION, on behalf of the corporation.   He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

My commission expires: _5-31-2021_

Notary Registration Number: _7560729_

_____
(Notary Public)

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021



## Carter Bank & Trust

## GUARANTY
### (Continuing Debt - Unlimited)

**DATE AND PARTIES.** The date of this Guaranty is January 29, 2020. The parties and their addresses are:

**LENDER:**

    **CARTER BANK & TRUST**
    4 East Commonwealth Boulevard
    Martinsville, VA  24112
    Telephone: (276) 656-1776

**BORROWER (individually and collectively):**

    **James C. Justice Companies, Inc., a Delaware corporation**
    302 S. Jefferson Street, Suite 600
    Roanoke, Virginia 24011

    **Twin Fir Estates, LLC, a Virginia limited liability company**
    302 S. Jefferson Street, Suite 600
    Roanoke, Virginia 24011

    **Wilcox Industries, Inc., a West Virginia corporation**
    302 S. Jefferson Street, Suite 600
    Roanoke, Virginia 24011

**GUARANTOR: (individually and collectively)**

    <u>**JAMES C. JUSTICE, II**</u>
    ████████████
    White Sulphur Springs, West Virginia 24986

    <u>**CATHY L. JUSTICE**</u>
    ████████████
    White Sulphur Springs, West Virginia 24986

**CONFESSION OF JUDGMENT.** I appoint and authorize John L. Gregory, III, James W. Haskins and Scott C. Wall, any of whom may act individually, of Young, Haskins, Mann, Gregory, McGarry & Wall, P.C., 400 Starling Avenue, Martinsville, VA 24112, attorneys-in -fact, to appear in the office of the Martinsville City Circuit Court, 55 West Church Street, Martinsville, VA 24112, to confess judgment against me, in favor of Lender, if I default on this agreement. The confession of judgment may be without process and for any amount **of PRINCIPAL and INTEREST and LATE CHARGES and FEES** due on this Guaranty, including collection costs and reasonable attorneys' fees. This is in addition to other remedies. A substitute attorney-in-fact may be appointed by Lender.

**For the purposes of this notice, "you" means the Guarantor. IMPORTANT NOTICE: THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

1. **DEFINITIONS.** As used in this Guaranty, the terms have the following meanings:
   **A. Pronouns.** The pronouns "I", "me" and "my" refer to all persons or entities signing this Guaranty, individually, jointly and severally, and together. "You" and "your" refer to the Lender.
   **B. Note.** "Note" refers to the document that evidences the Borrower's indebtedness, and any extensions, renewals, modifications and substitutions of the Note.
   **C. Property.** "Property" means any property, real, personal or intangible, that secures performance of the obligations of the Note, Debt, or this Guaranty.
   **D. Loan.** "Loan" refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction.

**E. Loan Documents.** "Loan Documents" refer to all the documents executed as a part of or in connection with the Loan.

**2. SPECIFIC AND FUTURE DEBT GUARANTY.** For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and to induce you, at your option, to make loans or engage in any other transactions with the Borrower from time to time, I, jointly and severally, absolutely and unconditionally agree to all terms of and guaranty to you the payment and performance of each and every debt, of every type, purpose and description that the Borrower either individually or with others, may now or at any time in the future owe you, including all principal, accrued interest, attorneys' fees and collection costs, when allowed by law, that may become due from the Borrower to you in collecting and enforcing the debt and all other agreements with respect to the Borrower listed below ("Debt"):

James C. Justice Companies, Inc., a Delaware corporation
Twin Fir Estates, LLC, a Virginia limited liability company
Wilcox Industries, Inc., a West Virginia corporation

In addition, Debt includes debts, liabilities, and obligations of the Borrower (including, but not limited to, amounts agreed to be paid under the terms of any notes or agreements securing the payment of any debt, loan, liability or obligation, overdrafts, letters of credit, guaranties, advances for taxes, insurance, repairs and storage, and all extensions, renewals, refinancings and modifications of these debts) whether now existing or created or incurred in the future, due or to become due, or absolute or contingent, including obligations and duties arising from the terms of all documents prepared or submitted in connection with each such transaction such as applications, security agreements, disclosures, and the Note.

