Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

| | |
|---|---|
| BELLWOOD CORP., <br> GREENBRIER HOTEL CORP., <br> GREENBRIER GOLF AND TENNIS CLUB CORP., <br> GREENBRIER MEDICAL INSTITUTE, LLC, <br> THE GREENBRIER SPORTING CLUB DEVELOPMENT COMPANY, INC., <br> THE GREENBRIER SPORTING CLUB, INC., <br> JUSTICE FAMILY GROUP, LLC, <br> JAMES C. JUSTICE COMPANIES, INC. <br> JUSTICE FARMS OF NORTH CAROLINA, LLC, <br> JUSTICE LOW SEAM MINING, INC., <br> OAKHURST CLUB, LLC, <br> TAMS MANAGEMENT, INC. <br> TRIPLE J PROPERTIES LLC, <br> JAMES C. JUSTICE II, <br> CATHY L. JUSTICE, AND <br> JAMES C. JUSTICE III <br><br> Plaintiffs, <br><br> v. <br><br> CARTER BANK & TRUST, <br> MICHAEL R. BIRD, <br> KEVIN S. BLOOMFIELD, <br> ROBERT M. BOLTON, <br> ROBERT W. CONNER, <br> GREGORY W. FELDMANN, <br> CHESTER A GALLIMORE, <br> CHARLES E. HALL, <br> JAMES W. HASKINS, <br> PHYLLIS Q. KARAVATAKIS, <br> LANNY A. KYLE, <br> E. WARREN MATTHEWS, <br> CATHARINE L. MIDKIFF, <br> JOSEPH E. PIGG, <br> ELIZABETH LESTER WALSH, <br> LITZ H. VAN DYKE, AND <br> JOHN AND JANE DOES. <br><br> Defendants. | Civil Action No. 5:21-cv-00320 |

117533416v1

## DECLARATION OF PHYLLIS Q. KARAVATAKIS

I, Phyllis Q. Karavatakis, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury on this 12th day of July 2021, that the following facts are true and correct:

1. I am a resident of the Union Hall, Virginia, over eighteen years of age, and by my own free will state the following true facts.

2. I currently am the Senior Executive Vice-President of Carter Bank & Trust ("Carter Bank") and a member of Carter Bank's Board of Directors.

3. Carter Bank is a state-chartered banking institution incorporated in in the Commonwealth of Virginia, with its principal place of business in Martinsville, Virginia.

4. I have first-hand knowledge of the matters set forth herein.

5. On April 4, 2017, just before the death of Worth Carter, in my capacity as President of Carter Bank, I attended a tour of the Greenbrier facilities in White Sulphur Springs, West Virginia.

6. On September 7, 2017, I attended a meeting with Plaintiff James C. Justice, III ("Jay Justice"), Stephen W. Ball, Esq. (in-house attorney for the Plaintiffs), Paul E. Sullivan, Esq. (outside counsel for the Plaintiffs), Litz Van Dyke (Carter Bank's CEO), and Carter Bank's attorney to discuss a request made by Jay Justice for an additional loan and a deferral of payments due on loans to certain of the Plaintiff entities. The meeting took place at Carter Bank's headquarters in Martinsville, Virginia.

7. To the best of my knowledge and belief, Mr. Ball lives and works in Roanoke, Virginia at the Justice Entities' headquarters.

8. To the best of my knowledge and belief, Jay Justice resides, is domiciled in and works in Roanoke, Virginia. He was the primary point of contact for the Plaintiffs throughout the

period of time from May 2017 through 2021 that Carter Bank engaged in negotiations with the Plaintiffs.

9. To the best of my knowledge and belief, Mr. Sullivan is a partner with the law firm Frost, Brown & Todd, LLC headquartered in Kentucky.

10. The existing "coal loans" mentioned in the Complaint and discussed at the September 7, 2017 meeting were loans to Justice Low Seam Mining, Inc. James C. Justice Companies, Inc., Bellwood Corporation, Justice Farms of North Carolina, LLC, and Jay Justice, as well as other entities that are not named as Plaintiffs in this case.

11. On a couple of occasions, I met with Jay Justice and Litz Van Dyke at the Roanoke, Virginia corporate headquarters of the Virginia-based Plaintiffs to discuss the credit relationship between the parties.

12. I have not, as a representative of Carter Bank or otherwise, reached out to or contacted the Plaintiffs in West Virginia to solicit a loan or any other financial transaction or business from any of the Plaintiffs.

13. I have not, as a representative of Carter Bank or otherwise, met with any of the Plaintiffs or their representatives in West Virginia to discuss any of the matters set forth in the Complaint.

14. With the exception of the meetings described in Paragraph 11, all discussions with the Plaintiffs and/or any of their representatives concerning the matters described in the Complaint were over the telephone, or by email or text.

15. All communications with the Plaintiffs in connection with the matters alleged in the Complaint were initiated by the Plaintiffs.

16. I do not own real property in West Virginia.

The foregoing declaration is true to the best of my information and belief.

July 12, 2021

DocuSigned by:

*phyllis karavatakis*
3C4A8A5716A1452...

Phyllis Q. Karavatakis, Senior Executive Vice-President, Carter Bank & Trust