IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

|  |  |  |
|---|---|---|
| ──────────────────────────── x : | | |
| BELLWOOD CORP., *et al.* : | | Civil Action No. 5:21-cv-00320 |
| : | | Honorable Frank W. Volk, Judge |
| : | | |
| *Plaintiffs*. : | | |
| : | | |
| v. : | | |
| : | | |
| CARTER BANK & TRUST, *et al.* : | | |
| : | | |
| : | | |
| *Defendants*. : | | |
| ──────────────────────────── x | | |

**PLAINTIFFS' EXPEDITED MOTION FOR
(I) LEAVE TO CONDUCT LIMITED JURISDICTIONAL AND VENUE DISCOVERY
AND (II) ENTRY OF A SCHEDULING ORDER**

Plaintiffs, by and through their undersigned counsel, move this Court (the "Motion") for (i) leave to conduct limited discovery into the jurisdictional and venue assertions by Defendants in *Carter Bank's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue to the Western District of Virginia* [Dkt. No. 49] (together with the memorandum in support, the "Venue Motion to Dismiss") and *Director Defendants' Motion to Dismiss the Complaint Pursuant to Rule 12(B)(2) for Lack of Personal Jurisdiction* [Dkt. No. 51] (together with the memorandum in support, the "Jurisdiction Motion to Dismiss", and together with the Venue Motion to Dismiss, the "Motions to Dismiss"), including depositions of each of the Director Defendants (as defined in the Jurisdiction Motion to Dismiss)[1] pursuant to Rule 30(a)(2) and

---

[1] Mr. Litz Van Dyke and Ms. Phyllis Q. Karavatakis are two of the Director Defendants and are also executives of Carter Bank & Trust ("Carter Bank"). Mr. Van Dyke is the Chief Executive Officer of Carter Bank (Van Dyke Decl. ¶ 2) and Ms. Karavatakis is the Senior Executive Vice-President of Carter Bank (Karavatakis Decl. ¶ 2). Given the nature of the requested limited discovery, Plaintiffs are willing to agree to appropriate time limitations on each of the

Rule 26(b) of the Federal Rules of Civil Procedure ("FRCP") and (ii) entry of a scheduling order governing such discovery and Plaintiffs' opposition to the Motions to Dismiss, substantially in the form attached hereto as Exhibit A. Given the August 13, 2021 deadline for Plaintiffs to respond to the Motions to Dismiss, Plaintiffs respectfully request that the Court expedite its consideration of this Motion. In support of this Motion, Plaintiffs respectfully state as follows:

## PRELIMINARY STATEMENT

Plaintiffs commenced this action on May 31, 2021 by filing the *Complaint* [Dkt. No. 1] relating to the two-decade long financing relationship between Carter Bank and Plaintiffs, and asserting claims for, among other things, violation of the federal anti-competitive behavior banking statute, breach of contract (and in particular the covenant of good faith and fair dealing), and breach of fiduciary duties and aiding and abetting breach of fiduciary duties. The Motions to Dismiss argue (i) that this Court cannot exercise personal jurisdiction over the Director Defendants because they do not have sufficient "minimum contacts" with West Virginia such that exercise of personal jurisdiction would comport with Constitutional due process (Jurisdiction Mot. to Dismiss at 3), and (ii) that this action should be brought in Virginia state or federal court rather than in this Court on grounds including that this controversy is not "local to West Virginia." (Venue Mot. to Dismiss at 4.)

The Motions to Dismiss raise questions of fact as to the jurisdiction and venue challenges made by Defendants, including the Director Defendants' contacts with the State of West Virginia and the extent thereof. As a result, Plaintiffs request limited discovery relating to such issues, which is necessary in order for Plaintiffs to have a fair and adequate opportunity to respond to

---

depositions, as well as other accommodations, including conducting the depositions via video conference.

the Motions to Dismiss. This relief is reasonable under the circumstances and regularly granted by courts in this jurisdiction. *See W. Virginia-Ohio Valley Area I.B.E.W. Welfare Fund* v. *Am. Tobacco Co.*, 29 F. Supp. 2d 733, 737 (S.D.W. Va. 1998) (granting discovery as reasonable to allow plaintiffs an opportunity to investigate jurisdictional issues and noting that such relief has been granted in other pending litigation, including in *Isner* v. *Healthsouth Rehab. Corp.*, No. 6:97-1125 (S.D.W. Va. Jan. 9, 1998)).

