IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| BELLWOOD CORP., *et al.* | : | Civil Action No. 5:21-cv-00320 |
| | : | Honorable Frank W. Volk, Judge |
| *Plaintiffs*. | : | |
| v. | : | |
| CARTER BANK & TRUST, *et al.* | : | |
| *Defendants*. | : | |

**PLAINTIFFS' MOTION TO EXTEND RESPONSE DEADLINES
TO PERMIT RULING ON MOTION FOR LIMITED DISCOVERY**

On July 27, 2021, Plaintiffs moved for limited discovery on personal jurisdiction and venue in response to Defendants' pending motions to dismiss on those grounds.[1] By local rule, and absent expedited treatment, Defendants' response to the motion for limited discovery is due August 10, 2021.[2] Plaintiffs then will have seven days from the filing of Defendants' response to reply.[3] The motion for limited discovery therefore may not be fully briefed until August 17, 2021.

Plaintiffs, however, currently are due to respond by August 13, 2021 to Defendants'

---

[1] *See Plaintiffs' Expedited Motion for (I) Leave to Conduct Limited Jurisdictional and Venue Discovery and (II) Entry of a Scheduling Order* [Doc. 53].

[2] *See* Local R. Civ. P. 7.1(a)(7).

[3] *Id.*

motions to dismiss.[4] Those are the same motions on which Plaintiffs are seeking limited discovery. Plaintiffs cannot properly respond to the motions to dismiss without the discovery that Plaintiffs are seeking, or without at least knowing whether that discovery will be permitted. Plaintiffs therefore move to extend the deadline to respond to the motions to dismiss until 21 days after the Court rules on Plaintiffs' pending discovery motion.[5] The requested extension is necessary to allow sufficient time for Plaintiffs' motion for limited discovery to be fully briefed and resolved. Accordingly, good cause exists pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure to grant the requested extension.

Defendants, by email to Plaintiffs' counsel, have advised that they oppose the proposed extension and asserted that they are "endeavoring to respond to Plaintiffs' Motion for Discovery in sufficient time for consideration by the Court prior to the due date for Plaintiffs' responses" to the motions to dismiss. The flaw in that approach, however, is obvious: Even if Defendants responded to the motion for limited discovery tomorrow and Plaintiffs replied by the following Monday, it would allow only four days for the Court to rule *and* for Plaintiffs then to prepare responses to the motions to dismiss based on that ruling. There is no good cause to impose such an unreasonable burden on Plaintiffs and no rational reason for a fire drill at this stage of the case.

---

[4] *See Order* granting Defendants' Motion for Bifurcated Rule 12 Briefing and directing Plaintiffs to file their response within 30 days of Defendants' 12(b)(2) and (3) motion [Doc. 44].

[5] *Plaintiffs' Expedited Motion for (I) Leave to Conduct Limited Jurisdictional and Venue Discovery and (II) Entry of a Scheduling Order* seeks a response deadline of October 29, 2021, if limited discovery is granted. Plaintiffs maintain that request and propose that the October 29 deadline requested thereunder would supersede the deadline requested here if the Court grants the motion for limited discovery.

Defendants can hardly complain of delay. They sought and obtained the bifurcated Rule 12(b) briefing schedule, thereby substantially prolonging motion practice. Then they moved to dismiss for lack of personal jurisdiction and venue despite the presence of abundant contacts in this district, a decision they should have known would entitle Plaintiffs to jurisdictional and venue discovery. They cannot now deny Plaintiffs a fair opportunity to seek that discovery, receive the Court's ruling, and respond to the motions to dismiss accordingly. A plaintiff's choice of forum is accorded great weight,[6] and it should not be disturbed lightly or without due consideration.

A proposed order is submitted herewith.

Dated:  August 3, 2021
       Beckley, WV

Respectfully submitted,

/s/ Steven R. Ruby
Steven R. Ruby (WVSB 10752)
David R. Pogue (WVSB 10806)
Carey, Douglas, Kessler & Ruby, PLLC
707 Virginia Street, East 901 Chase Tower
Charleston, WV 25301
Telephone: (304) 345-1234
Facsimile: (304) 345-1234
Email:  sruby@cdkrlaw.com
       drpogue@cdkrlaw.com

Christopher Schroeck (WVSB 13686)
Bluestone Resources, Inc.
302 S. Jefferson St.
Roanoke, Virginia 24011
Telephone:  (540) 492-4080, x211
Cellular:   (540) 986-5354
Email:      Chris.schroeck@bluestone-coal.com

---

[6] *Smith v. JP Morgan Chase Bank, N.A.*, 727 F. Supp. 2d 476, 481 (S.D. W. Va. 2010) ("The plaintiff's choice of forum is accorded great weight."); see also *Ferrell v. Grange Ins.*, 354 F. Supp. 2d 675, 680 (S.D. W. Va. 2005) ("[A] district court generally accords the plaintiff's choice of forum considerable weight.").

-and-

**SULLIVAN & CROMWELL LLP**
H. Rodgin Cohen (WVSB 767)
James L. Bromley (admitted *pro hac vice*)
Benjamin S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:   (212) 558-3588
Email:        cohenhr@sullcrom.com
                  bromleyj@sullcrom.com
                  bellerb@sullcrom.com
*Counsel to Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BELLWOOD CORP., et al.

*Plaintiffs,*

v.  Civil Action No. 5:21-cv-00320
Honorable Frank W. Volk, Judge

CARTER BANK & TRUST, et al.

*Defendants.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of August, 2021, the foregoing "Plaintiffs' Motion to Extend Response Deadlines to Permit Ruling on Motion for Limited Discovery" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

　/s/ Steven R. Ruby　
Steven R. Ruby (WVSB No. 10752)