UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

| | |
|---|---|
| BELLWOOD CORP., *et al.*, | Civil Action No. 5:21-cv-00320 |
| *Plaintiffs.*[1] | Honorable Frank W. Volk, Judge |
| v. | |
| Carter Bank & Trust, *et al.*, | |
| *Defendants.* | |

### REPLY IN SUPPORT OF PLAINTIFFS' EXPEDITED MOTION FOR LEAVE TO CONDUCT LIMITED JURISDICTIONAL AND VENUE DISCOVERY AND ENTRY OF A SCHEDULING ORDER

Plaintiffs, by and through their undersigned counsel, hereby submit their reply (the "Reply") in support of their expedited motion for leave to conduct limited jurisdictional and venue discovery and entry of a scheduling order [Dkt. No. 53] (the "Discovery Motion") and in response to Defendants' opposition to the Discovery Motion [Dkt No. 56] (the "Opposition").[2] Plaintiffs filed the Discovery Motion in connection with Defendants' motions to dismiss the Complaint in this action [Dkt No. 1] pursuant to Federal Rules of Civil Procedure 12(b)(2) [Dkt No. 49] (the "Jurisdiction Motion to Dismiss) and 12(b)(3) [Dkt .No. 51] (the "Venue Motion to Dismiss," together with the Jurisdiction Motion to Dismiss, the "Motions to Dismiss") , with respect to which Plaintiffs will be opposing. For the reasons set forth in the Discovery Motion and herein, the Discovery Motion should be granted.

---

[1] Plaintiffs are Greenbrier Hotel Corp., Greenbrier Golf and Tennis Club Corp., Greenbrier Medical Institute, LLC, The Greenbrier Sporting Club Development Company Inc., The Greenbrier Sporting Club, Inc. (together, the "Greenbrier Entities"), Bellwood Corp., Justice Family Group, LLC, James C. Justice Companies, Inc., Justice Farms of North Carolina, LLC, Justice Low Seam Mining, Inc., Oakhurst Club, LLC, TAMS Management, Inc., Triple J Properties LLC (collectively, the "Justice Entities"), James C. Justice II ("Governor Justice"), James C. Justice III ("JCJ III") and Cathy L. Justice.
[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Discovery Motion.

## ARGUMENT

Defendants' opposition to the Discovery Motion boils down to a complaint that Plaintiffs are partaking in a "fishing expedition" and that the requested limited discovery will cause delay. Any expedition, however, is a function of Defendants' refusal to acknowledge the reasonable inferences in Plaintiffs' favor regarding jurisdiction and venue, as the Court must do when evaluating Defendants' motion to dismiss (as will be set forth in detail in Plaintiffs' opposition to the Motions to Dismiss). *Universal Leather, LLC* v. *Koro AR, S.A.*, 773 F.3d 553, 560 (4th Cir. 2014). Defendants' complaint about delay is disingenuous when considered in the context of the significant delay they themselves have caused in this action (y) by seeking a bifurcated Rule 12(b) briefing schedule (which has and will continue to substantially prolong motion practice) and (z) by disputing personal jurisdiction over the Director Defendants and venue over Carter Bank & Trust ("Carter Bank") in this case in the first place, despite the clear presence of abundant contacts in this district (a decision they should have known would entitle Plaintiffs to jurisdictional and venue discovery). As such, they cannot now complain of delay (a collateral consequence of any discovery and, in this case, would be minimized by Defendants' cooperation) as a basis to deny Plaintiffs a fair opportunity to seek that discovery in connection with Plaintiffs' opposition to the Motions to Dismiss. Defendants certainly must not be allowed to cry "delay" on one hand and create "delay" on the other.

Defendants' conclusory argument that no discovery could possibly be necessary with respect to the Venue Motion to Dismiss in particular is without merit. In so arguing, Defendants simply assume that their success on the Venue Motion to Dismiss is a foregone conclusion. At the same time, Defendants ignore completely that the Court must "weigh in the balance a number of ***case-specific*** factors" in deciding whether to transfer venue (which is a relief that Carter Bank

itself put at issue). *Stewart Org., Inc.* v. *Ricoh Corp.*, 487 U.S. 22, 29 (1988) (emphasis added). Carter Bank's Venue Motion to Dismiss has raised numerous questions of fact with respect to case-specific factors, including the fundamental question of the interests of justice, which, in part, overlap with the questions of fact with respect to the question of personal jurisdiction over the Director Defendants. Discovery is entirely appropriate on the venue issues as well as the jurisdictional issues (which Defendants hardly can or do dispute).

