**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

| | |
|---|---|
| **BELLWOOD CORPORATION**, *et al.*,<br><br>                **Plaintiffs**,<br><br>        **v.**<br><br>**CARTER BANK & TRUST**, *et al.*,<br><br>                **Defendants**. | **Civil Action No.  5:21cv320** |

**CARTER BANK'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER**
**VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO**
**THE WESTERN DISTRICT OF VIRGINIA**

Plaintiffs have not met their high burden to establish proper venue in the face of a forum selection clause agreed to by Plaintiffs in ninety loan-related agreements ("Agreements") going back more than four years.[1]  As the Supreme Court made clear less than a decade ago—and before any of the Agreements at issue were negotiated between sophisticated parties represented by high-level legal counsel: "forum-selection clauses should control except in unusual cases." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013).  Plaintiffs rely on old, superseded case law.  Plaintiffs have failed to show this is an unusual case because it is not.  Dismissal or transfer of this case is warranted.

I.      **Plaintiffs have not met their burden to establish proper venue because the forum selection clauses are valid.**

Plaintiffs have the burden to establish proper venue.  *White v. Diamond Warranty Corp.*, No. 2:12-cv-01771, 2012 U.S. Dist. LEXIS 123534, at *4 (S.D. W. Va. Aug. 30, 2012).  Here, in

---

[1] Plaintiffs signed seventy-five Loan Documents, twelve Release and Reaffirmation Agreements, and three Forbearance Agreements, all ninety of which included a forum selection clause requiring disputes to be filed in state or federal court in Virginia.  *See* Mot. at 3, 9, 11.

opposing the application of a forum selection clause, Plaintiffs have failed to carry their particularly "heavy burden of proving unreasonableness." *Sheldon v. Hart*, No. 5:09CV51, 2010 U.S. Dist. LEXIS 1602, at *13 (N.D. W. Va. Jan. 8, 2010); *see also Keith Nicholson Servs., LLC v. Am. Petroleum Partners Operating, LLC*, No. 5:19-CV-205, 2019 U.S. Dist. LEXIS 160814, at *7 (N.D. W. Va. Sept. 20, 2019) (noting forum selection clauses are "presumptively valid and enforceable"). Plaintiffs admit—as they must—that the Western District of Virginia is a proper venue. Plaintiffs fail to show—as they must—that the many forum selection clauses to which they agreed time and again are unreasonable or invalid. As a result, this case should be dismissed or transferred to the Western District of Virginia.

      **A.**     **Plaintiffs admit the Western District of Virginia is a proper venue.**

At the outset, Plaintiffs cannot show that applying the forum selection clauses would be "unreasonable" because they concede that the Western District of Virginia is a proper venue. Opp. at 3 n.5 (conceding "Plaintiffs could have brought this action in Virginia federal court" and "Virginia is also a proper venue"). In light of this concession, Plaintiffs' arguments for remaining in this Court amount to manufactured distractions.

      **B.**     **Plaintiffs' economic duress arguments cannot invalidate the forum selection clauses.**

Plaintiffs' arguments for overriding their express agreement to venue in the Western District of Virginia turn primarily on Plaintiffs' contract invalidity theory—that the numerous forum selection clauses executed over a three plus year time period do not apply because they appear in "invalid" Agreements executed under "duress." *See* Opp. at 2–3. Plaintiffs' Complaint alleges Carter Bank "put Plaintiffs between a rock and a hard place" and "Plaintiffs had no choice but to acquiesce to the oppressive demands" and "execute every security pledge, forbearance agreement, guarantee, and release that Carter Bank demanded from them" Compl. ¶ 56; *see also*

*id.* ¶ 58 ("Carter Bank would wait until a note that was converted under duress from a 20-year term to a three month to six month term was coming due"); *id.* ¶ 92 ("Carter Bank pressured Plaintiffs into signing under duress").  Even accepting these unsupported, conclusory allegations as true for purposes of this motion, however, they are insufficient to prevent the application of the forum selection clauses here for three reasons.