You may, without notice, apply this Guaranty to such Debt of the Borrower as you may select from time to time.

**3. EXTENSIONS.** I consent to all renewals, extensions, modifications and substitutions of the Debt which may be made by you upon such terms and conditions as you may see fit from time to time without further notice to me and without limitation as to the number of renewals, extensions, modifications or substitutions.

**4. UNCONDITIONAL LIABILITY.** I am unconditionally liable under this Guaranty, regardless of whether or not you pursue any of your remedies against the Borrower, against any other maker, surety, guarantor or endorser of the Debt or against any Property. You may sue me alone, or anyone else who is obligated on this Guaranty, or any number of us together, to collect the Debt. My liability is not conditioned on the signing of this Guaranty by any other person and further is not subject to any condition not expressly set forth in this Guaranty or any instrument executed in connection with the Debt. My obligation to pay according to the terms of this Guaranty shall not be affected by the illegality, invalidity or unenforceability of any notes or agreements evidencing the Debt, the violation of any applicable usury laws, forgery, or any other circumstances which make the indebtedness unenforceable against the Borrower. I will remain obligated to pay on this Guaranty even if any other person who is obligated to pay the Debt, including the Borrower, has such obligation discharged in bankruptcy, foreclosure, or otherwise discharged by law.

**5. BANKRUPTCY.** If a bankruptcy petition should at any time be filed by or against the Borrower, the maturity of the Debt, so far as my liability is concerned, shall be accelerated and the Debt shall be immediately payable by me. I acknowledge and agree that this Guaranty, and the Debt secured hereby, will remain in full force and effect at all times, notwithstanding any action or undertakings by, or against, you or against any Property, in connection with any obligation in any proceeding in the United States Bankruptcy Courts. Such action or undertaking includes, without limitation, valuation of Property, election of remedies or imposition of secured or unsecured claim status upon claims by you, pursuant to the United States Bankruptcy Code, as amended. In the event that any payment of principal or interest received and paid by any other guarantor, borrower, surety, endorser or co-maker is deemed, by final order of a court of competent jurisdiction, to have been a voidable preference under the bankruptcy or insolvency laws of the United States or otherwise, then my obligation will remain as an obligation to you and will not be considered as having been extinguished.

**6. REVOCATION.** I agree that this is an absolute and unconditional Guaranty. I agree that this Guaranty will remain binding on me, whether or not there are any Debts outstanding, until you have actually received written notice of my revocation or written notice of my death or incompetence. Notice of revocation or notice of my death or incompetence will not affect my obligations under this Guaranty with respect to any Debts incurred by or for which you have made a commitment to the Borrower before you actually receive such notice, and all renewals, extensions, refinancings, and modifications of such Debts. I agree that if any other person signing this Guaranty provides a notice of revocation to you, I will still be obligated under this Guaranty until I provide such a notice of revocation to you. If any other person signing this Guaranty dies or is declared incompetent, such fact will not affect my obligations under this Guaranty.

**7. PROPERTY.** I agree that any Property may be assigned, exchanged, released in whole or in part or substituted without notice to me and without defeating, discharging or diminishing my liability. My obligation is absolute and your failure to perfect any security interest or any act or omission by you which impairs the Property will not relieve me or my liability under this Guaranty. You are under no duty to preserve or protect any Property until you are in actual or constructive possession. For purposes of this paragraph, you will only be in "actual" possession when you have physical, immediate and exclusive control over the Property and have accepted such control in writing. Further, you will only be deemed to be in "constructive" possession when you have both the power and intent to exercise control over the Property.

**8. DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

A. **Payments.** I fail to make a payment in full when due.

B. **Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization,

composition or debtor relief law by or against me, Borrower, or any co-signer, endorser, surety or guarantor of this Guaranty or any Debt.