Courts in this jurisdiction have broad discretion to grant jurisdictional discovery. *Estate of Alford* v. *Fuji Heavy Indus., Ltd.*, No. 3:15-cv-16449, 2016 WL 756489, at *1 (S.D.W. Va. Feb. 25, 2016) ("A federal district court uncertain about its personal jurisdiction over a defendant may, in its discretion, grant discovery for the limited purpose of determining whether exercising personal jurisdiction is proper."). A plaintiff seeking such discovery does not have a heavy burden and need only present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . ." *Farrar* v. *Cessna Aircraft Co.*, No. 2:18-cv-00461, 2018 WL 5891751, at *2 (S.D.W. Va. Nov. 9, 2018) (quoting *Toys "R" Us, Inc.* v. *Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). Plaintiffs have clearly met this burden.

In particular, the requested discovery is appropriate here based on Plaintiffs' allegations in the Complaint and certain of the Director Defendants' own sworn statements in support of the Jurisdiction Motion to Dismiss, including, without limitation, that (i) Carter Bank and its directors fostered ongoing connections with West Virginia business and residents and benefited substantially from doing business in West Virginia through the relationship with the Justice family, which is Carter Bank's largest banking relationship and is primarily located in West Virginia; (ii) Carter Bank intentionally engaged in misconduct relating to hundreds of millions of dollars' worth of loans, including loans to Plaintiffs headquartered and operating in West

Virginia and that the Director Defendants were personally involved in such conduct purposefully directed into the forum state; and (iii) the Director Defendants themselves refused to communicate with Plaintiffs regarding Plaintiffs' attempts to pay off, among others, loans made to Plaintiffs headquartered and operating in West Virginia and were involved in material decisions relating to the Plaintiffs.  In addition, both the Declaration of Litz Van Dyke (at ¶ 5) and the Declaration of Phyllis Karavatakis (at ¶ 5) confirm a meeting on April 4, 2017 among those individuals and representatives of the Plaintiffs at the Greenbrier in White Sulphur Springs, West Virginia, which is among the largest assets of the Justice family and is the largest hospitality business in the state of West Virginia.  Discovery is likely to reveal additional meetings or other contact by Mr. Van Dyke, Ms. Karavatakis and the other Director Defendants in or directed at the Greenbrier, other Plaintiffs and the State of West Virginia.

The record before the Court more than adequately justifies the requested limited discovery into the jurisdictional and venue issues raised by the Motions to Dismiss, and demonstrates that discovery is likely to result in relevant evidence that will benefit the Court in rendering its decision on the Motions to Dismiss.  Plaintiffs should be provided with an opportunity to investigate those issues in order to have a fair and adequate opportunity to respond to the Motions to Dismiss.  Therefore, this Court should grant Plaintiffs leave to conduct the requested limited discovery and grant the other requests herein.

## ARGUMENT

### I. THE COURT SHOULD AUTHORIZE THE REQUESTED LIMITED DISCOVERY

District courts have broad discretion to grant jurisdictional discovery.  *Estate of Alford* v. *Fuji Heavy Indus., Ltd.*, No. 3:15-cv-16449, 2016 WL 756489, at *1 (S.D.W. Va. Feb. 25, 2016) ("A federal district court uncertain about its personal jurisdiction over a defendant may, in its

discretion, grant discovery for the limited purpose of determining whether exercising personal jurisdiction is proper."); *see also Carefirst of Maryland, Inc.* v. *Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted."). A plaintiff seeking such discovery does not have a heavy burden and must only present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Farrar* v. *Cessna Aircraft Co.*, No. 2:18-cv-00461, 2018 WL 5891751, at *2 (S.D.W. Va. Nov. 9, 2018) (quoting *Toys "R" Us, Inc.* v. *Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). At the heart of the inquiry is whether plaintiffs provide "more than bare allegations to dispute a defendant's denial of personal jurisdiction." *Weirton Area Water Bd.* v. *3M Co.*, No. 5:20-cv-102, 2020 WL 8184649, at *2 (N.D.W. Va. Nov. 20, 2020).