Defendants point to forum-section clauses as the be-all and end-all of their venue analysis; *however*, as will be set forth in further detail in Plaintiffs' opposition to the Motions to Dismiss, the Court's analysis of venue of this action may *begin* with the forum-selection clauses but by no means does it *end there*. Although venue may lie in Virginia federal court, venue also lies in this Court because a substantial part of the events giving rise to Plaintiffs' action occurred in the Southern District of West Virginia, including, without limitation, the commission by Carter Bank, as aided and abetted by the Director Defendants, of violations of federal banking laws and tortious acts in connection with the banking relationship with Plaintiffs as alleged in the Complaint.[3] Permitting discovery as requested by Plaintiffs will likely uncover more facts supporting venue in this forum and in turn buttress this Court's venue analysis. Ultimately, the question for the Court is whether it should keep this action in this forum. As Plaintiffs will argue in their opposition to the Motions to Dismiss, Plaintiffs' statutory claim against Defendants are not subject to the forum-selection clauses and Plaintiffs are not required to bring such claim in the contractually-selected forum (*i.e.*, Virginia) so long as it is brought in another appropriate forum, such as this Court.

---

[3] Plaintiffs note that the Venue Motion to Dismiss does not contain the word "substantial" despite the importance of that term to the venue test under 28 U.S.C. § 1391 and in fact only refers to 28 U.S.C. § 1391 twice (at 16)—in both cases, in connection with Carter Bank's argument that Virginia is a proper venue for this action. Although Plaintiffs could have brought this action in Virginia federal court, the fact that Virginia is also a proper venue does nothing to change that West Virginia is a proper venue under 28 U.S.C. § 1391, and Carter Bank's argument for venue transfer that Virginia is a more appropriate venue is unavailing for the reasons that will be set forth in Plaintiffs' opposition to the Motions to Dismiss.

Plaintiffs' choice of forum for such claim is entitled to deference. Requiring Plaintiffs to litigate the contractual claims in Virginia would result in parallel litigation with substantially similar facts, substantially similar claims and substantially similar issues and thus contravene principles of judicial economy.

Defendants ride their presumption to an even more extreme result by suggesting that the Discovery Motion should be denied in its entirety because, if the Court determines to transfer this action to Virginia federal court, then the jurisdictional issues raised by the Jurisdiction Motion to Dismiss are in any event mooted, and therefore no discovery is warranted on the jurisdictional issues either. Defendants' argument amounts to a request for further bifurcation of the Rule 12(b) issues in this case, this time bifurcating the Rule 12(b)(2) issues from the Rule 12(b)(3) issues. But Defendants have not moved for such bifurcation—Defendants chose to pursue both motions on the same schedule despite moving to bifurcate certain Rule 12(b) issues. Defendants' improper attempt to bifurcate the Court's consideration of the venue and personal jurisdiction issues at this stage is improper and does not form a basis to deny Plaintiffs' requested limited discovery.

What is more, Defendant's Opposition itself demonstrates that there are factual disputes with respect to the jurisdictional issues raised by their own Motions to Dismiss. Defendants erroneously argue, without authority, that "doing nothing outside West Virginia cannot support the exercise of personal jurisdiction over the Director Defendants in West Virginia" and therefore Plaintiffs have no need for discovery into those matters. First, that argument once again presupposes the facts underlying the question—what the Director Defendants did (or did not do) in response to communications from Plaintiffs in connection with the outstanding loans—into which fact Plaintiffs are entitled to discovery. Second, it patently ignores that omissions *can constitute* a basis for jurisdiction, by the very words of the West Virginia long-arm statute itself

Case 5:21-cv-00320 Document 57 Filed 08/12/21 Page 5 of 9 PageID #: 1745

which provides, *inter alia*, that the exercise of personal jurisdiction can be based on a defendant causing tortious injury in West Virginia by an act or **omission** outside of West Virginia.[4]  As a result, the fact that the Carter Bank Board of Directors decided not to respond to communications from Plaintiffs is far from "immaterial" to the question of personal jurisdiction in West Virginia, despite what Defendants summarily (yet inaccurately) assert.

In addition, Defendants' attempt to escape from Defendant Mr. Litz Van Dyke's and Defendant Ms. Phyllis Q. Karavatakis' *own admissions* of contact with West Virginia should be rejected to the extent it is an issue for today.  Defendants distort the test for personal jurisdiction by arguing that because the meeting occurred before the time that Plaintiffs have alleged the misconduct began (merely three months), such contact with the forum cannot be a basis for jurisdiction in West Virginia.[5]  Defendants cite no authority for that proposition, much less their tortured effort to reconcile the admissions of Mr. Van Dyke and Ms. Karavatakis with their emphatic assertions throughout the Jurisdiction Motion to Dismiss that no director *ever* made *any* contact with Plaintiffs in West Virginia.  Defendants' contention is in fact contravened by the U.S. Supreme Court's decision in *Ford Motor Co.* v. *Mont. Eighth Judicial Dist.* Court, 141 S. Ct. 1017 (2021) that plaintiffs do not have to establish a causal connection between defendants' contacts with the forum state and the plaintiffs' claim for purposes of establishing personal jurisdiction: just as no causal connection is required between a defendant's contacts with a forum state and the claims, neither is or should a temporal connection be required.  As such, Defendants' emphasis on the timing of the directors' contacts with West Virginia is without merit and highlights the need for the requested limited discovery.