### 1.  Economic duress is not a contract defense in Virginia when the parties are fully informed.

*First*, economic duress cannot invalidate the forum selection clauses—or any term of the ninety Agreements—because economic duress is not a contract defense under Virginia law when the contracting parties are fully informed.  *Freedlander, Inc., The Mortg. People v. NCNB Nat'l Bank of N.C.*, 706 F. Supp. 1211, 1212 (E.D. Va. 1988) ("Economic duress is 'not readily accepted as an excuse' to bar the enforcement of a contract under Virginia law.") (quoting *Seward v. Am. Hardware*, 161 Va. 610, 171 S.E. 650, 662 (1933)), *aff'd sub nom. Freedlander v. NCNB Nat'l Bank of N.C.*, 921 F.2d 272 (4th Cir. 1990).  Plaintiffs' contract invalidity arguments depend entirely on the theory of economic duress, not physical duress or improper threats.  *See* Compl. ¶¶ 56, 58, 92.  In Virginia, however, even "[a] contract reluctantly entered into by one badly in need of money without force or intimidation and with full knowledge of the facts is not a contract executed under duress."  *Id.* at 1216.[2]  Plaintiffs do not allege that Carter Bank committed an unlawful act or that Plaintiffs were less than fully informed. Virginia law will not allow the application of the economic duress theory here.  *Cary v. Harris*, 120 Va. 252, 259, 91 S.E. 166 (1917) ("[A] contract of compromise, entered into with full knowledge of all the facts, cannot be

---

[2] The Plaintiffs do not dispute that the various Agreements contain Virginia choice-of-law provisions.  Virginia law applies.  *See also* Dkt. No. 50 n.8.  In any event, West Virginia law reaches the same result. See, e.g., *Berardi v. Meadowbrook Mall Co.*, 572 S.E.2d 900, 906–08 (W. Va. 2002) (rejecting an economic-duress defense from a sophisticated party advised by counsel, notwithstanding its dire financial condition, citing both Seward and Freedlander).

set aside on the ground of duress when the other party has not been guilty of any unlawful act."). Plaintiffs' invalidity arguments cannot bar application of the forum selection clause.[3]

### 2. Plaintiffs have not demonstrated each forum selection clause is a product of duress.

*Second*, even if Plaintiffs' economic duress argument applies (which it does not), Plaintiffs have not carried their burden to show that *each of the ninety forum selection clauses* was the product of economic duress. Under Virginia law, "the party arguing that the clause should not be enforced for fraud or overreaching must specifically allege that the fraud relates to the forum selection clause, not to the contract as a whole." *Sheldon*, 2010 U.S. Dist. LEXIS 1602, at *13–14; *see also Manchin v. QS-1 Data Sys.*, No. 1:12CV93, 2013 U.S. Dist. LEXIS 114155, at *7 (N.D. W. Va. Aug. 12, 2013). Instead of presenting facts that suggest the forum selection clauses were procured unreasonably, Plaintiffs cite to the Complaint's general duress allegations. *See* Opp. at 7 (quoting generalized duress allegations applicable to all of the Agreements). Nowhere do they assert that the forum selection clauses themselves were the product of any alleged duress or are subject to any Virginia-recognized contract defense.

---

[3] Plaintiffs cite to *Dove Air, Inc. v. Bennett*, 226 F. Supp. 2d 771 (W.D.N.C. 2002), where a 65-year-old man in financial trouble signed a heavily lopsided joint venture agreement, and characterize it as a case "applying Fourth Circuit law." Opp. at 6. That characterization is misleading at best. *Dove* applied North Carolina law to the forum selection clause in the joint venture agreement, 226 F. Supp. 2d at 775, an application central to the analysis because a North Carolina statute prohibits a forum selection clause "in a contract entered into in North Carolina that requires the prosecution of any action or the arbitration of any dispute that arises from the contract to be instituted or heard in another state." N.C. Gen. Stat. § 22B-3. North Carolina deems such forum selection clauses to be unenforceable as against public policy. Virginia does not have a comparable statute. Virginia courts favor the enforcement of forum selection clauses. *RMBS Recovery Holdings, I, LLC*, 297 Va. 327, 341, 827 S.E.2d 762 (2019) ("Contractual provisions limiting the place or court where potential actions between the parties may be brought are prima facie valid and should be enforced, unless the party challenging enforcement establishes that such provisions are unfair or unreasonable, or are affected by fraud or unequal bargaining power." (internal quotation marks omitted)). *Dove* is simply inapposite. It is misleading for Plaintiffs to claim that it "appl[ies] Fourth Circuit law."