C. **Death or Incompetency.** I die or am declared legally incompetent.

D. **Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Guaranty.

E. **Other Documents.** A default occurs under the terms of any other document relating to the Debt.

F. **Other Agreements.** I am in default on any other debt or agreement I have with you.

G. **Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

H. **Judgment.** I fail to satisfy or appeal any judgment against me.

I. **Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

J. **Name Change.** I change my name or assume an additional name without notifying you before making such a change.

K. **Property Transfer.** I transfer all or a substantial part of my money or property.

L. **Property Value.** You determine in good faith that the value of the Property has declined or is impaired.

M. **Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Guaranty or that the prospect for payment or performance of the Debt is impaired for any reason.

9. **WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

A. **Additional Waivers.** In addition, to the extent permitted by law, I consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to the Debt or this Guaranty.

(1) You may renew or extend payments on the Debt, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property.

(4) You, or any institution participating in the Debt, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of the Debt to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that the Borrower is authorized to modify the terms of the Debt or any instrument securing, guarantying or relating to the Debt.

(7) You may undertake a valuation of any Property in connection with any proceedings under the United States Bankruptcy Code concerning the Borrower or me, regardless of any such valuation, or actual amounts received by you arising from the sale of such Property.

(8) I agree to consent to any waiver granted the Borrower, and agree that any delay or lack of diligence in the enforcement of the Debt, or any failure to file a claim or otherwise protect any of the Debt, in no way affects or impairs my liability.

(9) I agree to waive reliance on any anti-deficiency statutes, through subrogation or otherwise, and such statutes in no way affect or impair my liability. In addition, until the obligations of the Borrower to Lender have been paid in full, I waive any right of subrogation, contribution, reimbursement, indemnification, exoneration, and any other right I may have to enforce any remedy which you now have or in the future may have against the Borrower or another guarantor or as to any Property.

Any Guarantor who is an "insider," as contemplated by the United States Bankruptcy Code, 11 U.S.C. 101, as amended, makes these waivers permanently. (An insider includes, among others, a director, officer, partner, or other person in control of the Borrower, a person or an entity that is a co-partner with the Borrower, an entity in which the Borrower are general partners, directors, officers or otherwise in control or a close relative of any of these other persons.) Any Guarantor who is not an insider makes these waivers until all Debt is fully repaid.

B. **No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in the Debt instruments, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

C. **Waiver of Claims.** I waive all claims for loss or damage caused by your acts or omissions where you acted reasonably and in good faith.

10. **REMEDIES.** After the Borrower or I default, you may at your option do any one or more of the following.

A. **Acceleration.** You may make all or any part of the amount owing by the terms of this Guaranty immediately due.

B. **Sources.** You may use any and all remedies you have under state or federal law or in any documents relating to the Debt.

C. **Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on default.

D. **Payments Made on the Borrower's Behalf.** Amounts advanced on the Borrower's behalf will be immediately due and payable and may be added to the balance owing under the Debt.

E. **Attachment.** You may attach or garnish my wages or earnings.

F. **Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Guaranty against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any

amount due and payable under the terms of this Guaranty" means the total amount to which you are entitled to demand payment under the terms of this Guaranty at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay the Debt, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

G. Waiver. Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

11. COLLECTION EXPENSES AND ATTORNEYS' FEES. On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Guaranty or any other document relating to the Debt. The parties agree and stipulate for all purposes that an attorney's fee of 10% of the outstanding principal due at the time of default shall constitute a reasonable attorney's fee. To the extent permitted by law, expenses include, but are not limited to, reasonable attorneys' fees, court costs and other legal expenses. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

12. WARRANTIES AND REPRESENTATIONS. I have the right and authority to enter into this Guaranty. The execution and delivery of this Guaranty will not violate any agreement governing me or to which I am a party.