To establish personal jurisdiction over the defendants under West Virginia's long-arm statute, plaintiffs only need to establish that defendants had "sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Clarke Veneers & Plywood, Inc.* v. *Mentakab Veneer & Plywood*, 821 Fed. Appx. 243, 244 (4th Cir. 2020) (quoting *Consulting Eng'rs. Corp.* v. *Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009)). In determining defendants' minimum contacts with the forum state, courts in the Fourth Circuit consider three factors: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Id.*[2]

---

[2] Importantly, the United States Supreme Court's recent decision in *Ford Motor Co.* v. *Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021) makes clear that plaintiffs do not have to establish a causal connection between defendants' contacts with the forum state and the plaintiffs' claim. *Id.* at 1026 ("[W]e have never framed the specific jurisdiction inquiry as always requiring proof of causation—i.e., proof that the plaintiff's claim came about because of the defendant's in-state

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). "[I]n determining whether events or omissions are sufficiently substantial to support venue under [§ 1391(b)(2)], a court should not focus only on those matters that are in dispute or that directly led to the filing of the action. Rather, it should review the entire sequence of events underlying the claim." *Mitrano* v. *Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (internal citations and quotation marks omitted).

Here, Plaintiffs have alleged facts through the Complaint that suggest with reasonable particularity the possible existence of the requisite contacts by the Director Defendants sufficient to warrant the requested limited discovery into the jurisdictional and venue issues. For example, Plaintiffs allege in the Complaint that the Justice family was (and, on the Plaintiffs' reasonable belief, still is) Carter Bank's largest banking relationship, having paid Carter Bank at least $238.5 million in interest and fees, and that a substantial part of the Justice family's assets are located in West Virginia. (Cmplt. ¶¶ 18–31, 91.) The Complaint further alleges that Carter Bank intentionally engaged in misconduct relating to hundreds of millions of dollars' worth of loans, including loans to Plaintiffs headquartered and operating in West Virginia. (Cmplt. ¶¶ 9–15.) The

---

conduct."). In holding that Ford Motor Company ("Ford") had minimum contacts with the forum states and thus was subject to personal jurisdiction there, the Supreme Court pointed to the businesses that Ford regularly conducted in the forum states, including, among other things, Ford's efforts in fostering ongoing connections to its cars' owners, the money that Ford made in the forum states and the fact that Ford's activities encouraged forum states' residents to become "lifelong Ford drivers." *Id*. at 1028. The Supreme Court's holding in *Ford Motor Co.* is not novel and is, in all events, binding. It has been a longstanding law that where defendants "enjoy[] the benefits and protection of [forum state's] laws," it is only fitting for the defendants to be subject to the jurisdiction of the forum state. *See International Shoe Co.* v. *Washington*, 326 U. S. 310, 319 (1945).

Complaint adequately alleges, and discovery is likely to reveal, that the Director Defendants were personally involved in such conduct purposefully directed into the forum state.

As another example, Plaintiffs also allege in the Complaint that the board of directors of Carter Bank refused to communicate with Plaintiffs regarding Plaintiffs' attempts to pay off, among others, loans made to Plaintiffs headquartered and operating in West Virginia. (Cmplt. ¶ 70.) The Complaint adequately alleges, and discovery is likely to reveal, that the Director Defendants were involved in material decisions relating to Carter Bank's largest client, including decisions to stonewall Plaintiffs' attempt to pay off the loans—an intentional decision by such directors—the effects of which were highly material in this jurisdiction.

As a final, non-exhaustive example of the facts in the record that sufficiently suggest the existence of personal jurisdiction and venue in this Court, two of the affidavits submitted in support of the Jurisdiction Motion to Dismiss, on their face, demonstrate the likely existence of personal jurisdiction over those Director Defendants and the need for further discovery on these issues. Despite the repeated insistence in the Jurisdiction Motion that none of the Director Defendants has had any contact with West Virginia in connection with the Plaintiffs (*see e.g.*, Jurisdiction Mot. to Dismiss at 3 ("In fact, none of the Director Defendants has had any contact with or taken any action in West Virginia in connection with the allegations Plaintiffs make in the Complaint as supporting their claims against Carter Bank."); at 7 ("Nor has any Director Defendant, whether as a representative of Carter Bank or otherwise, met with any of the Plaintiffs or their representatives in West Virginia to discuss any of the matters referenced in the Complaint."); and at 13 ("None of the Director Defendants reached out to or contacted the Plaintiffs in West Virginia to solicit a loan or any other financial transaction or business from any of the Plaintiffs.")), both Mr. Litz Van Dyke and Ms. Phyllis Q. Karvatakis affirm in their sworn statements to the Court that they attended

a meeting on April 4, 2017 with Plaintiffs in White Sulphur Springs, West Virginia. (Van Dyke Decl. ¶ 5, Karavatakis Decl. ¶ 5.) Taken together with the other allegations in the Complaint that Mr. Van Dyke and Ms. Karavatakis' intentionally and purposefully availed themselves of the privilege of conducting activities in West Virginia, these admissions on their face are likely sufficient to establish personal jurisdiction over at least these two Director Defendants. There can be no dispute that they suggest the possible existence of the requisite contacts and therefore justify further discovery by Plaintiffs into additional meetings or other contacts by Mr. Van Dyke, Ms. Karavatakis and the other Director Defendants in or directed at West Virginia.