---

[4] *See* W. Va. Code § 56-3-33.
[5] Although the Complaint alleges misconduct beginning no later than Fall 2017, merit discovery might reveal that misconduct began earlier, including in May 2017.

4848-9442-4565 v.4

In essence, Defendants' Opposition to the requested limited discovery—discovery (including depositions of each Director Defendant, each of whom chose to submit a declaration in support of the Jurisdiction Motion to Dismiss) that Defendants should have anticipated would be required based on the factual questions they themselves put at issue in their Motions to Dismiss—rests on their view that their Motions to Dismiss have sufficient merit to be granted. They are entitled to that view, but that does not form a basis to deny Plaintiffs reasonable and limited discovery to investigate factual issues arising from Defendants' attempts to avoid confronting the assertions in the Complaint, which, when drawing all reasonable inferences in Plaintiffs' favor, establish a *prima facie* case for venue and personal jurisdiction over all the Defendants in this Court.

As set forth in the Discovery Motion, courts in this jurisdiction have broad discretion to grant jurisdictional discovery. *Estate of Alford* v. *Fuji Heavy Indus., Ltd.*, No. 3:15-cv-16449, 2016 WL 756489, at *1 (S.D.W. Va. Feb. 25, 2016) ("A federal district court uncertain about its personal jurisdiction over a defendant may, in its discretion, grant discovery for the limited purpose of determining whether exercising personal jurisdiction is proper."). A plaintiff, like Plaintiffs here, seeking such discovery does not have a heavy burden and need only present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . ." *Farrar* v. *Cessna Aircraft Co.*, No. 2:18-cv-00461, 2018 WL 5891751, at *2 (S.D.W. Va. Nov. 9, 2018) (quoting *Toys "R" Us, Inc.* v. *Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). As outlined in detail in Plaintiffs' Discovery Motion, Plaintiffs have clearly met this burden. Plaintiffs have alleged facts through the Complaint that suggest with reasonable particularity the possible existence of the requisite contacts by the Director Defendants sufficient to warrant the requested limited discovery into the jurisdictional and venue issues, including that the Director Defendants

had direct personal involvement in such conduct purposefully directed into the forum state. Jurisdictional and venue discovery will benefit the Court and the parties by establishing a more complete record with respect to the issues raised by the Motions to Dismiss and allow the Court to make a more informed decision on such motions. Plaintiffs should be granted the opportunity to investigate the factual issues raised by the Motions to Dismiss and to fully and fairly respond to those motions.[6]

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court enter an order at the Court's earliest convenience, substantially in the form attached to the Discovery Motion as Exhibit A, (i) granting Plaintiffs leave to conduct limited discovery relating to the jurisdictional and venue issues raised by Defendants in the Motions to Dismiss and (ii) setting deadlines governing such limited discovery and Plaintiffs' supplemental opposition to the Motions to Dismiss.

---

[6] As Plaintiffs indicated in the Discovery Motion (at fn. 1), Plaintiffs are willing to agree to take appropriate measures to reduce delay and burden resulting from the requested discovery, including conducting depositions virtually and limiting their duration.

4848-9442-4565 v.4

Dated: August 12, 2021
       Beckley, WV

Respectfully submitted,

*/s/* Steven R. Ruby
Steven R. Ruby (WVSB 10752)
David R. Pogue (WVSB 10806)
Carey, Douglas, Kessler & Ruby, PLLC
707 Virginia Street, East 901 Chase Tower
Charleston, WV 25301
Telephone: (304) 345-1234
Facsimile: (304) 345-1234
Email: sruby@cdkrlaw.com
       drpogue@cdkrlaw.com

Christopher Schroeck (WVSB 13686)
Bluestone Resources, Inc.
302 S. Jefferson St.
Roanoke, Virginia 24011
Telephone:  (540) 492-4080, x211
Cellular:     (540) 986-5354
Email:       Chris.schroeck@bluestone-coal.com

-and-

**SULLIVAN & CROMWELL LLP**
H. Rodgin Cohen (WVSB 767)
James L. Bromley (admitted *pro hac vice*)
Benjamin S. Beller (admitted *pro hac vice*)
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Email:      cohenhr@sullcrom.com
       bromleyj@sullcrom.com
       bellerb@sullcrom.com
*Counsel to Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BELLWOOD CORP., et al.

*Plaintiffs,*

v.                                          Civil Action No. 5:21-cv-00320
                                                Honorable Frank W. Volk, Judge

CARTER BANK & TRUST, et al.

*Defendants.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of August, 2021, the foregoing "Reply in Support of Plaintiffs' Expedited Motion for Leave to Conduct Limited Jurisdictional and Venue Discovery and Entry of a Scheduling Order" was served using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                                                       /s/ Steven R. Ruby
                                                       Steven R. Ruby (WVSB No. 10752)