In addition, Plaintiffs are highly sophisticated individuals and business entities who had sophisticated and very experienced legal representation (including in-house and outside legal counsel)[4] during the negotiation and execution of each of the many different Agreements over a period of at least four years.  *See* Compl. ¶ 1; Dkt. No. 49-1 (Van Dyke Decl.) ¶¶ 15, 29.  Plaintiffs cannot point to a single document or communication prior to this lawsuit in which they objected to these many forum selection clauses or claimed they were procured by duress.  Plaintiffs have not—and cannot—genuinely argue that they signed the ninety Agreements and consented to the forum selection clauses under true duress or without knowing or understanding the terms.

### 3.  Plaintiffs agreed to litigate in Virginia before any of Carter Bank's alleged wrongdoing.

*Third*, Plaintiffs cannot avoid transfer to a Virginia court because they have failed to show that the forum selection clauses are otherwise unreasonable.  Indeed, Plaintiffs *agreed to the same clause*s in agreements predating Carter Bank's alleged "campaign of oppression."  *See* Opp. at 7. Plaintiffs were not under "duress" when they agreed once in January 2017 and twice in May 2017 to litigate all loan-related disputes in Virginia courts.  *See* Van Dyke Decl., Exs. 1.A, 1.B, 1.N. Lacking any good explanation to support their argument that those forum selection clauses should be unenforceable, Plaintiffs simply argue that those forum selection clauses involve "no longer operative agreements."  *See* Opp. at 7-8.  That is not only factually inaccurate—for example, one of the agreements that Plaintiffs suggest was "replaced" (*see* Decl. of Jay Justice at ¶ 2) was actually renewed and restructured—it is also irrelevant.  Those prior agreements demonstrate that a Virginia forum selection clause was a standard part of the parties' loan agreements, mutually convenient and agreed upon.  Plaintiffs cannot show that the parties' continued and repeated use

---

[4] Tellingly, Plaintiffs do not deny that they are highly experienced businessmen and were represented at all relevant times by very sophisticated counsel.

of substantially the same forum selection clauses in post-May 2017 loan agreements was in any way indicative of duress or fraud.

Furthermore, Plaintiffs cannot argue that the clause somehow unfairly advantaged Carter Bank when five of the thirteen Justice Entities are headquartered in the Western District of Virginia, Compl. ¶¶ 25–27, 29–30, and several Justice Entity principals live in the Western District of Virginia, including Plaintiff Jay Justice, *id.* ¶ 31.   The Virginia forum selection clause was mutually convenient for the parties and in no way put any of the Justice Entities at some unfair disadvantage.   Even now, Plaintiffs fail to identify any way in which they could be prejudiced by having to proceed in the Western District of Virginia. At the end of the day, Plaintiffs' belated objection to the long agreed to forum selection clause cannot upset the directive that even "general claims of fraud [be] litigated in the *chosen* forum, in accordance with the contractual expectations of the parties." *Manchin*, 2013 U.S. Dist. LEXIS 114155, at *7 (emphasis added).

In short, the parties' pre-suit conduct reveals unequivocally that Plaintiffs agreed to litigate in Virginia.   The parties' contractual expectations should be enforced.

## II.   Venue would be proper in the Western District of Virginia, including because the forum selection clauses are broad.