In addition, I represent and warrant that this Guaranty was entered into at the request of the Borrower, and that I am satisfied regarding the Borrower's financial condition and existing indebtedness, authority to borrow and the use and intended use of all Debt proceeds. I further represent and warrant that I have not relied on any representations or omissions from you or any information provided by you respecting the Borrower, the Borrower's financial condition and existing indebtedness, the Borrower's authority to borrow or the Borrower's use and intended use of all Debt proceeds.

13. RELIANCE. I acknowledge that you are relying on this Guaranty in extending credit to the Borrower, and I have signed this Guaranty to induce you to extend such credit. I represent and warrant to you that I have a direct and substantial economic interest in the Borrower and expect to derive substantial benefits from any loans and financial accommodations resulting in the creation of indebtedness guarantied hereby. I agree to rely exclusively on the right to revoke this Guaranty prospectively as to future transactions in the manner as previously described in this Guaranty if at any time, in my opinion, the benefits then being received by me in connection with this Guaranty are not sufficient to warrant the continuance of this Guaranty. You may rely conclusively on a continuing warranty that I continue to be benefited by this Guaranty and you will have no duty to inquire into or confirm the receipt of any such benefits, and this Guaranty will be effective and enforceable by you without regard to the receipt, nature or value of any such benefits.

14. APPLICABLE LAW. This Guaranty is governed by the laws of Virginia, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law. In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in the Circuit Court of the City of Martinsville, Virginia or the United States District Court for the Western District of Virginia, if such court has jurisdiction, unless otherwise required by law.

15. AMENDMENT, INTEGRATION AND SEVERABILITY. This Guaranty may not be amended or modified by oral agreement. No amendment or modification of this Guaranty is effective unless made in writing and executed by you and me. This Guaranty and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Guaranty is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable.

16. ASSIGNMENT. If you assign any of the Debts, you may assign all or any part of this Guaranty without notice to me or my consent, and this Guaranty will inure to the benefit of your assignee to the extent of such assignment. You will continue to have the unimpaired right to enforce this Guaranty as to any of the Debts that are not assigned. This Guaranty shall inure to the benefit of and be enforceable by you and your successors and assigns and any other person to whom you may grant an interest in the Debts and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

17. INTERPRETATION. Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Guaranty.

18. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS. Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Guarantor will be deemed to be notice to all Guarantors. I will inform you in writing of any change in my name, address or other application information. I will provide you any correct and complete financial statements or other information you request. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Guaranty and to confirm your lien status on any Property. Time is of the essence.

19. CREDIT INFORMATION. I agree that from time to time you may obtain credit information about me from others, including other lenders and credit reporting agencies, and report to others (such as a credit reporting agency) your credit experience with me. I agree that you will not be liable for any claim arising from the use of information provided to you by others or for providing such information to others.

**20. WAIVER OF JURY TRIAL.** All of the parties to this Guaranty knowingly and intentionally, irrevocably and unconditionally, waive any and all right to a trial by jury in any litigation arising out of or concerning this Guaranty or any other documents relating to the Debt or related obligation. All of these parties acknowledge that this section has either been brought to the attention of each party's legal counsel or that each party had the opportunity to do so.

**21. SIGNATURES.** By signing under seal, I agree to the terms contained in this Guaranty. I also acknowledge receipt of a copy of this Guaranty.

**GUARANTOR:**

_____ (Seal)
JAMES C. JUSTICE, II

**ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):**
(Individual)

STATE OF _West Virginia_, COUNTY/CITY OF _Greenbrier_ ss.

This instrument was acknowledged before me this _30_ day of _Jan. 2020_ by JAMES C. JUSTICE, II. He [check one] ☒ is personally known to me or ☐ has produced _____ as identification.

My commission expires: _12-30-22_

Notary Registration Number: _____

_Karen Stanley_
(Notary Public)

OFFICIAL SEAL
Karen Stanley
Notary Public
State of West Virginia
My Commission Expires
December 30, 2022
HC 66 Box 316
Renick, WV 24966

[Executions Continue on Following Page]

**GUARANTOR:**

_____ (Seal)
CATHY L. JUSTICE

**ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):**
**(Individual)**

STATE OF ___West Virginia___ , COUNTY/CITY OF ___Greenbrier___ ss.