It is beyond dispute that limited discovery into the jurisdictional and venue issues is likely to uncover evidence relevant to the Court's consideration of the Motions to Dismiss and meets the standard for such discovery applied by courts in this jurisdiction. In *Weirton Area Water Bd.* v. *3M Co.*, No. 5:20-cv-102, 2020 WL 8184649, at *3 (N.D.W. Va. Nov. 20, 2020), the Northern District of West Virginia authorized jurisdictional discovery based on plaintiffs' allegations in the complaint that certain Defendants "designed, developed, manufactured, marketed, and sold [products] throughout the United States, including in West Virginia." Compared to *Weirton Area Water Bd.*, the factual record here far more clearly suggests the possible existence of the requisite contacts sufficient to establish personal jurisdiction and proper venue: allegations in the Complaint demonstrate that Carter Bank and its directors fostered ongoing connections with West Virginia businesses and residents and benefited substantially from doing business in West Virginia—all of which were essential reasons supporting a finding of personal jurisdiction by the Supreme Court in the recent *Ford Motor Co.* case. Facts relevant to establish personal jurisdiction over the Director Defendants will also help demonstrate that venue is proper in this Court because the facts will show that a substantial part of the events or omissions giving rise to the claims in the

Complaint occurred in the Southern District of West Virginia. As a matter of law, and as Plaintiffs will further argue in their opposition to the Motions to Dismiss at the appropriate time, Carter Bank and its directors must therefore assume a reciprocal obligation that their activities in West Virginia conform with the law and be subject to the jurisdiction of West Virginia.

Jurisdictional discovery will benefit the Court by establishing a more complete record with respect to the issues raised by the Motions to Dismiss and allow the Court to make an informed decision on personal jurisdiction and venue. The Director Defendants acknowledge in the Jurisdiction Motion to Dismiss that "the Court must examine the contacts created by the out of state defendant in committing the alleged tort." (Jurisdiction Mot. to Dismiss at 15.) Limited discovery is not only appropriate but required for the Court to undertake that analysis on a fully informed basis. Any doubt as to personal jurisdiction and venue in this Court (or, at least, the potential for such personal jurisdiction and venue) is laid to rest by the Supreme Court's recent decision in the *Ford Motor Co.* case, where the Supreme Court held that a party who fosters ongoing connections with the forum state's businesses and residents and benefitted substantially from such connections, just as the Director Defendants have, are subject to personal jurisdiction in that forum. Plaintiffs have presented sufficient factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts to establish personal jurisdiction and venue, and are entitled to an opportunity to investigate the factual issues raised by the Motions to Dismiss to fully and fairly respond to those motions.

## II. THE COURT SHOULD AUTHORIZE PLAINTIFFS TO TAKE DEPOSITIONS OF EACH OF THE DIRECTOR DEFENDANTS

The Complaint names 14 Director Defendants. Under FRCP 30(a), to take more than ten depositions without a stipulation by all parties,[3] a "party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)(A)(i). Rule 26(b)(2) requires the court to consider whether: (1) taking the additional depositions would be "unreasonably cumulative or duplicative"; (2) the discovery is obtainable "from some other source that is more convenient, less burdensome, or less expensive"; (3) the party "has had ample opportunity to obtain the information by discovery in the action"; and (4) "the burden or expense of the proposed [depositions] outweighs [their] likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the [depositions] in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii). Each of the additional depositions that Plaintiffs propose to take easily passes muster under Rule 26(b)(2) and is not duplicative or cumulative. As case law makes it clear, "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder* v. *Jones*, 465 U.S. 783, 790 (1984) (citing *Rush* v. *Savchuk*, 444 U.S. 320, 332 (1980) ("The requirements of International Shoe . . . must be met as to each defendant over whom a state court exercises jurisdiction.")).