As Carter Bank explained in its opening brief, the Western District of Virginia is the appropriate forum for this matter under 28 U.S.C. § 1391(b).  *See* Mot. at 4, 12.[5]  Notwithstanding

---

[5]    To be clear, Carter Bank moves to dismiss Plaintiffs' Complaint under Rule 12(b)(3) because venue is improper in this district and proper in the Western District of Virginia.   The "substantial part of the events or omissions giving rise to the claim[s] occurred" not in West Virginia, but in the Western District of Virginia, where: (1) Carter Bank is located, Compl. ¶ 32; (2) five of the thirteen Justice Entities are headquartered, *id.* ¶¶ 25–27, 29–30; (3) several Justice Entity principals live, including Plaintiff Jay Justice and his wife, *id.* ¶ 31; (4) all of the Agreements were drafted, Van Dyke Decl. ¶ 36; and (5) a key meeting between the parties took place in 2017, Compl. ¶ 51; Van Dyke Decl. ¶ 13; and Virginia law applies to the claims, Dkt. No. 50 at 9.  *See* 28 U.S.C. § 1391(b)(2).

Carter Bank alternatively moves to transfer under 28 U.S.C. § 1406(a) and § 1404(a) because the relevant factors favor the Western District of Virginia and a forum selection clause

Plaintiffs' red herring arguments, the Western District of Virginia is also the appropriate forum because the very broad forum selection clauses apply to each one of Plaintiffs' claims.

Plaintiffs argue that their Bank Holding Company Act ("BHCA") claim (Count I) does not fall under the forum selection clauses, Opp. at 9. The plain language of the forum selection clauses provides otherwise. The November 22, 2017 Forbearance Agreement, for example, contains broad, mandatory language requiring that "*any* legal action or proceeding *arising out of or relating to* this Agreement *or any of the Loans or Loan Documents* shall be instituted exclusively in either the Circuit Court of the City of Martinsville, Virginia or the United States District Court for the Western District of Virginia." Van Dyke Decl., Ex. 1.C (emphases added).[6] The other Agreements at issue have similar clauses, meaning that the Agreements underpin every claim in this case. Factually speaking, this conclusion is obvious: if Plaintiffs and Carter Bank had not entered into the Agreements, and Carter Bank had not exercised its rights under them, Plaintiffs would not have filed suit under the BHCA or any other law. The BHCA claim arises out of Carter Bank's alleged nonperformance and Plaintiffs' alleged attempt to perform under the Agreements. *See, e.g.*, Compl. ¶ 77 ("Defendants' refusal to engage in discussions with Plaintiffs with respect to the

---

applies. While the Fourth Circuit has indicated in an unpublished case that § 1404(a), rather than Rule 12(b)(3), is the best mechanism for enforcing a forum selection clause, *Devil's Advocate, LLC v. Grynberg Petroleum Co.*, 588 F. App'x 264, 264 (4th Cir. 2014) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 579–80 (2013)), Carter Bank has sufficiently demonstrated that transfer under § 1404(a) is warranted here.

[6]     The 2017 pre- "duress" agreements that Plaintiffs signed contain similarly broad forum selection language. *See* Van Dyke Decl., Ex. 1.A (January 12, 2017 Loan Agreement) ("[A]ny legal action or proceeding arising out of or relating to this Agreement or any of the Loan Documents shall be instituted in the Circuit Court of the City of Martinsville, Virginia."); Van Dyke Decl., Ex. 1.B (May 22, 2017 Promissory Note) ("In the event of a dispute, the exclusive forum, venue and place of jurisdiction will be in Virginia, unless otherwise required by law."); *id.* (May 22, 2017 Loan Agreement) ("[A]ny legal action or proceeding arising out of or relating to this Agreement or any of the Loan Documents shall be instituted in the Circuit Court of the City of Martinsville, Virginia.").

repayment of the Greenbrier Entities' obligations to Carter Bank in the lead-up to the June 1, 2021 repayment date for certain of those obligations violates the exclusivity prohibitions [of the BHCA].").  This litigation—including Plaintiffs' BHCA claim—concerns the formation and performance of the Agreements.  The forum selection clauses apply to all of Plaintiffs' claims.  *See Brown v. Partipilo*, No. 1:10CV110, 2010 U.S. Dist. LEXIS 108106, at *11 (N.D. W. Va. Oct. 8, 2010) ("[A]lthough the plaintiffs assert claims in tort and contract, all of their causes of action arise from the formation and performance of the agreement.  Accordingly, there can be no colorable debate that the mandatory forum selection clause applies to the entirety of the complaint.").