This instrument was acknowledged before me this 8 day of Jan. 2020 by CATHY L. JUSTICE. She [check one] ☐ is personally known to me or ☐ has produced _____ as identification.

My commission expires: 12 - 30 - 22
Notary Registration Number: _____

_____
(Notary Public)

OFFICIAL SEAL
Karen Stanley
Notary Public
State of West Virginia
My Commission Expires
December 30, 2022
HC 66 Box 316
Renick, WV 24966

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| ██████4-82 | JAMES C. JUSTICE COMPANIES, INC. | | 03/19/2020 | |
| **NOTE AMOUNT** | **INDEX (w/Margin)** | **RATE** | **MATURITY DATE** | **LOAN PURPOSE** |
| $51,665,359.46 | Not Applicable | Wall Street Journal Prime Rate as in effect from time to time | 06/30/2020 | Commercial |
| | | Creditor Use Only | | |

## AMENDED AND RESTATED PROMISSORY NOTE

*(Commercial - Single Advance)*

**DATE AND PARTIES.** The date of this Amended and Restated Promissory Note (Note) is MARCH 19, 2020. The parties and their addresses are:

LENDER:
**CARTER BANK & TRUST**
4 East Commonwealth Boulevard
Martinsville, VA  24112-1920
Telephone: (276) 632-2901

BORROWER (jointly and severally):
**JAMES C. JUSTICE COMPANIES, INC.,**
A DELAWARE CORPORATION
302 SOUTH JEFFERSON STREET, SUITE 600
ROANOKE, VIRGINIA 24011-1711

**TWIN FIR ESTATES, LLC,**
A VIRGINIA LIMITED LIABILITY COMPANY
302 SOUTH JEFFERSON STREET, SUITE 600
ROANOKE, VIRGINIA 24011-1711

**WILCOX INDUSTRIES, INC.,**
A WEST VIRGINIA CORPORATION
302 SOUTH JEFFERSON STREET, SUITE 600
ROANOKE, VIRGINIA 24011-1711

---

**CONFESSION OF JUDGMENT.** I appoint and authorize John L. Gregory, III, James W. Haskins and Scott C. Wall, any of whom may act individually, of Young, Haskins, Mann, Gregory, McGarry & Wall, P.C., 400 Starling Avenue, Martinsville, VA 24112, attorneys-in -fact, to appear in the office of the Martinsville City Circuit Court, 55 West Church Street, Martinsville, VA 24112, to confess judgment against me, in favor of Lender, if I default on this agreement. The confession of judgment may be without process and for any amount of PRINCIPAL and INTEREST and LATE CHARGES and FEES due on this Note, including collection costs and reasonable attorneys' fees. This is in addition to other remedies. A substitute attorney-in-fact may be appointed by Lender.

**For the purposes of this notice, "you" means the Borrower. IMPORTANT NOTICE: THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

---

1. **DEFINITIONS.** As used in this Note, the terms have the following meanings:
    A. **Pronouns.** The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Note. "You" and "Your" refer to the Lender, any participants or syndicators, successors and assigns, or any person or company that acquires an interest in the Loan.
    B. **Note.** Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.
    C. **Loan.** Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.
    D. **Loan Documents.** Loan Documents refer to all the documents executed as a part of or in connection with the Loan.
    E. **Property.** Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.
    F. **Percent.** Rates and rate change limitations are expressed as annualized percentages.
    G. **Dollar Amounts.** All dollar amounts will be payable in lawful money of the United States of America.
2. **REFINANCING.** This Note will renew and extend the following described note(s):
Note ██████4482 dated January 29, 2020 with an original principal balance of $52,965,799.89 (the "Prior Note").