Each of the 14 existing Director Defendants is challenging personal jurisdiction in this Court. The personal jurisdiction determination is a fact-intensive one. At issue is the knowledge and actions of each of the Director Defendants—among other things, his or her role at Carter Bank;

---

[3] Prior to filing this Motion, on July 23, 2021, Plaintiffs requested Defendants' consent to the limited discovery requested in this Motion, including depositions of the Director Defendants, and requested a response from Defendants by July 26, 2021. On July 26, 2021, Defendants informed Plaintiffs that they do not consent to any of Plaintiffs' proposed limited discovery, necessitating the filing of this Motion.

whether he or she has sanctioned the wrongful acts of Carter Bank; whether he or she, as a director of Carter Bank, purposefully availed of the privilege of conducting activities in West Virginia; what he or she knew about the Justice family's business with Carter Bank; whether he or she knew about the Justice family's close connections with West Virginia. Plaintiffs would not otherwise have access to these critical facts were they not to be obtained through oral depositions. The need for oral depositions is especially heightened given the various inconsistencies between the Jurisdiction Motion to Dismiss and the supporting affidavits with respect to whether the Director Defendants have had meetings in West Virginia with the Plaintiffs relating to the financing relationship, as described above. Furthermore, given the positions that the Director Defendants hold at Carter Bank, the proposed depositions are also critical in determining the venue issue raised by Carter Bank's Venue Motion to Dismiss. Therefore, Plaintiffs request authority to take the depositions of each of the 14 Director Defendants, or such other number of depositions as the Court deems warranted under the circumstances.

### III. THE COURT SHOULD ENTER A SCHEDULING ORDER INCORPORATING THE DISCOVERY TIMELINE

If the Court grants Plaintiffs leave to conduct the requested limited discovery, Plaintiffs request that the Court enter a scheduling order setting out the relevant deadlines for discovery and briefing, including extending Plaintiffs' deadline to response to the Motions to Dismiss from the current deadline of August 13, 2021 to give Plaintiffs (and the Court) the benefit of such discovery in the response briefing. As set out in detail in the proposed order, Plaintiffs propose that document discovery be substantially completed by October 1, 2021, that depositions of the Director Defendants be completed by October 15, 2021, and that the deadline for Plaintiffs to file their opposition to the Motions be October 29, 2021. Plaintiffs submit that this proposed schedule is reasonable and necessary to allow sufficient time for the discovery process.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that this Court enter an order at the Court's earliest convenience, substantially in the form attached hereto as Exhibit A, (i) granting Plaintiffs leave to conduct limited discovery relating to the jurisdictional and venue issues raised by Defendants in the Motions to Dismiss and (ii) setting deadlines governing such limited discovery and Plaintiffs' opposition to the Motions.

Dated:  July 27, 2021
          Beckley, WV

Respectfully submitted,

/s/ Steven R. Ruby
Steven R. Ruby (WVSB 10752)
David R. Pogue (WVSB 10806)
Carey, Douglas, Kessler & Ruby, PLLC
707 Virginia Street, East 901 Chase Tower
Charleston, WV 25301
Telephone: (304) 345-1234
Facsimile: (304) 345-1234
Email:  sruby@cdkrlaw.com
         drpogue@cdkrlaw.com

Christopher Schroeck (WVSB 13686)
Bluestone Resources, Inc.
302 S. Jefferson St.
Roanoke, Virginia 24011
Telephone:  (540) 492-4080, x211
Cellular:     (540) 986-5354
Email:       Chris.schroeck@bluestone-coal.com

-and-

**SULLIVAN & CROMWELL LLP**
H. Rodgin Cohen (WVSB 767)
James L. Bromley (admitted *pro hac vice*)
Benjamin S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Email:      cohenhr@sullcrom.com
            bromleyj@sullcrom.com
            bellerb@sullcrom.com

*Counsel to Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BELLWOOD CORP., et al.

*Plaintiffs,*

v.                                               Civil Action No. 5:21-cv-00320
                                                  Honorable Frank W. Volk, Judge

CARTER BANK & TRUST, et al.

*Defendants.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 27th day of July, 2021, the foregoing "Plaintiffs' Expedited Motion for (I) Leave to Conduct Limited Jurisdictional and Venue Discovery and (II) Entry of a Scheduling Order" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                                                              /s/ Steven R. Ruby
                                                      Steven R. Ruby (WVSB No. 10752)