**III.    The § 1404(a) transfer factors weigh in favor of transfer to the Western District of Virginia.**

In addition to the presence of the mandatory forum selection clauses, the Western District of Virginia is the appropriate forum because the § 1404(a) transfer factors also heavily favor transfer.  Notably, Plaintiffs do not dispute that the Western District of Virginia would be a proper venue for all of their claims, including the BHCA claim based on federal law.  *See* Opp. at 3 n.5, 8 (noting the BHCA claim is "a statutory claim under federal law").  Transfer is appropriate for four additional reasons.

*First*, in stark contrast to Plaintiffs' argument based on cases without forum selection clauses or cases overruled by *Atlantic Marine*, Plaintiffs' choice of forum deserves *no* weight here, where a forum selection clause embodying the parties' contractual expectation requires Plaintiffs to litigate elsewhere.  *Keith Nicholson*, 2019 U.S. Dist. LEXIS 160814, at *6 ("When a motion to transfer venue is based on a forum-selection clause, . . . 'the plaintiff's choice of forum merits no weight' . . . ." (quoting *Atl. Marine*, 571 U.S. at 64)); *see Manchin*, 2013 U.S. Dist. LEXIS 114155,

8

at *7.[7]  Plaintiff's choice also deserves no weight because the bulk of the alleged events occurred in Virginia, including the drafting of the Agreements, the supposed pivotal meeting concerning lending to numerous Virginia-based entities, and Carter Bank's exercise of its rights under the Agreements.  *See Van Dyke Decl.* ¶¶ 4, 13, 36; Compl. ¶ 51.  These undisputed facts cast doubt on "the significance of the contacts between the venue chosen by the plaintiff[s] and the underlying cause[s] of action," and weigh against retaining this action in this forum.  *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 995 (E.D. Va. 2011).

*Second*, the convenience of the witnesses factor favors transfer.  In addition to Carter Bank's and the Justice Entities' extensive contacts with Virginia, the Director Defendants would face great inconvenience if they were subject to individual discovery in this Court instead of in the Western District of Virginia.[8]  Ten of the fourteen Director Defendants live in the Western District of Virginia, and none live in West Virginia.  *See* Dkt. No. 52 at 4 (citing exhibits to Director Defendants' Motion to Dismiss the Complaint pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction).  Consequently, every Director Defendant would be inconvenienced by litigation in this forum, whereas transferring this case will not surprise or injure any of the West Virginia-based Plaintiffs given the presence of the forum selection clauses and the proximity of the Western District of Virginia to this forum.  *See* Mot. at 13 & n.9.

---

[7] Plaintiffs' citations to *Smith v. JP Morgan Chase Bank, N.A.*, 727 F. Supp. 2d 476 (S.D. W. Va. 2010), and *Ferrell v. Grange Ins.*, 354 F. Supp. 2d 675 (S.D. W. Va. 2005), are wholly inapplicable.  Those cases did not involve forum selection clauses.  *See* Opp. at 10 & n.13.  In any event, after *Atlantic Marine*, courts give "controlling weight" to forum selection clauses and "no weight" to a plaintiff's choice of forum.  *Atl. Marine*, 571 U.S. at 60, 63.

[8] The Director Defendants did not initially join Carter Bank's venue motion because they are not parties to the Agreements or forum selection clauses.  To the extent necessary, and without waiving their motion to dismiss for lack of personal jurisdiction, the Director Defendants join Carter Bank's Motion and support transfer based on lack of convenience under 28 U.S.C. § 1404(a).

*Third*, contrary to Plaintiffs' assertion, the Western District of Virginia has far more than "a passing interest in the outcome of this dispute." Opp. at 12. Once again, Plaintiffs' own arguments are their downfall. They highlight that the Justice Entities hold a substantial amount of Carter Bank's collateral supporting hundreds of millions of dollars in loans, *see* Opp. at 2 n.3, 15, but ignore that if Carter Bank's assets were exposed in this litigation, any adverse outcome would deeply affect *Virginia's* economy, which includes Carter Bank's headquarters, sixty-nine Carter Bank branches, and hundreds of employees. Plainly, Virginia has a very substantial interest in this litigation—one that may well exceed West Virginia's.