**3. PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, the principal sum of $51,700,986.41, plus interest from March 19, 2020 on the unpaid Principal balance until this Note matures or this obligation is accelerated, whichever occurs first, plus all accrued but unpaid interest outstanding under the Prior Note for the period February 29, 2020 to and including March 18, 2020, together with any applicable late charge (collectively, the "Prior Note Amounts").

**4. INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of **Wall Street Journal Prime Rate as in effect from time to time (Interest Rate).**

**A.** **Post-Maturity Interest.** After maturity or acceleration, interest will accrue on the unpaid Principal balance of this Note at the Interest Rate plus 3% per annum, until paid in full.

**B. Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by applicable law. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

**C. Statutory Authority.** The amount assessed or collected on this Note is authorized by the Virginia usury laws under Va. Code §§ 6.2 et. seq.

**D. Accrual.** Interest accrues using an Actual/360 days counting method.

**5. REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

**A. Late Charge.** If a payment is more than **10** days late, I will be charged **5.000** percent of the Amount of Payment. I will pay this late charge promptly but only once for each late payment.

**6. PAYMENT.** I agree to pay this Note as follows:

(1) On April 1, 2020, an amount equal to the Prior Note Amounts.

(2) On each of April 1, 2020, May 1, 2020 and June 1, 2020, an amount equal to the interest that has accrued on the Principal balance outstanding on this Note.

(3) On June 30, 2020, the entire Principal balance outstanding on this Note together with all accrued interest shall be immediately due and payable in full without notice or demand.

Payments will be rounded up to the nearest $.01. With the final payment I also agree to pay additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

Each payment I make on this Note will be applied first to pay interest that is due on this Note, then to escrow that is due on this Note, then to late charges that are due on this Note, then to any charges that I owe on this Note other than principal and interest, and finally to the principal that is due on this Note. If you and I agree to a different application of payments, we will describe our agreement on this Note. You may change how payments are applied in your sole discretion without notice to me. The actual amount of my final payment will depend on my payment record.

**7. PREPAYMENT.** I may prepay this Loan in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full. I shall be required to prepay this Note in the amount of all Net Proceeds (as hereinafter defined) I receive on or prior to June 30, 2020. For the purposes of this Note, "Net Proceeds" shall mean (1) the gross proceeds resulting from the syndication, sale, assignment or other disposition of the Virginia tax credits associated with the Presidential Estates property owned by James C. Justice Companies, Inc. located in Albemarle County, Virginia and encumbered by the Credit Line Deed of Trust dated October 30, 2013 executed by James C. Justice Companies, Inc. for the benefit of you that encumbers the Presidential Estates property and secures this Note minus (i) any fee owed to a tax creditor syndicator or broker (which fee must be approved by you in your sole and absolute discretion), (ii) a fee equal to two percent (2%) of the gross amount of the tax credit proceeds paid to Matthew Gerber by the tax credit syndicator or broker and (iii) any other amount approved by you, in your sole and absolute discretion, to pay lawyers, appraisers, title companies and other persons or entities that have performed services directly associated with obtaining such Virginia tax credits and (2) the gross proceeds resulting from the sale, assignment or other disposition of any other collateral for this Note minus usual and customary charges associated with the sale, assignment or other disposition of the asset approved by you, in your sole and absolute discretion, such as grantor's tax, prorated real estate taxes, and legal fees and expenses.

**8. LOAN PURPOSE.** The purpose of this Loan is to renew loan ███████ 4482.

**9. GUARANTY.** A Guaranty, dated March 19, 2020 from JAMES C JUSTICE, II and CATHY L. JUSTICE (individually and collectively, Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from VIRGINIA FUEL CORPORATION (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from SOUTHEAST COTTON, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from AMERICAN TURF GRASS CORPORATION (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from BLACK RIVER FARMS, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from RAPIDAN, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from EVERGREEN TURF CORPORATION (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from BLUE RIDGE FARM CENTER, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from STONEY BROOK PLANTATION, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from JUSTICE FARM SUPPLY, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from TEN MILE BAY, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from JUSTICE FAMILY FARMS, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