*Fourth* and finally, the interests of justice favor litigating this case in the Western District of Virginia, not the least of which is the interest in upholding the forum selection clauses in the parties' *ninety* Agreements. Indeed, following the U.S. Supreme Court's lead in *Atlantic Marine*, the Northern District of this Court recognized that upholding parties' contractual expectations is absolutely paramount in venue disputes:

> "When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain."

*Keith Nicholson*, 2019 U.S. Dist. 160814, at *7 (quoting *Atl. Marine*, 571 U.S. at 66). This point cannot be overstated: disrupting Carter Bank's (and Plaintiffs') express expectations, agreed to in ninety separate agreements—each negotiated at arm's length by sophisticated parties represented by highly competent legal counsel—simply because Plaintiffs "want" to litigate in West Virginia would render *in*justice to Carter Bank, the individual Defendants and the Commonwealth of Virginia. This Court should hold Plaintiffs to their multiple, consistent forum selection "bargains" and transfer this case to the Western District of Virginia.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court grant their Motion and either (a) dismiss the Complaint filed by Plaintiffs for improper venue or (b) transfer this case to the United States District Court for the Western District of Virginia, the forum selected manifold times by the parties.

Dated: August 18, 2021                                   Respectfully submitted,

                                                   /s/ Carrie Goodwin Fenwick
                                                  R. Booth Goodwin II (WVSB #7165)
                                                  Carrie Goodwin Fenwick (WVSB #7164)
                                                  Goodwin & Goodwin, LLP
                                                  300 Summers Street, Suite 500
                                                  Charleston, West Virginia 25301
                                                  Telephone: (304) 346-9700
                                                  Facsimile: (304) 344-9692
                                                  E-mail: rbg@goodwingoodwin.com
                                                  E-mail: cgf@goodwingoodwinc.com

                                                  John C. Lynch (WVSB # 6627)
                                                  Megan E. Burns (WVSB #13290)
                                                  Troutman Pepper Hamilton Sanders LLP
                                                  222 Central Park Avenue, Suite 2000
                                                  Virginia Beach, Virginia 23462
                                                  Telephone: (757) 687-7564
                                                  Facsimile: (757) 687-1524
                                                  E-mail: john.lynch@troutman.com
                                                  Email: megan.burns@troutman.com

                                                  *Counsel for Defendant Carter Bank & Trust*
                                                  *and the Director Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

**BELLWOOD CORPORATION**, *et al.*,

        **Plaintiffs,**

**v.**

**CARTER BANK & TRUST**, *et al.*,

        **Defendants.**

**Civil Action No.  5:21cv320**

## CERTIFICATE OF SERVICE

I, Carrie Goodwin Fenwick, hereby certify that I served a true and correct copy of the foregoing **Carter Bank's Reply in Support of Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue to the Western District of Virginia** upon the following counsel of record on August 18, 2021, via the Court's CM/ECF system.

<table>
<tr>
<td>

Steven R. Ruby
David R. Pogue
Carey, Douglas, Kessler, & Ruby, PLLC
707 Virginia Street, East
901 Chase Tower
Charleston, WV 25301
sruby@cdkrlaw.com
dpogue@cdkrlaw.com
*Counsel for Plaintiffs*

</td>
<td>

H. Rodgin Cohen
James L. Bromley
Benjamin S. Beller
Sullivan & Cromwell, LLP
125 Broad Street
New York, NY 10004
cohenhr@sullcrom.com
bromleyj@sullcrom.com
bellerb@sullcrom.com
*Counsel for Plaintiffs*

</td>
</tr>
</table>

Christopher Schroeck
Bluestone Resources, Inc.
302 S. Jefferson Street
Roanoke, VA 24011
chris.schroek@bluestone-coal.com
*Counsel for Plaintiffs*

/s/ Carrie Goodwin Fenwick
Carrie Goodwin Fenwick (W. Va. Bar No. 7164)

*Counsel for Defendant Carter Bank & Trust*
*and the Director Defendants*