A Guaranty, dated December 1, 2018 from GREENTHORN, LLC (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty; and

A Guaranty, dated December 1, 2018 from JUSTICE LOW SEAM MINING, INC. (Guarantor) to you, guaranties the payment and performance of my debts as described in the Guaranty;

10. **DEFAULT.** I will be in default if any of the following events (known separately and collectively as an Event of Default) occur:

**A. Payments.** I fail to make a payment in full when due.

**B. Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

**C. Business Termination.** I merge, dissolve, reorganize, end my business or existence, or a partner or majority owner dies or is declared legally incompetent.

**D. New Organizations.** Without your written consent, I organize, merge into, or consolidate with an entity; acquire all or substantially all of the assets of another; materially change the legal structure, management, ownership or financial condition; or effect or enter into a domestication, conversion or interest exchange.

**E. Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note.

**F. Other Documents.** A default occurs under the terms of any other Loan Document.

**G. Other Agreements.** I am in default on any other debt or agreement I have with you.

**H. Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

**I. Judgment.** I fail to satisfy or appeal any judgment against me.

**J. Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

**K. Name Change.** I change my name or assume an additional name without notifying you before making such a change.

**L. Property Transfer.** I transfer all or a substantial part of my money or property.

11. **WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

**A. Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

(1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property securing this Note.

(4) You, or any institution participating in this Note, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

**B. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

12. **REMEDIES.** After I default, you may at your option do any one or more of the following.

**A. Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due and payable.

**B. Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

**C. Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

**D. Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and payable and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate.

**E. Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

**F. Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

13. **COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after the occurrence of an Event of Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note or any other Loan Document. I agree and stipulate for all purposes that an attorney's fee of 10% of the outstanding principal due on this Note at the time of default shall constitute a reasonable attorney's fee. Expenses include (unless prohibited by law) reasonable attorneys' fees, court costs, and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as

provided for in the terms of this Note.  All fees and expenses will be secured by the Property I have granted to you, if any.  In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**14. COMMISSIONS.**  I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**15. WARRANTIES AND REPRESENTATIONS.**  I make to you the following warranties and representations which will continue as long as this Note is in effect:

**A. Power.**  I am duly organized, and validly existing and in good standing in all jurisdictions in which I operate.  I have the power and authority to enter into this transaction and to carry on my business or activity as it is now being conducted and, as applicable, am qualified to do so in each jurisdiction in which I operate.

**B. Authority.**  The execution, delivery and performance of this Note and the obligation evidenced by this Note are within my powers, have been duly authorized, have received all necessary governmental approval, will not violate any provision of law, or order of court or governmental agency, and will not violate any agreement to which I am a party or to which I am or any of my Property is subject.

**C. Name and Place of Business.**  Other than previously disclosed in writing to you I have not changed my name or principal place of business within the last 10 years and have not used any other trade or fictitious name.  Without your prior written consent, I do not and will not use any other name and will preserve my existing name, trade names and franchises.

**16. APPLICABLE LAW.**  This Note is governed by the laws of Virginia, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law.  In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Virginia, unless otherwise required by law.  In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in the Circuit Court of the City of Martinsville, Virginia or the United States District Court for the Western District of Virginia, if such court has jurisdiction, unless otherwise required by law.

**17. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.**  My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it.  You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan.  Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan.  This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**18. AMENDMENT, INTEGRATION AND SEVERABILITY.**  This Note may not be amended or modified by oral agreement.  No amendment or modification of this Note is effective unless made in writing and executed by you and me.  This Note and the other Loan Documents are the complete and final expression of the agreement.  If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable.  No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, with respect to this loan, you fail to fulfill any necessary requirements or fail to conform to any limitations of the Truth in Lending Act (Regulation Z) or the Real Estate Settlement Procedures Act (Regulation X) that are required for loans secured by the Property or if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

**19. INTERPRETATION.**  Whenever used, the singular includes the plural and the plural includes the singular.  The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

**20. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS.**  Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing.  Notice to one Borrower will be deemed to be notice to all Borrowers.  I will inform you in writing of any change in my name, address or other application information.  I will provide you any correct and complete financial statements or other information you request.  I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property.  Time is of the essence.

**21. CREDIT INFORMATION.**  I agree to supply you with whatever information you reasonably request.  You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

**22. ERRORS AND OMISSIONS.**  I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you or any and all loan closing documents so that all documents accurately describe the loan between you and me.  I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

**23. WAIVER OF JURY TRIAL.**  All of the parties to this Note knowingly and intentionally, irrevocably and unconditionally, waive any and all right to a trial by jury in any litigation arising out of or concerning this Note or any other Loan Document or related obligation.  All of these parties acknowledge that this section has either been brought to the attention of each party's legal counsel or that each party had the opportunity to do so.

**24. SIGNATURES.**  By signing under seal, I agree to the terms contained in this Note.  I also acknowledge receipt of a copy of this Note.

**BORROWER:**

JAMES C. JUSTICE COMPANIES, INC.,
a Delaware corporation

By: _____ (Seal)
    JAMES C. JUSTICE, III, PRESIDENT

**ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):**

STATE OF _Virginia_____, COUNTY (OR CITY) OF _Roanoke_____ ss.

    This instrument was acknowledged before me this ___19th___ day of ___March___, 2020 by JAMES C. JUSTICE, III, PRESIDENT OF JAMES C. JUSTICE COMPANIES, INC., a Delaware corporation, on behalf of the corporation.   He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

My commission expires: ___5-31-2021___
Notary Registration Number: ___7560729___

_____
(Notary Public)

> LESLIE ANN WELLS
> NOTARY PUBLIC
> Commonwealth of Virginia
> Registration No. 7560729
> My Commission Expires May 31, 2021

**BORROWER:**

TWIN FIR ESTATES, LLC,
a Virginia limited liability company

By: _____ (Seal)
    JAMES C. JUSTICE, III, PRESIDENT

**ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):**

STATE OF _Virginia_____, COUNTY (OR CITY) OF _Roanoke_____ ss.

    This instrument was acknowledged before me this ___19th___ day of ___March___, 2020 by JAMES C. JUSTICE, III, PRESIDENT OF TWIN FIR ESTATES, LLC, A VIRGINIA LIMITED LIABILITY COMPANY, on behalf of the company.   He [*check one*] ☑ is personally known to me or ☐ has produced _____ as identification.

My commission expires: ___5-31-2021___
Notary Registration Number: ___7560729___

_____

[SIGNATURES AND ACKNOWLEDGEMENTS CONTINUE ON FOLLOWING PAGE]

> LESLIE ANN WELLS
> NOTARY PUBLIC
> Commonwealth of Virginia
> Registration No. 7560729
> My Commission Expires May 31, 2021

**BORROWER:**

WILCOX INDUSTRIES, INC.,
a West Virginia corporation

By: _____(Seal)
JAMES C. JUSTICE, III, PRESIDENT

**ACKNOWLEDGMENT (REQUIRED FOR CONFESSION OF JUDGMENT):**

STATE OF _____Virginia_____, COUNTY (OR CITY) OF _____Roanoke_____ ss.

This instrument was acknowledged before me this ___19th___ day of ___March___, 2020 by JAMES C. JUSTICE, III, PRESIDENT OF WILCOX INDUSTRIES, INC., A WEST VIRGINIA CORPORATION, on behalf of the corporation.   He [*check one*] ☒ is personally known to me or ☐ has produced _____ as identification.

My commission expires: ___5-31-2021___
Notary Registration Number: ___756029___

_____
(Notary Public)

LESLIE ANN WELLS
NOTARY PUBLIC
Commonwealth of Virginia
Registration No. 7560729
My Commission Expires May 31, 2021